# IN THE UNITED STATES DISTRICT COURT
# FOR MIDDLE DISTRICT OF LOUISIANA

TONY JOHNSON

           CIVIL ACTION No. _____

v.

Tyler Holliday, former Corrections
Officer, Louisiana State Penitentiary;      JUDGE:
Assistant Warden Joseph LeMartiniere
and the Louisiana Department of Corrections    MAGISTRATE:

## COMPLAINT

### PRELIMINARY STATEMENT

1.

This is a civil rights case arising from the repeated sexual battery of plaintiff by a prison guard at the Louisiana State Penitentiary at Angola, Louisiana, and the subsequent cover up and failure to timely investigate complaints. Mr. Johnson brings this suit under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and Louisiana state law, seeking declaratory relief and damages.

2

## JURISDICTION

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1343(a)(3) and (a)(4). This Court has supplemental jurisdiction of the Louisiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3.

Venue in this Court is proper as to all Defendants pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) because the events giving rise to the claims occurred within this district.

## PARTIES

4.

Plaintiff **TONY JOHNSON** is a citizen of Louisiana currently incarcerated as a sentenced prisoner at the Rayburn Correctional Center in Washington Parish, Louisiana. From 1998 to March, 2014, he was incarcerated at the Louisiana State Penitentiary at Angola.

5.

Defendant **JOSEPH LEMARTINIERE** is an Assistant Warden at Angola, responsible for security of the prison, during the events that are the subject of this lawsuit. He is sued in his official and individual capacity.

6.

Defendant **TYLER HOLLIDAY**, at the time of the events described herein, was employed by the Louisiana Department of Corrections as a Corrections Officer. He is sued in his official and individual capacity.

7.

At all relevant times, all Defendants acted under color of state law, and within the scope of their employment.

## EXHAUSTION

8.

Mr. Johnson has exhausted such administrative remedies as were available to him. Mr. Johnson's grievance form and official reply is attached.

## PREVIOUS LAWSUITS

9.

Mr. Johnson has never previously filed any lawsuits in state or federal court

in relation to his imprisonment.

## STATEMENT OF FACTS

10.

On January 6, 2014, Mr. Johnson was housed at Camp D, Falcon 1 Unit, Louisiana State Penitentiary.

11.

One of his guards, Sergeant Clarence Brown, ordered plaintiff to meet with Defendant Lt. Holliday in the security booth.

12.

Lieutenant Holliday then told Plaintiff, "Are you ready to put those big lips to work?" He then took out his penis and ordered Plaintiff to perform oral sex upon him.

13.

Holliday forced Plaintiff to spit out the semen and poured bleach upon it. Afterwards, Holiday told plaintiff that his mother worked in administration and his father had been a captain at the prison, implying he knew everyone and would know if Plaintiff made a complaint. He showed plaintiff a black canister of pepper spray and told him if Plaintiff told anyone of what happened, he would put him in a cell and feed him the pepper spray every day.

14.

Mr. Johnson was at first embarrassed and afraid to tell officials that Defendant sexually assaulted him.

15.

The conduct continued, and plaintiff was sexually assaulted by Holliday on January 6th, 15th, 29th, February 4th, 7th, 26th, and March 12, 2014. These actions constituted a continuing violation of Plaintiff's federally protected rights.

16.

On March 13, 2014, Plaintiff was called for an attorney visit on an unrelated matter to the Main prison. While there, he notified Colonel Michael Laborde that he needed to talk with the Assistant Warden for Security, Joseph LeMartiniere regarding sexual assaults by a correctional officer in Camp D

17.

When LeMartiniere arrived, Plaintiff told him that Holliday was sexually assaulting prisoners, LeMartiniere jokingly replied, "I can believe that." Plaintiff requested a meeting with LeMartiniere and Warden Burl Cain to report in detail the facts. LeMartiniere replied he would have to see if Cain wanted to speak with Plaintiff about the allegations.  No meeting ever occurred and Johnson was not told why.

18.

Plaintiff was sent back to Camp D and Falcon and back to Lt. Holliday after reporting Holliday for committing felonies while working at Angola, in violation of the Prison Rape Elimination Act and prison protocol.

19.

On March 22, 2014, Holliday again sexually assaulted Plaintiff.

20.

The next night, March 23, 2014, Plaintiff was informed that he was to be transferred to Rayburn Correctional Center in Angie, Louisiana.

21.

Prior to his departure, Plaintiff had confided in another inmate that he was being sexually assaulted by Holliday and that if something happened to him, the inmate should report the assaults.

22.

Warden LeMartiniere failed to provide Plaintiff Johnson with reasonably adequate protection against sexual assault and battery and retaliation by Holliday. By sending Johnson back to Falcon instead of protecting the witness, by keeping Holliday on as a guard instead of putting him on administrative leave, and by failing to timely investigate Mr. Johnson's claims. Tony Johnson faced a constant and pervasive threat of violence, sexual assault and exploitation which culminated with the final sexual assault after LeMartinere had received the report that Holiday was sexually assaulting prisoners. These acts and omissions are a cause in fact to Johnson's sexual assault. Defendant LeMartiniere's rank as an assistant warden for security is sufficiently high to impute liability as an official policy or custom of the prison.

23.

As a result of the Defendants' acts and omissions which are the subject of this complaint, Tony Johnson has suffered injuries, excruciating emotional pain, psychological injury, humiliation, embarrassment and constant fear repugnant to the conscience of mankind, serious or repetitive enough to constitute cruel and unusual Punishment in violation of the Eighth and Fourteenth Amendment of the Constitution.

## CAUSES OF ACTION

First Claim for Relief

42 U.S.C. § 1983 against Defendant Holiday

24.

Defendant Holliday engaged in a deliberate and outrageous invasion of Mr. Johnson's bodily integrity that shocks the conscience in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

25.

Defendant Holliday misused and abused the official power granted to him by the state in the performance of his official duties thereby causing the harm to Mr. Johnson.

26.

Defendant Holiday engaged in conduct with malice and reckless or callous indifference to the constitutional and statutory rights of Mr. Johnson.

Second Claim for Relief

42 U.S.C. § 1983 against Defendant Assistant Warden LeMartiniere

27.

Defendant Joseph LeMartiniere knew that he had a legal obligation to protect Mr. Johnson and other prisoners from assault and sexual attack, and knew that his actions and omissions created a substantial risk of serious injury to Mr. Johnson and others in Camp D. With deliberate indifference to Mr. Johnson's personal safety and federally protected rights, Defendant failed to protect him from substantial risk of serious harm, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. As the Assistant Warden for security at Angola, his actions and omissions constitute a policy, practice or custom at Angola that imputes to him in his official capacity.

28.

The deprivations of Mr. Johnson's rights described herein constitute a risk of harm so grave that it violated contemporary standards of decency.

Third Claim for Relief

Outrageous Conduct/Intentional Infliction of Emotional Distress

Against Defendant Holliday under State Law

29.

Defendant Holliday, acting under color of law and within the scope of his agency, recklessly and with the intention of causing Mr. Johnson severe emotional distress,

engaged in extreme and outrageous conduct by sexually assaulting and battering Mr. Johnson, and by promoting a threatening and unduly hostile and antagonistic environment.

30.

As a direct and proximate result of Defendant's acts, which were so outrageous in character and extreme in degree as to be utterly intolerable in a civilized community, Mr. Johnson suffered severe emotional distress and was injured and damaged thereby, including, but not limited to suffering Post Traumatic Stress Disorder as diagnosed by prison medical officials.

31.

Defendant Holliday engaged in conduct with malice and reckless or callous indifference to the rights of Mr. Johnson.

Fourth Claim for Relief

32.

Sexual Assault and Battery against Defendant Holliday under State law


Defendant Holliday, acting within the scope of his agency, sexually assaulted and battered Mr. Johnson by threatening him, and placing his penis into Mr. Johnson's mouth, and ejaculating into him, without his consent.  Defendant Holliday intentionally

and unlawfully caused Mr. Johnson to fear offensive and harmful contact, and intentionally and unlawfully caused such offensive and harmful contact to occur.

33.

As a direct and proximate result of Defendant's actions, Mr. Johnson suffered injury and damages, including severe mental and emotional distress.

34.

Defendant Holiday engaged in conduct with malice and reckless indifference to the rights of Mr. Johnson.

Fifth Claim for Relief

False Imprisonment Against Defendant Holliday under State law

35.

Defendant Holliday falsely imprisoned Mr. Johnson by willfully detaining Mr. Johnson without his consent, and in the absence of authority to do so by confining him in the prison security booth for the purpose of sexually assaulting him. At the time of the imprisonment, Mr. Johnson knew that his freedom of movement had been restricted.

36.

As a direct and proximate result of the actions of Defendant Holiday, Mr. Johnson was emotionally injured and suffered damages.

37.

Defendant Holliday engaged in conduct with malice and/or reckless indifference to the rights of Mr. Johnson.

38.

The Department of Corrections, as the employer of Defendants Holiday and LeMartiniere, are vicariously liable under state law for acts and delicts by Holliday and LeMartiniere in the course and scope of his employment.

39.

### DEMAND FOR JURY TRIAL

The plaintiff requests a trial by jury.

### RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief from this Court:

1. A declaratory judgment that the policies, practices, acts and omissions complained of herein violated Plaintiff's rights;

2. Compensatory damages against each Defendant, jointly and severally;

3. Punitive damages against Defendant Holliday;

4. Punitive damages against Defendant LeMartinere; and, as LeMartinere served in a sufficiently high enough position, he was a proxy for the Department of Corrections, punitive damages against the Louisiana Department of Corrections;

5. Retention of jurisdiction over Defendants until such time that the Court is satisfied that defendants' unlawful policies, practices, acts and omissions no longer exist and will not recur;

6. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

7. Such further relief as the Court may deem just and proper.

8.  Judicial interest; and judicial interest on attorney's fees;

Respectfully Submitted,

S./Joseph J. Long
Joseph J. Long
La. Bar Roll #25968
251 Florida Street, Suite 308
Baton Rouge, LA 70801
225-343-7288
josephjlong@juno.com