UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY JOHNSON (#295222)                                     CIVIL ACTION

VERSUS                                                                        NO. 15-38-JWD-RLB

TYLER HOLLIDAY, ET AL.

**ORDER**

Before the Court is Plaintiff's Motion to Compel. (R. Doc. 27). Plaintiff seeks production of certain responses to his first and second set of written discovery requests respectively propounded on October 22, 2015 and January 15, 2016. Defendants have filed an Opposition (R. Doc. 37), arguing primarily that certain responses were provided after the filing of the Motion.

**I.     Background**

On January 27, 2015, Plaintiff initiated this civil rights action, naming as defendants the Louisiana Department of Public Safety and Corrections ("DOC"); Assistant Warden Joseph Lamartiniere; and Tyler Holliday, a former DOC corrections officer. (R. Doc. 1, "Compl."). Plaintiff alleges that while an inmate at the LSP in Angola, Louisiana, he was sexually assaulted by Holliday several times between January 6, 2014 and March 12, 2014 while housed at Camp D, Falcon 1 Unit. (Compl. ¶¶ 10-15). Plaintiff alleges that despite informing Lamartiniere of the sexual assaults on March 13, 2014, he was not immediately transferred out of Camp D, Falcon 1 Unit, in violation of the Prison Rape Elimination Act ("PREA") and LSP protocol, and was again sexually assaulted on March 22, 2014. (Compl. ¶¶ 16-19). Plaintiff alleges that on March 23, 2014 he was informed that he was being transferred to Rayburn Correctional Center ("RCC") in Angie, Louisiana. (Compl. ¶ 20).

Plaintiff seeks relief against all of the defendants pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 24-27). Plaintiff also seeks recovery against Holliday under state law for intentional infliction of emotional distress, sexual assault and battery, and false imprisonment. (Compl. ¶¶ 28-37). Finally, Plaintiff seeks recovery against the DOC under the theory of vicarious liability for the acts of Holliday and Lamartiniere. (Compl. ¶ 38).

Plaintiff has served two sets of interrogatories, requests for admissions, and requests for production of documents on the defendants. (R. Doc. 27-2; R. Doc. 27-12). Plaintiff has requested supplemental productions in light of alleged deficiencies. (R. Doc. 27-8; R. Doc. 27-10). There is no dispute that Holliday did not respond to any interrogatories or requests for production until after the filing of the instant Motion. (R. Doc. 27-1 at 4-5); (R. Doc. 37 at 2). Lamartiniere and DOC have provided responses and supplemental responses. (R. Doc. 27-3); (R. Doc. 27-9); (R. Doc. 27-11); (R. Doc. 27-13). According to Plaintiff, the parties held a discovery conference on February 16, 2016 and were unable to fully resolve their disputes regarding certain responses to Plaintiff's discovery requests. (R. Doc. 27-1 at 3).

On February 19, 2016, Plaintiff filed the instant Motion to Compel, which seeks an order requiring (1) defendant Holliday to answer all interrogatories and requests for production propounded by Plaintiffs; and (2) defendants Lamartiniere and the DOC to provide complete responses to Interrogatory Nos. 4, 10, and 16; and Request for Production Nos. 2, 6, 7, 10, 12, 13, 15, 17, 19, 26, 28, 29, and 34.

On April 8, 2016, the defendants filed a motion to dismiss Plaintiff's claims against the DOC, as well as its claims against the defendants Holliday and Lamartiniere in their official capacities pursuant to the Eleventh Amendment. (R. Doc. 43).

On May 16, 2016, the Court held a telephone status conference with the parties. (R. Doc. 48). Plaintiff's counsel informed the Court that Plaintiff did not oppose the motion to dismiss his claims against the DOC, and Plaintiff's claims against Holliday and Lamartiniere in their official capacities. Plaintiff's counsel further represented that supplemental discovery responses by the defendants has rendered moot much of the instant Motion to Compel, and that the remaining written discovery disputes are related to information and documents in the possession, custody, or control of the DOC. In light of the pending dismissal of the DOC as a party to this matter, the Court instructed Plaintiff to consider serving Rule 45 subpoena(s) on the DOC to request any outstanding discovery still in dispute.

On May 17, 2016, the district judge dismissed with prejudice Plaintiff's claims against the DOC, and Plaintiff's claims against Holliday and Lamartiniere in their official capacities. (R. Doc. 50).

On May 23, 2016, Plaintiff filed a return of service into the record indicating that he has served a Rule 45 subpoena on the DOC requesting production of various documents. (R. Doc. 52). The subpoena has a return date of May 31, 2016.

## II.     Law and Analysis

### A.     Defendant Holliday

Plaintiff asserts that while Holliday has responded to requests for admissions, he has failed to provide independent responses to Plaintiff's interrogatories and requests for production. (R. Doc. 27-1 at 4-5). In opposition, the defendants assert that "Defendant Tyler Holliday submitted his responses to plaintiff's interrogatories and requests for production on February 26, 2016" and, "[a]s such, plaintiff's request for motion compelling such responses is moot." (R. Doc. 37 at 2).

3

In light of Holliday's post-motion production, this issue is moot with regard to Plaintiff's requested relief of an order compelling Holliday to produce responses.

**B.     Defendants DOC and Lamartiniere**

Plaintiff seek to compel the DOC and Lamartiniere to provide supplemental and complete responses to Interrogatory Nos. 4, 10, 16 and Request for Production Nos. 2, 6, 7, 10, 12, 13, 15, 17, 19, 26, 28, 29, and 34.  In opposition, the defendants assert that after the filing of the instant motion, supplemental productions of documents has rendered most of Plaintiff's motion moot. (R. Doc. 37 at 2-7).  As stated above, Plaintiff's counsel acknowledged at the May 16, 2016, telephone conference with the Court that the defendants' supplemental responses has rendered much of the instant motion moot. (R. Doc. 48 at 2).  Plaintiff' counsel further represented that the remaining discovery disputes raised in the instant motion are related to information and documents in the possession, custody, or control of the DOC. (R. Doc. 48 at 2).

The DOC is no longer a party to this action. (R. Doc. 50).  Accordingly, based on the Court's discussions with counsel for the parties and the dismissal of DOC as a defendant, the Court will deny the motion to the extent it seeks additional discovery responses that were not provided by the DOC and/or Lamartiniere after the filing of the instant motion.  As discussed above, Plaintiff has served a Rule 45 subpoena on the DOC that seeks production of documents, presumably including the outstanding discovery requests discussed in the instant motion.  To the extent a dispute arises regarding the Rule 45 subpoena, the Court will address that dispute after the filing of an appropriate motion.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 27) is **GRANTED IN PART AND DENIED IN PART**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on May 27, 2016.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**