UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY JOHNSON (#295222) | CIVIL ACTION |
| VERSUS | NO. 15-38-JWD-RLB |
| TYLER HOLLIDAY, ET AL. | |

### ORDER

Before the Court is Plaintiff's Motion to Compel Mitochondrial DNA Testing at Plaintiff's Cost. (R. Doc. 33). Plaintiff seeks an order from the Court compelling the Louisiana Department of Public Safety and Corrections ("DOC") to release to release certain biological samples for mitochondrial DNA testing by a third-party, Bode Technology Group, Inc. (Bode Technology – Virginia Laboratory) ("Bode Technology"). The motion is Opposed. (R. Doc. 38). Plaintiff has filed a Reply. (R. Doc. 41).

**I.     Background**

On January 27, 2015, Plaintiff initiated this civil rights action, naming as defendants DOC; Assistant Warden Joseph Lamartiniere; and Tyler Holliday, a former DOC corrections officer. (R. Doc. 1, "Compl."). Plaintiff alleges that while an inmate at the LSP in Angola, Louisiana, he was sexually assaulted by Holliday several times between January 6, 2014 and March 12, 2014 while housed at Camp D, Falcon 1 Unit. (Compl. ¶¶ 10-15). Plaintiff alleges that despite informing Lamartiniere of the sexual assaults on March 13, 2014, he was not immediately transferred out of Camp D, Falcon 1 Unit, in violation of the Prison Rape Elimination Act ("PREA") and LSP protocol, and was again sexually assaulted on March 22, 2014. (Compl. ¶¶ 16-19). Plaintiff alleges that on March 23, 2014 he was informed that he was being transferred to Rayburn Correctional Center ("RCC") in Angie, Louisiana. (Compl. ¶ 20).

Plaintiff seeks relief against all of the defendants pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 24-27). Plaintiff also seeks recovery against Holliday under state law for intentional infliction of emotional distress, sexual assault and battery, and false imprisonment. (Compl. ¶¶ 28-37). Finally, Plaintiff seeks recovery against the DOC under the theory of vicarious liability for the acts of Holliday and Lamartiniere. (Compl. ¶ 38).

On February 16, 2016, Lamartiniere and DOC provided their second supplemental responses to Plaintiff's first set of discovery requests. (R. Doc. 27-11). Included in this supplement was a Louisiana State Police Crime Laboratory ("Crime Lab") Scientific Analysis Report dated June 12, 2014, providing the results of certain DNA testing on biological samples. (R. Doc. 33-3).

On February 25, 2016, at a deposition, Plaintiff's counsel requested defense counsel to agree to provide the biological samples tested by the Crime Lab for further mitochondrial DNA testing by a third party. (R. Doc. 33-1 at 2); (R. Doc. 38 at 2).

On March 4, 2016, Plaintiff's counsel again requested defense counsel to agree to provide the biological samples for further mitochondrial DNA testing at Plaintiff's cost, and defense counsel disagreed on the basis that Plaintiff's responses regarding the alleged DNA evidence have been inconsistent and the incurrence of additional costs for additional testing was unwarranted. (R. Doc. 33-4).

On March 7, 2016, Plaintiff filed the instant Motion. (R. Doc. 33).

On April 8, 2016, the defendants filed a motion to dismiss Plaintiff's claims against the DOC, as well as its claims against the defendants Holliday and Lamartiniere in their official capacities pursuant to the Eleventh Amendment. (R. Doc. 43).

On May 16, 2016, the Court held a telephone status conference with the parties. (R. Doc. 48).  Plaintiff's counsel informed the Court that Plaintiff did not oppose the motion to dismiss his claims against the DOC, and Plaintiff's claims against Holliday and Lamartiniere in their official capacities.  Plaintiff's counsel informed the Court that the requested mitochondrial DNA testing of certain biological samples would take 12 weeks to complete.  In light of the pending dismissal of the DOC as a party to this matter, the Court instructed Plaintiff to consider serving Rule 45 subpoena(s) on the DOC to request any outstanding discovery still in dispute.

On May 17, 2016, the district judge dismissed with prejudice Plaintiff's claims against the DOC, and Plaintiff's claims against Holliday and Lamartiniere in their official capacities. (R. Doc. 50).

On May 23, 2016, Plaintiff filed a return of service into the record indicating that he has served a Rule 45 subpoena on the DOC requesting production of the biological samples at issue in this motion for further testing. (R. Doc. 53).  The subpoena has a return date of June 3, 2016.  Neither Plaintiff nor the DOC has filed a motion regarding this subpoena as of the date of this Order.

**II.     Law and Analysis**

There is no dispute between the parties that on June 12, 2014, the Crime Lab conducted forensic DNA testing comparing (1) a paper towel wad and six hairs with root ends provided by Plaintiff as alleged evidence obtained after Holliday forced Plaintiff to conduct oral sex on him and (2) DNA swab samples taken from Plaintiff and Holliday for comparison.  (R. Doc. 33-3). The Crime Lab's report provides that an acid phosphatase test for seminal fluid performed on the paper towel wad was returned negative. (R. Doc. 33-3 at 2).  The Crime Lab's report further provides that analysis of the collected hair samples using a capillary electrophoresis instrument

resulted in insufficient DNA to conduct a comparison with the DNA swab samples. (R. Doc. 33-3 at 2).

Plaintiff seeks an order compelling DOC to release to Bode Technology the biological samples tested by the Crime Lab for the purpose of mitochondrial DNA testing at Plaintiff's cost. Plaintiff argues that the proposed testing falls within the scope of discovery allowed by current Rule 26(b)(1) because there has been no objection based on privilege, the testing is clearly relevant to the claims and defenses in this litigation, and Plaintiff's offer to pay for the testing and the fact Holliday has already provided an oral swab eviscerates any concerns regarding burden or expense that could be raised by the defendants. (R. Doc. 33-1 at 3-4).

In opposition, the defendants argue that Plaintiff's motion is procedural defective because Plaintiff "has made no formal signed request to defendants for such alleged evidence or additional DNA testing as required under Federal Rules of Civil Procedure Rule 26(g) and Rule 34," and Plaintiff has not made a good faith effort to confer with the defendants regarding the request. (R. Doc. 38 at 2).  The defendants further argue that Plaintiff "has failed to show that any additional DNA testing is necessary, relevant, or proportional" in light of Plaintiff's own inconsistent testimony regarding how the paper towel wad and hairs were obtained and transported, as well as the fact the Crime Lab's own testing resulted in negative findings. (R. Doc. 38 at 1-5).  The defendants further argue that the testing should not be compelled because "Plaintiff does not identify the processes that will be used by the identified testing facility, the scope of any requested testing, or the person or persons who will perform such testing," as well as "no information regarding if or how such additional DNA testing might degrade or destroy the alleged evidence at issue." (R. Doc. 38 at 8).  Finally, the defendants argue that even if Plaintiff

pays for the testing, they may still incur costs should the Plaintiff succeed on his claims and seek recovery of the expended costs. (R. Doc. 38 at 8).

Plaintiff brings the instant motion to compel pursuant to Rule 35. Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). Some federal courts have ordered parties to submit to DNA testing pursuant to this rule where the probative value of the testing outweighed privacy concerns. *See*, *e.g.*, *D'Angelo v. Potter*, 224 F.R.D. 300 (D. Mass. 2004); *McGrath v. Nassau Care Corp.*, 209 F.R.D. 55, 61 (E.D.N.Y. 2002).

The Court finds that the instant Motion was improperly brought pursuant to Rule 35. The request sought by Plaintiff is not a Rule 35 order requiring Holliday to submit to a physical examination for the purpose of providing another DNA sample; instead, Plaintiff seeks to compel the release of certain biological samples (including a DNA sample already taken from Holliday) that are already in the DOC's possession, custody, or control (through the Crime Lab) for further testing by a third party. In the absence of a Rule 34 request for production that sought the biological samples from the Crime Lab, there is nothing for the Court to compel.

As DOC has been dismissed as a party, Plaintiff must seek the biological samples through a Rule 45 subpoena. As discussed above, Plaintiff has served such a subpoena on the DOC. To the extent a dispute arises regarding the Rule 45 subpoena, the Court will address that dispute after the filing of an appropriate motion.

5

**III.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Mitochondrial DNA Testing at Plaintiff's Cost (R. Doc. 33) is **DENIED**.  Nothing in this Order shall be construed as precluding Plaintiff from seeking to compel compliance with the Rule 45 subpoena served upon the Louisiana Department of Public Safety and Corrections assuming the discovery sought is within that entity's possession, custody, or control.  The Court also notes concerns regarding the anticipated processes the third-party testing facility will use, the scope of such testing, and whether such testing will degrade or destroy any evidence.  Any future motions and/or briefing filed by Plaintiff regarding the relief sought through the instant motion shall address these concerns, including whether such a result is within the scope of permissible third-party discovery pursuant to Rule 45.  The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on June 9, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**