# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TONY JOHNSON (#295222)**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 15-38-JWD-RLB**

**TYLER HOLLIDAY, ET AL.**

## ORDER

Before the Court is non-party Louisiana Department of Public Safety and Corrections' ("DPSC") Partial Motion to Quash Rule 45 Subpoena *duces tecum*, or alternatively, Motion for Protective Order (R. Doc. 58) filed on May 31, 2016.  Tony Johnson ("Plaintiff") has filed an Opposition. (R. Doc. 66).

Also before the Court is the DPSC's Partial Motion to Quash, or Alternatively, Motion for Protective Order from Plaintiff's Rule 45 Subpoena for Deposition Testimony (R. Doc. 69) filed on June 14, 2016.  Plaintiff has filed an Opposition. (R. Doc. 73).

Oral argument was held on the foregoing motions on July 1, 2016. (R. Doc. 77).

**I.     Background**

On January 27, 2015, Plaintiff initiated this civil rights action, naming as defendants the DPSC; Assistant Warden Joseph Lamartiniere; and Tyler Holliday, a former DPSC corrections officer. (R. Doc. 1, "Compl.").  Plaintiff alleges that while an inmate at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, he was sexually assaulted by Holliday several times between January 6, 2014 and March 12, 2014 while housed at Camp D, Falcon 1 Unit. (Compl. ¶¶ 10-15).  Plaintiff alleges that despite informing Lamartiniere of the sexual assaults on March 13, 2014, he was not immediately transferred out of Camp D, Falcon 1 Unit, in violation of the Prison Rape Elimination Act ("PREA") and LSP protocol, and was again sexually assaulted on March 22,

2014. (Compl. ¶¶ 16-19). Plaintiff alleges that on March 23, 2014 he was informed that he was being transferred to Rayburn Correctional Center ("RCC") in Angie, Louisiana. (Compl. ¶ 20).

Plaintiff seeks relief against all of the defendants pursuant to 42 U.S.C. § 1983. (Compl. ¶¶ 24-27). Plaintiff also seeks recovery against Holliday under state law for intentional infliction of emotional distress, sexual assault and battery, and false imprisonment. (Compl. ¶¶ 28-37). Finally, Plaintiff seeks recovery against the DPSC under the theory of vicarious liability for the acts of Holliday and Lamartiniere. (Compl. ¶ 38).

On April 22, 2016, Lamartiniere (through the DPSC) provided a supplemental disclosure to an interrogatory identifying an additional 25 individuals with information relevant to the claims and defenses in this action. (R. Doc. 73-1 at 19-20).

On May 17, 2016, the district judge dismissed with prejudice Plaintiff's claims against the DPSC, and Plaintiff's claims against Holliday and Lamartiniere in their official capacities. (R. Doc. 50). That same day, Plaintiff served a Rule 45 subpoena *duces tecum* on the DPSC. (R. Doc. 52). The subpoena seeks production of 29 categories of documents. (R. Doc. 52-1). DPSC seeks an order quashing and/or limiting the subpoena on the basis that "[t]he majority of plaintiff's listed requests are impermissibly vague, overly broad, and unduly burdensome and some of plaintiff's requests seek privileged or protected matters." (R. Doc. 58-1).

On May 31, 2016, Plaintiff served a Rule 45 subpoena on the DPSC setting a two-day Rule 30(b)(6) deposition. (R. Doc. 69-2 at 1-2). The subpoena lists 20 topics to be covered at the deposition. (R. Doc. 69-2 at 3-5). DPSC seeks an order quashing and/or limiting the subpoena on the basis that the topics are "impermissibly vague, overly broad, cumulative, seek the disclosure of privileged or protected matters, and are duplicative of prior deposition testimony and document productions." (R. Doc. 69-1 at 1).

On July 1, 2016, the Court held oral argument on the instant motions. (R. Doc. 77).  At oral argument, counsel for DPSC represented that DPSC has produced all PREA and ARP files relevant to Plaintiff's allegations in this case.  Counsel for DPSC also represented that no specific searches for ESI had been made for documents responsive to the document subpoena.

Following argument, the Court ordered DPSC to submit for *in camera review* "any documents, including investigation reports and/or any ARPs involving allegations of sexual abuse and/or misconduct against Tyler Holliday by any individual from his time of hire through his date of resignation at the Louisiana State Penitentiary, including documents pertaining to investigation No. LSP-14-D-0239" (R. Doc. 78).  DPSC has filed those documents under seal. (R. Docs. 81, 82).

The Court also ordered DPSC to "file into the record an affidavit by an appropriate information technology representative identifying the procedures required to search electronically stored information, including e-mail communications, on electronic databases and/or servers used by the DPSC." (R. Doc. 78 at 1-2).  DPSC has filed the affidavit into the record. (R. Doc. 80).  Dawson Andrews, an employee of the State of Louisiana, Office of Technology Services and assigned to the DPSC, asserts that, given the resources available to him, it would take approximately one month to search for ESI using 5 search terms for 48 individual users. (R. Doc. 80-1).

Finally, the Court ordered Plaintiff's counsel to propose custodians and search terms for collecting electronically stored information ("ESI"), for the parties to confer in good faith regarding custodians and search terms, and for Plaintiff's counsel to notify the Court whether the parties have agreed upon such custodians and terms and/or whether a status conference was required. (R. Doc. 78 at 2).  As ordered, Plaintiff's counsel filed a letter providing the foregoing information on July 15, 2016. (R. Doc. 83).  Plaintiff represents that the parties have conferred and agreed on a list of

individual custodians whose electronic databases and/or servers should be searched, and search terms to locate ESI.  DPSC estimates that it will take no less than four months to complete all searches, review the results, and prepare the data production to Plaintiff.

On September 22, 2016, the Court held an in-person status conference with the parties in which the parties discussed their agreements on document productions thus far.  Counsel for DPSC represented that DPSC has collected the bulk of ESI in light of the custodians and search terms identified by the parties, and that a review of the already collected ESI, including the creation of a privilege log, would take approximately two weeks.  Counsel for DPSC further represented that the databases for certain custodians remain to be searched.  The parties further represented that they foresee the need for only a few additional depositions in addition to the Rule 30(b)(6) deposition of DPSC.  The parties suggested to the Court that a non-expert discovery deadline of December 15, 2016 would be sufficient to accommodate the remaining non-expert discovery in this action.

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more

4

convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party may withhold information which would be otherwise discoverable on the basis of privilege. Fed. R. Civ. P. 26(b)(1).  A party withholding information on the basis of privilege must expressly make the claim and describe the nature of the document being withheld. Fed. R. Civ. P. 26(b)(5).

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties.  The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).  The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

**B.**     **Motion to Quash Subpoena *Duces Tecum* (R. Doc. 58)**

For ease of discussion, the Court has grouped related categories of information sought by Plaintiff.

**1.**     **Regulations and Policies (Nos. 1-3)**

Plaintiff seeks the production of "department regulations" applicable to DPSC's Correction Services in effect between March 13, 2014 through March 4, 2015 (No. 1) and any additional rules and regulations of the LSP and/or RCC in effect between March 13, 2014 through March 4, 2015 that supplement and/or modify the DPSC's Department Regulations (Nos. 2 and 3).

DPSC argues that these requests are overly broad. (R. Doc. 58-1 at 3-4).  In response, Plaintiff represents that he has received PREA/Department Regulation (C-01-022); the Polygraph Examination Department Regulation (C-01-019); and the Records Management Program Regulation (A-01-009). (R. Doc. 66 at 4).  Plaintiff argues that he needs additional regulations to determine why no discipline was taken; that the DPSC regulations are readily accessible; and that he needs to know whether the LSP and/or RCC modify the DPSC regulations. (R. Doc. 66 at 5).

As written, Plaintiff's requests for essentially all "department regulations" are too broadly stated.  The Court will limit DPSC's duty to supplement its responses to DPSC procedures regarding PREA investigations as well as any regulations applicable to an inmate's complaint of sexual misconduct by a DPSC employee.  Accordingly, DPSC must supplement its productions by providing any department regulations in the DPSC's possession, custody, or control in effect between March 13, 2014 through March 4, 2015 that concern and/or govern inmate complaints of sexual misconduct by a DPSC employee as well as PREA investigations and/or discipline of DPSC employees associated with any PREA investigations.  To the extent they are in DPSC's possession,

custody, or control, this supplemental production must include any additional rules and regulations of LSP and/or RCC that supplement and/or modify the DPSC's Department Regulations.

Based on the foregoing, DPSC's Motion to Quash is granted in part and denied in part with regard to Category Nos. 1-3.  DPSC must provide a supplemental response to these categories of documents requests within **30 days** of the date of this Order.[1]

### 2.   Warden Communications (No. 4-5)

Plaintiff seeks the production of all written communications by or to LSP and RCC wardens regarding or related to Plaintiff sent or received from March 13, 2014 and the present.  Any discussions by wardens regarding Plaintiff are relevant to the claims and/or defenses in this action. Correspondences by or to wardens regarding a particular inmate should be limited and easily located with appropriate search terms.

Based on the foregoing, DPSC's Motion to Quash is denied with regard to Category Nos. 4-5.  DPSC must produce responsive documents to the extent those documents are in the possession, custody, or control of the DPSC.  DPSC must provide a supplemental response within **30 days** of the date of this Order.

### 3.   West Feliciana District Attorney and/or Sheriff (No. 6-7)

Plaintiff seeks the production of all written communications between the DPSC and the West Feliciana Parish District Attorney's Office and/or West Feliciana Parish Sheriff's Office regarding Tyler Holliday or any allegations against him from his time of hire at LSP through the

---

[1] With respect to <u>any</u> category of information ordered to be produced herein, to the extent responsive materials may be found within Electronically Stored Information (ESI), the parties' agreement(s) regarding search terms and custodians will be sufficient for the purpose of locating any potentially responsive information for production.  The timing of production mandated in this Order may also be modified by agreement of the parties with respect to the production of ESI, and the Court expects the parties to so confer about the appropriate and reasonable timing of the exchange of that information.

present.  The correspondences sought should be limited and easily located with appropriate search terms.

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category Nos. 6-7.  DPSC must produce responsive documents to the extent those documents are in the possession, custody, or control of the DPSC.  DPSC must provide a supplemental response within **30 days** of the date of this Order.

### 4.      Plaintiff's ARP and the DPSC Investigation (No. 8-9)

Plaintiff seeks the production of all written communications and/or documents sent to or from DPSC from March 13, 2014 through the present relating to Plaintiff's allegations, his ARP, or the DPSC investigation, as well as any other written communications and/or documents in DPSC's possession, custody, or control related to Plaintiff's ARP.

The Court will limit the response to Category No. 8 to all responsive documents in the possession, custody, or control of the custodians agreed upon by the parties.

The Court will limit the response to Category No. 9 to all written communications and/or documents submitted by Plaintiff and all responses provided by DPSC regarding Plaintiff's ARP.

Based on the foregoing, DPSC's Motion to Quash is granted in part and denied in part with regard to Category Nos. 8-9.  DPSC must provide a supplemental response within **30 days** of the date of this Order.

### 5.      Phone Calls and Text Messages (No. 10-11)

Plaintiff seeks copies of phone records from March 13, 2014 to March 26, 2014 showing phone calls between any wardens, investigators, or individuals at DPSC, LSP and/or RCC regarding Plaintiff's allegations.

DPSC has represented that it has produced "records of phone calls between Wardens Joseph Lamartiniere, Tim Delaney, and Leslie Dupont for the time period in question." (R. Doc. 58-1 at 6). At oral argument, counsel for DPSC represented that no text messages had been searched or collected.

The foregoing requests are narrowly tailored with regarding to the 14-day period, which runs from Plaintiff's first report of an alleged rape and the date of Holliday's termination. Furthermore, the parties have identified potential custodians of relevant documents and information. Accordingly, the Court will direct DPSC to inquire whether any of these agreed-upon custodians have any recorded phone messages, text messages, or any recollection of placing or receiving any phone calls or text messages regarding Plaintiff's allegations from the time period of March 13, 2014 to March 26, 2014. To the extent DPSC locates any recorded phone messages or text messages responsive to this request they must be produced. Similarly, for any custodians who recall placing or receiving any phone calls or text messages responsive to this request, the relevant phone records must be produced.

Based on the foregoing, DPSC's Motion to Quash is granted in part and denied in part with regard to Category Nos. 10-11. DPSC must provide a supplemental response to these categories of documents requests within **30 days** of the date of this Order.

## 6.      Other ARPS and DPSC Investigations involving Holliday (No. 12-15)

Plaintiff seeks documents and written communications related to or in the case file for PREA investigation No. LSP-14-D-0239, including but not limited to reports, exhibits, ARP submissions, statements, videos, recordings, polygraph examinations, Warden's unusual occurrence reports, disciplinary records, and communications with law enforcement (No. 12).

Plaintiff also seeks documents and written communications related to any allegations of "sexual abuse" (corollary to PREA §115.6, as defined in Department Regulation C-01-022 in effect at the time of any such allegation) against Tyler Holliday by any person from his time of hire through Holliday's date of resignation at LSP (Nos. 13, 14).

Plaintiff also seeks documents and written communications related to all sexual abuse incident reviews conducted pursuant to Department Regulation No. C-01-022, for any unfounded, substantiated or unsubstantiated investigations involving Tyler Holliday for the entire time of his employment at the LSP, including all Sexual Abuse Incident Review (Form C-01-022-K) prepared, and the transmittal of the form(s) to the Chief of Operations and the Department's PREA Coordinator (No. 15).

DPSC argues that documents related to investigations of Tyler Holliday involving sexual abuse of individuals other than Plaintiff are irrelevant, impermissible character evidence, and are otherwise confidential pursuant to La. R.S. 15:574.12, which would at least require *in camera* inspection. (R. Doc. 58-1 at 6-8).  In response, Plaintiff argues that the documents sought are relevant for the purposes of demonstrating Mr. Holliday's truthfulness and credibility, and to show a habit or pattern pursuant to Rule 406 of the Federal Rules of Evidence. (R. Doc. 66 at 14-15). Plaintiff further argues that DPSC's claim of privilege/confidentiality pursuant to La R.S. 15:574.12 is unwarranted because the information sought is relevant and Rule 45(e)(2)(A) requires a privilege log that was never provided. (R. Do. 66 at 15-16).

On July 8, 2016, DPSC filed under seal the file for another inmate's PREA Investigation No. LSP-14-D-0239 (R. Doc. 81-1) and the underlying file for that inmates ARP No. LSP-2014-0788 (R. Doc. 82-2).  In addition, DPSC filed under seal ARP No. LSP-2013-2320 (R. Doc. 81-2), an ARP file involving the complaints of a third inmate about alleged sexual abuse by Holliday.

The Court has reviewed the foregoing documents submitted under seal *in camera*. The Court concludes that the documents are relevant to Holliday's credibility and could be admissible to demonstrate motive, opportunity, intent, preparation or planning pursuant to Rule 404(b) of the Federal Rules of Evidence.

Based on the foregoing, DPSC's Motion to Quash is denied with regard to Category Nos. 12-15. DPSC must provide a copy of the documents filed under seal and reviewed in camera (R. Doc. 81; R. Doc. 82) to Plaintiff. DPSC can produce the documents as "confidential" pursuant to the parties' joint protective order. The Court also orders that the documents provided remain in the custody of Plaintiff's counsel at all times. The contents may be discussed with Plaintiff, but no documents or copies are to be disseminated to Plaintiff or any third party. DPSC must also search the databases and/or services of the agreed-to custodians and produce documents responsive to Category Nos. 12-15 pertaining to allegations of sexual abuse by Holliday that were not provided for *in camera* inspection.

DPSC must provide Plaintiff a copy of all documents filed under seal and reviewed in camera (R. Doc. 81; R. Doc. 82) within **7 days** of the date of this Order. DPSC must provide any additional supplemental responses to these categories of documents requests within **30 days** of the date of this Order.

### 7.    DPSC's Searches for ESI (No. 16)

Plaintiff seeks the production of documents and/or screen shots demonstrating how DPSC has searched for responsive ESI. At oral argument, counsel for DPSC represented that DPSC had not yet searched any databases and/or servers for responsive ESI. As discussed above, DPSC has filed into the record its procedures for searching and collecting ESI (R. Doc. 80) and the parties

have jointly discussed the timelines at issue with regard to the collection and production of documents (R. Doc. 83).  Accordingly, this request is moot.

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category No. 16.  DPSC need not provide any additional response to this request at this time.

### 8.    Post-Reporting Disciplinary Actions (No. 17)

Plaintiff seeks production of all documents and written communications related to any disciplinary actions taken or proposed in light of Plaintiff's allegations relayed to Lamartiniere on March 13, 2014.  At oral argument, counsel for DPSC confirmed that no such documents exist as no disciplinary actions were taken or proposed.  Accordingly, the request is moot.

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category No. 17.

### 9.    LSP's Tactical Team Roster (No. 18)

Plaintiff seeks production of a tactical team roster for the LSP from January 6, 2014 to March 24, 2014.  At oral argument, counsel for DPSC confirmed that no such document exists and Plaintiff's counsel withdrew this topic.  Accordingly, the request is moot.

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category No. 18.  DPSC need not provide any additional response to this request at this time.

### 10.    Document Retention Policies (No. 19-21)

Plaintiff seeks the document retention policies of the DPSC, LSP, and RCC (Nos. 19, 20, and 21).  DPSC represents that it has provided all of its document retention policies and the other requests related to its search and collection of documents are "vague, overly broad, unduly burdensome, and seek information that is privileged or protected." (R. Doc. 58-1 at 8-9).  In opposition, Plaintiff asserts that he has received the DPSC's Records Management Program

Regulation (A-01-009), but needs to know whether the LSP and/or RCC have different retention policies. (R. Doc. 66 at 6). Plaintiff further argues that DPSC has made no showing that its attempts to obtain ESI has been burdensome and/or privileged. (R. Doc. 66 at 16).

There is no dispute that DPSC has produced its own document retention policy. As discussed above, DPSC has filed into the record its procedures for searching and collecting ESI (R. Doc. 80) and the parties have jointly discussed the timelines at issue with regard to the collection and production of documents (R. Doc. 83). Plaintiff has not presented any evidence that documents known to have existed have not been produced.

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category Nos. 19 and 21. DPSC need not provide any additional response to these categories of document requests.

### 11.     LSP and RCC Communications (No. 22)

Plaintiff seeks the production of all documents and written communications from any person at LSP to any person at RCC related to Tony Johnson from March 13, 2014 to the present. DPSC does not raise any issue with regard to this category in its motion. The information sought is within the scope of discovery.

Accordingly, to the extent DPSC has not provided a full response to this request, it must provide any documents responsive to this category within **30 days** of the date of this Order.

### 12.     Identity of the Duty Warden (No. 23)

Plaintiff seeks the production of all documents and written communications showing the identity of the duty warden on duty at the LSP for the dates of March 14-16, 2014 and March 21-23, 2014. DPSC represents that it has "previously responded to plaintiff's request regarding the duty

warden explaining that the employee rosters that have been previously produced to plaintiff contain that information." (R. Doc. 58-1 at 10).

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category No. 23. DPSC need not provide any additional response to these categories of document requests.

### 13.     DPSC Organizational Chart (No. 24)

Plaintiff seeks the production of an organizational chart for the DPSC, Corrections Services and "up" to the Secretary of the DSPC in effect for the month of March 2014. DPSC argues that this request is "overly broad, duplicative, and unduly burdensome." (R. Doc. 58-1 at 9). At oral argument, general counsel for DPSC represented that responsive organizational charts exist, and that DPSC could provide a responsive organization chart for March 2014.

Based on the foregoing, DPSC's Motion to Quash is denied with regard to Category No. 24. DPSC must provide the requested chart within **30 days** of the date of this Order.

### 14.     Louisiana State Police Crime Lab Organizational Chart (No. 25)

Plaintiff seeks the production of an organizational chart for the Louisiana State Police Crime Lab and "up" to the Secretary of the DPSC. DPSC argues that this request is "overly broad, duplicative, and unduly burdensome." (R. Doc. 58-1 at 9). At oral argument, DPSC represents that this document is not in its possession, custody, or control.

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category No. 25. DPSC need not provide any additional response to these categories of document requests.

### 15.     LSP Staff Arrests Involving Sexual Abuse (No. 26)

Plaintiff seeks the production of all documents reflecting all staff members, contractors, or volunteers at LSP who were arrested at any time between 2010 and the present as a result of allegations of sexual abuse of an offender. DPSC argues that this request "should be properly

14

directed to the West Feliciana Parish Sheriff's Office who would actually make such a determination and have such records pertaining to those arrests, to the extent that any such arrest was relevant to plaintiff's allegations." (R. Doc. 58-1 at 7-8).

This request is overly broad and seeks irrelevant information outside of the scope of discovery.  In addition, DPSC is correct in pointing out that the decision to make such an arrest is made by local law enforcement, not DPSC or LSP personnel.  Plaintiff may engage in a more narrowly tailored inquiry regarding the instant case and handling of similarly situated matters through depositions or other discovery devices.

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category Nos. 26.  DPSC need not provide any additional response to this category of document requests.

### 16.    DPSC's Efforts to Gather Information (No. 27)

Plaintiff seeks the production of all documents demonstrating DPSC's efforts to gather and preserve documents and ESI in anticipation of litigation in this matter.

As discussed above, DPSC has filed into the record its procedures for searching and collecting ESI (R. Doc. 80) and the parties have jointly discussed the timelines at issue with regard to the collection and production of documents (R. Doc. 83).  Accordingly, the instant request is moot.

Based on the foregoing, DPSC's Motion to Quash is granted with regard to Category Nos. 27.  DPSC need only provide additional information regarding its efforts to gather information in the context of the parties' continued discussions regarding the production of documents.  DPSC need not provide documents responsive to this category.

### 17.    PREA Audits (No. 28)

Plaintiff seeks the production of all documents related to any PREA audit at LSP from 2011 to the present.  DPSC represents that it has previously produced all such documents. (R. Doc. 58-1 at 10).

Based on the foregoing representation, DPSC's Motion to Quash is granted with regard to Category No. 28.  DPSC must, however, provide a certification signed by its counsel that all documents responsive to this request have been produced.

### 18.    Poster (No. 29)

Plaintiff seeks the production in electronic format of a poster stating that "Being raped is not part of the sentence."  DPSC has produced a scanned version of the document and Plaintiff is requesting a "vector file" or similar format that would provide the poster in more clarity.  DPSC represents that it produced the poster in the form in which it was kept. (R. Doc. 58-1 at 10).

Considering that the document may be used as a demonstrative exhibit at trial, the Court will require DPSC to produce an electronic version of the poster as requested, should such a version exist.

DPSC must provide a copy of the requested electronic version of the poster, if not already produced to Plaintiff, within **30 days** of the date of this Order.  If no such electronic version is in DPSC's possession, custody, or control, then DPSC must inform Plaintiff by the foregoing deadline.

### C.    Motion for Protective Order Regarding Deposition Subpoena

Rule 30(b)(6) governs deposition notices directed to organizations.  In the deposition notice, the party "must describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."  *Id.*  "The duty to

present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.  The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).  The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous.  *See Krantz v. State Farm Fire & Cas. Co.,* No. 15-56, 2016 WL 320148, at *3 (M.D. La. Jan. 25, 2016) (citing cases).

Plaintiff seeks to take the Rule 30(b)(6) deposition of a designated representative of the DPSC over the course of two days.  The deposition subpoena lists twenty categories of inquiry. DPSC's primary objection is that Plaintiff has had the opportunity to depose various individuals with specific personal knowledge of the events at issue. (*See* R. Doc. 69-1 at 2-3).  In response, Plaintiff argues that DPSC has identified 25 additional witnesses not previously identified in disclosures, and that a Rule 30(b)(6) deposition is the most efficient discovery tool for gathering information regarding the perspective of the DPSC in whole. (R. Doc. 73 at 3-8).

Considering the foregoing discussion of Plaintiff's document subpoena, the Court will briefly provide, for each topic of inquiry, whether Plaintiff is entitled to depose DPSC as an entity on the identified topic.  The Rule 30(b)(6) deposition of DPSC must be taken in accordance with the following narrowing of the topics listed in the deposition subpoena.

### 1.    Plaintiff's Transfer from LSP to RCC

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena. Accordingly, DPSC's motion is denied with regard to Category No. 1.

### 2.     DPSC regulations, compliance

The Court will limit this topic of inquiry to the DPSC regulations ordered to be produced in response to Plaintiff's document subpoena and DPSC's compliance with those regulations. Accordingly, DPSC's motion is granted in part and denied in part with regard to Category No. 2.

### 3.     PREA/Department Regulation No. C-01-022

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena. Accordingly, DPSC's motion is denied with regard to Category Nos. 3.

### 4.     LSP Investigations, Audits, and Reports for Regulation No. C-01-022

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena. Accordingly, DPSC's motion is denied with regard to Category No. 4.

### 5.     LSP Sexual Abuse Incident Reviews

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena. Accordingly, DPSC's motion is denied with regard to Category No. 5.

### 6.     Allegations of Sexual Misconduct Against Tyler Holliday

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena. Accordingly, DPSC's motion is denied with regard to Category No. 6.

### 7.     LSP's Tactical Team

Plaintiff's counsel withdrew this topic at oral argument.  Accordingly, DPSC's motion is granted with regard to Category No. 7.

### 8.     LSP Staff Arrests Involving Sexual Abuse

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena. Accordingly, DPSC's motion is denied with regard to Category No. 8.

### 9.     PREA Investigation LSP-14-C-0204 (Plaintiff)

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.

Accordingly, DPSC's motion is denied with regard to Category No. 9.

### 10.     PREA Investigation LSP-14-D-0239 (Other Inmate)

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.  As

discussed above, the Court will require DPSC to produce to Plaintiff all documents filed under seal

regarding this investigation.  Accordingly, DPSC's motion is denied with regard to Category No.

10.

### 11.     ARP Process and Plaintiff's ARP (No. LSP-2014-1937)

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.

Accordingly, DPSC's motion is denied with regard to Category No. 11.

### 12.     DPSC's ESI and Databases

In light of the foregoing rulings regarding documents involving ESI retention and search

protocols, the Court will not allow any deposition testimony on this topic.  Accordingly, DPSC's

motion is denied with regard to Category No. 12.

### 13.     LSP's and RCC's ESI and Databases

In light of the foregoing rulings regarding documents involving ESI retention and search

protocols, the Court will not allow any deposition testimony on this topic.  Accordingly, DPSC's

motion is denied with regard to Category No. 13.

### 14.     Biological Samples

DPSC has agreed to provide a representative from the Crime Lab to testify about the testing

on any specific biological samples provided by Plaintiff to Major Michael Vaughan on March 25,

2014.  Accordingly, DPSC's motion is denied as moot with regard to Category No. 14.

### 15.    Louisiana State Police Crime Lab's Use of Outside Laboratories

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.

Accordingly, DPSC's motion is denied with regard to Category No. 15.

### 16.    Administration of Polygraph Examinations Since 2012

 Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.

Accordingly, DPSC's motion is denied with regard to Category No. 16.

### 17.    Administration of Polygraph Examination on Tyler Holliday

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.

Accordingly, DPSC's motion is denied with regard to Category No. 17.

### 18.    DPSC Organization on March 13, 2014

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.

Accordingly, DPSC's motion is denied with regard to Category No. 18.

### 19.    Manners of Communications by DPSC and LSP Employees

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.

Accordingly, DPSC's motion is denied with regard to Category No. 19.

### 20.    DPSC and LSP Employee Communications Regarding Plaintiff

Plaintiff is entitled to depose DPSC as an entity on this topic as stated in the subpoena.

Accordingly, DPSC's motion is denied with regard to Category No. 20.

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that DPSC's Motions (R. Doc. 58; R. Doc. 69) are **GRANTED IN**

**PART and DENIED IN PART** as detailed in this Order.  Plaintiff and DPSC are to bear their own

costs.

Signed in Baton Rouge, Louisiana, on September 22, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**