UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY JOHNSON (#295222)                                    CIVIL ACTION

VERSUS                                                    NO. 15-38-JWD-RLB

TYLER HOLLIDAY, ET AL.

## ORDER

Before the Court is Defendants' Motion to Compel (R. Doc. 108) filed on December 15, 2016.  The deadline to file an opposition has expired. LR 7(f).  Accordingly, the Motion is unopposed.

**I.   Background**

Defendants seek an order requiring supplemental responses to Defendant's Second Set of Requests for Production of Documents Numbers 7 and 10 served on April 7, 2016.[1]  Request for Production Number 7 requests any documents produced by Plaintiff or on his behalf from January of 2013 through June of 2015 pertaining to the alleged sexual assaults. (R. Doc. 108-2 at 5).  On May 17, 2016, Plaintiff provided certain documents in response, but withheld other documents subject to the attorney-client privilege and work product doctrine. (R. Doc. 108-3).

Request for Production Number 10 similarly requests the production of all documents, including any audio or video recordings, provided to or received by any third party to the action that relates to the allegations or claims in the action. (R. Doc. 108-2 at 6).  On May 17, 2016, Plaintiff provided certain documents that he provided to third party experts, further stating that

---

[1] Defendants' motion states that the "specific discovery requests pertinent to this instant dispute are: Request for Production No. 7 and Request for Production No. 9 which will be reproduced below in following sections along with plaintiff's responses to same." (R. Doc. 108-1 at 2).  The motion then provides the text for Request for Productions No. 7 and No. 10, and the responses to those requests. (R. Doc. 108-1 at 5-6).

he "has received no items from any third party beyond those already produced in discovery." (R. Doc. 108-3 at 4).

Defendants then reviewed recorded conservations between Plaintiff and a third party, Evonne Macera. (R. Doc. 108-1 at 2). Defendants represent that Plaintiff stated in these recorded conversations that Ms. Macera should receive a copy of all documents from Plaintiff's counsel as requested by Plaintiff to his counsel. (R. Doc. 108-1 at 2).

On September 23, 2016, Defendants requested production of all documents, including video or audio recordings, produced to Ms. Macera by Plaintiff or Plaintiff's counsel, as well as the substance of any conversation between Ms. Macera and Plaintiff or Plaintiff's counsel related to the lawsuit. (R. Doc. 108-5).

On October 7, 2016, Plaintiff's counsel provided "all letters sent to Ms. Macera from Mr. Long's office" and further stated that Plaintiff's counsel would "ensure that he has disclosed all responsive communications." (R. Doc. 108-6 at 1).[2]

On October 17, 2016, Plaintiff supplemented his response to Request for Production No. 10 by providing recordings obtained from the West Feliciana Parish Office and again identifying the documents sent to Ms. Macera from Mr. Long's office. (R. Doc. 108-4 at 4). Plaintiff's counsel also sent an e-mail verifying that based on the records at Mr. Long's office, the extent of items sent to Ms. Macera has been produced regardless of whether Plaintiff "wished for Ms. Macera to receive a copy of all documents set to [Plaintiff]." (R. Doc. 108-11 at 2). The email also verifies that no additional documents had been sent to Ms. Macera from any of Plaintiff's counsel other than Mr. Long. (R. Doc. 108-11 at 2).

---

[2] Defendants attached copies of the letters sent to Ms. Macera from Mr. Long's office to their motion. (R. Docs. 108-7, 108-8, 108-9, 108-10).

On December 2, 2016, defense counsel requested, in addition to reasserting the foregoing request for supplementation, "the document or correspondence from Plaintiff to Mr. Long that Plaintiff references in the phone call to Ms. Macera on June 20, 2014 wherein Plaintiff states that he sent a letter to Mr. Long specifically requesting for Mr. Long to send Ms. Macera copies of everything that is sent to Plaintiff." (R. Doc. 108-12 at 2). Plaintiff's counsel responded that the "fact that Mr. Johnson may have wanted Mr. Long to break privilege by sharing certain letters does not mean Mr. Long did so" and "[a]bsent actual evidence of an actual disclosure of privileged communication, this is a fishing expedition." (R. Doc. 108-12 at 1).

At some point, Defendants issued a Rule 45 subpoena to Ms. Macera. Defendants do not submit a copy of the subpoena with their motion, but indicate that it requested "any documents sent to her by plaintiff or plaintiff's counsel." (R. Doc. 108-1 at 3). Defendants further represent that Ms. Macera "produced several documents that she had received from plaintiff or plaintiff's counsel to defendants which were not previously identified or produced by plaintiff as having been sent to Ms. Macera." (R. Doc. 108-1 at 3; *see* R. Docs. 108-13, 108-14, and 108-15). Defendants also submit a copy of Plaintiff's privilege log, which indicates that various correspondence sent from Mr. Long to Plaintiff while he was incarcerated were withheld on the basis of attorney-client privilege and the work product doctrine. (R. Doc. 108-16).

## II.     Law and Analysis

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

3

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

There is no dispute that some information covered by Defendants' Request for Production Numbers 7 and 10 would fall within the scope of discovery. The only objection made by Plaintiff was lodged with regard to Request for Production Number 7 to the extent it seeks information that is subject to the attorney-client privilege and work product doctrine.

Defendants have obtained from a third party, Ms. Macera, at least one attorney-client communication between Plaintiff and his counsel, Mr. Long, that would qualify for the attorney-client privilege if confidentiality were maintained.[3]  The attorney-client privilege, however, was waived when the document was provided to Ms. Macera. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999) ("When relayed to a third party that is not rendering legal services on the client's behalf, a communication is no longer confidential, and thus it falls outside of the reaches of the privilege."); *Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson Elec. Co.*, 953 F.2d 1004, 1007 (5th Cir. 1992) ("The privilege protects only confidential communications. . . ."); *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) ("To retain the attorney-client privilege, the confidentiality surrounding the communications made in that relationship must be preserved.").[4]

---

[3] This letter is dated July 9, 2014. (R. Doc. 108-13).  Plaintiff's privilege log does not identify any documents withheld on the basis of attorney-client privilege or work product on this date. (R. Doc. 108-16).

[4] Defendants argue that the disclosure of attorney-client communications to Ms. Macera constitutes an at-issue waiver of all information withheld on the basis of attorney-client privilege and/or work product. *See* Fed. R. Evid. 502(a) ("When the disclosure is made in a federal proceeding . . . and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.").  Given the briefing before the Court, the Court will first require

In light of the documents obtained by Defendants through the subpoena of Ms. Macera, the Court will grant the instant motion to the extent it seeks an order requiring Plaintiff to supplement his responses to Request for Production No. 7 and No. 10 and/or produce a supplemental privilege log.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 108) is **GRANTED** to the extent it seeks an order requiring Plaintiff to supplement his responses to Request for Production No. 7 and No. 10.

**IT IS FURTHER ORDERED** that Plaintiff must provide a supplemental production and/or privilege log on or before **February 17, 2017**. Plaintiff must produce and/or supplement the privilege log to identify any attorney-client communications being withheld that were disclosed to Ms. Macera and are otherwise responsive to Request for Production No. 7 and No. 10. Nothing in this Order shall preclude Plaintiff from supplementing his responses as allowed pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. Following that supplemental production, if Defendant has a good faith basis to believe that some additional, relevant, discoverable information is being improperly withheld, Defendant may re-urge its motion within 7 days of any supplemental production and following a Rule 37 conference.

Signed in Baton Rouge, Louisiana, on February 6, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

Plaintiff to supplement his responses to Request for Production No. 7 and No. 10 to the extent he has withheld and/or failed to identify any responsive documents. The Court will then determine, if necessary, the extent of any waiver of the attorney-client privilege if an appropriate motion is filed. The Court does not determine at this time whether any documents provided to Ms. Macera by Plaintiff's counsel are responsive to Request for Production No. 7 and No. 10 or otherwise fall within the scope of discovery.

5