## United States Court of Appeals
FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

April 04, 2019

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

    No. 18-30224   Tony Johnson v. Tyler Holliday, et al
                        USDC No. 3:15-CV-38

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Jann M. Wynne, Deputy Clerk
504-310-7688

cc:  Mr. James Garrison Evans
     Mrs. Carmen T. Hebert
     Mr. Joseph Jerome Long
     Mr. Christopher Neal Walters

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30224
Summary Calendar

D.C. Docket No. 3:15-CV-38



United States Court of Appeals
Fifth Circuit
**FILED**
March 13, 2019
Lyle W. Cayce
Clerk

TONY JOHNSON,

    Plaintiff - Appellee

v.

JOSEPH LEMARTINIERE, Assistant Warden; BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; LESLIE DUPONT, Deputy Warden of Security of Louisiana State Penitentiary at Angola,

    Defendants - Appellants

Appeal from the United States District Court for the
Middle District of Louisiana

Before SMITH, WIENER, and WILLETT, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed and dismissed.

**A True Copy**
Certified order issued Apr 04, 2019

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30224
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 13, 2019
Lyle W. Cayce
Clerk

TONY JOHNSON,

                Plaintiff-Appellee

v.

JOSEPH LEMARTINIERE, Assistant Warden; BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; LESLIE DUPONT, Deputy Warden of Security of Louisiana State Penitentiary at Angola,

                Defendants-Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-38

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

    Former Louisiana prisoner Tony Johnson alleges that defendant wardens violated their constitutional duty to protect him from sexual assault by Tyler Holliday, a former guard at the Louisiana State Penitentiary (LSP). The wardens appeal the district court's denial of their motion for summary judgment based on qualified immunity. They challenge the court's factual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 18-30224    Document: 00514901988    Page: 2    Date Filed: 04/04/2019
Case 3:15-cv-00038-JWD-RLB    Document 201    04/04/19    Page 4 of 5

No. 18-30224

findings that they knew Holliday posed a risk of serious harm and that they were deliberately indifferent in responding to that risk. Alternatively, they argue that their decision to transfer Johnson to another prison was objectively reasonable and therefore entitled to qualified immunity.

This court has jurisdiction to review the denial of summary judgment on qualified immunity grounds "to the extent that it turns on an issue of law." *Gobert v. Caldwell*, 463 F.3d 339, 344 (5th Cir. 2006) (internal quotation and citation omitted). "Where, as here, the district court finds that genuinely disputed, material fact issues preclude a qualified immunity determination, this court can review only their materiality, not their genuineness." *Manis v. Lawson*, 585 F.3d 839, 842 (5th Cir. 2009).

Prison officials "are entitled to qualified immunity unless their conduct was not only illegal but also violated clearly established law such that their behavior was objectively unreasonable." *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). We first consider whether the plaintiff has shown the violation of a federal right, *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc), and then if the right "was 'clearly established' at the time of the violation," such that the official "was on notice of the unlawfulness of his or her conduct," *Cole v. Carson*, 905 F.3d 334, 341 (5th Cir. 2018).

In the first step, an inmate must show "'he is incarcerated under conditions posing a substantial risk of serious harm,'" and prison officials were "deliberately indifferent" to his safety. *Johnson*, 385 F.3d at 524 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). An official is deliberately indifferent when he "knows of and disregards an excessive risk" to inmate safety. *Farmer*, 511 U.S. at 837. In the second step, assuming it is clearly established that prison officials have a duty to protect inmates from sexual abuse, *see Johnson*, 385 F.3d at 526 (citing *Farmer*, 511 U.S. at 832), the

Case: 18-30224    Document: 00514901988    Page: 3    Date Filed: 04/04/2019
Case 3:15-cv-00038-JWD-RLB    Document 201    04/04/19    Page 5 of 5

No. 18-30224

inmate must show that "*all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution." *Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001).

We lack jurisdiction to review the district court's factual findings that the wardens drew the inference that Johnson was at risk of serious harm from Holliday and that their decision to wait five days before transferring Johnson was deliberately indifferent to his safety. Accepting Johnson's version of the facts as true, however, we have jurisdiction to review the "legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." *Gobert*, 463 F.3d at 345.

Johnson's version of the facts supports a finding that the wardens acted with deliberate indifference when they inferred he was Holliday's victim, chose to transfer him, but disregarded the immediate risk by failing to protect him for the five days before the transfer was completed. Further, all reasonable officials would have known it was unreasonable to leave Johnson unprotected for that period, while he was at risk of sexual abuse by a prison employee. *See Johnson*, 385 F.3d at 527 (holding that *Farmer* has made it "abundantly clear" that prison officials cannot leave an inmate to fight off his attackers or submit as a victim of sexual assault).

Accordingly, to the extent the wardens challenge the district court's legal conclusions, the denial of the wardens' motion is AFFIRMED. To the extent the wardens challenge the district court's assessment that genuine issues of fact preclude the grant of summary judgment, the appeal is DISMISSED.