**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TONY JOHNSON** | * | **CIVIL ACTION** |
| **(DOC No. 295222)** | * | |
| | * | **NO. 14-038-JWD-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE JOHN W. DEGRAVELLES** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **TYLER HOLLIDAY, ET AL** | * | **RICHARD L. BOURGEOIS, JR.** |

<u>**JOINT JURY INSTRUCTIONS**</u>

Plaintiff Tony Johnson and Defendants Tyler Holliday, Joseph Lamartiniere, Leslie Dupont and Burl Cain hereby submit the parties' proposed jury instructions. The joint submission includes the parties agreed-upon instructions and the parties competing contested jury instructions. The parties reserve the right to submit any additional jury instructions as needed based on the evidence or the conduct of the trial, or to modify or withdraw any requested instruction. The submission of these instructions is without prejudice to either party moving for the exclusion of any evidence.

Respectfully submitted by:


*/s/ Joseph J. Long*
Joseph J. Long (#25968)
Attorney At Law
251 Florida Street, Suite 308
Baton Rouge, Louisiana 70801
(225) 343-7288 telephone
(225) 267-5664 facsimile
Email: joe@legal225.com

***Attorney for Plaintiff Tony Johnson***

*/s/ Carmen T. Hebert*
Carmen T. Hebert, Bar (#33179)
Carleton Hebert Wittenbrink & Shoenfelt, LLC
445 North Boulevard, Suite 625
Baton Rouge, Louisiana 70802
(225) 282-0602 telephone
(877) 443-9889 facsimile
Email: chebert@lawfirmbr.com

***Attorney for Plaintiff Tony Johnson***

1

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Christopher N. Walters*
Christopher N. Walters, Bar No. 35579
Assistant Attorney General


*/s/ James G. Evans*
James G. Evans, Bar No. 35122
Assistant Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, Louisiana 70804
(225) 326-6300 telephone
(225) 326-6495 facsimile
Email:  waltersc@ag.louisiana.gov
evansj@ag.louisiana.gov

***Attorneys for Burl Cain, Joseph***
***Lamartiniere and Leslie Dupont***

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Courtney T. Joiner*
Courtney T. Joiner, Bar No. 32878
Special Assistant Attorney General
2431 S. Acadian Thruway, Suite 600
Baton Rouge, Louisiana 70808
(225) 923-3462 telephone
(225) 923-0315 facsimile
Email: cjoiner@hamsil.com

***Attorney for Plaintiff Tyler Holliday***

2

## PRELIMINARY INSTRUCTIONS

**Instructions for Beginning of Trial**

1    Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone

2    or any other wireless communication device with you, please take it out now and turn it off. Do

3    not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

4    There are certain rules you must follow while participating in this trial.

5    First, you may not communicate with anyone about the case, including your fellow jurors,

6    until it is time to deliberate. I understand you may want to tell your family, close friends and other

7    people that you have been called for jury service so that you can explain when you are required to

8    be in court. You should warn them not to ask you about this case, tell you anything they know or

9    think they know about it, or discuss this case in your presence, until after I accept your verdict or

10    excuse you as a juror.

11    Similarly, you must not give any information to anyone by any means about this case. For

12    example, do not talk face-to-face or use any electronic device or media, such as the telephone, a

13    cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any

14    Internet service, any text or instant messaging service, any Internet chat room, blog, or website

15    such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone

16    any in- formation about this case until I accept your verdict or until you have been excused as a

17    juror. This includes any information about the parties, witnesses, participants, [claims] [charges],

18    evidence, or anything else related to this case.

19    Second, do not speak with anyone in or around the courthouse other than your fellow jurors

20    or court personnel. Some of the people you encounter may have some connection to the case. If

21    you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

4816-4017-2208, v. 3

1      Third, do not do any research - on the Internet, in libraries, in books, newspapers,

2    magazines, or using any other source or method. Do not make any investigation about this case on

3    your own. Do not visit or view any place discussed in this case and do not use Internet programs

4    or other devices to search for or view any place discussed in the testimony. Do not in any way

5    research any information about this case, the law, or the people involved, including the parties, the

6    wit- nesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen

7    to see or hear anything touching on this case in the media, turn away and report it to me as soon

8    as possible.

9      These rules protect the parties' right to have this case decided only on evidence they know

10   about, that has been presented here in court. If you do any research, investigation or experiment

11   that we do not know about, or gain any information through improper communications, then your

12   verdict may be influenced by inaccurate, incomplete or misleading information that has not been

13   tested by the trial process, which includes the oath to tell the truth and cross-examination. It could

14   also be unfair to the parties' right to know what information the jurors are relying on to decide the

15   case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself

16   so as to maintain the integrity of the trial process. If you decide the case based on information not

17   presented in court, you will have denied the parties a fair trial in accordance with the rules of this

18   country and you will have done an injustice. It is very important that you abide by these rules.

19   Failure to follow these instructions could result in the case having to be retried.

20

1                          **Proposed Jury Instruction No. 1**

2   **1.2     Preliminary Instructions to Jury**

3   MEMBERS OF THE JURY:

4         You have now been sworn as the jury to try this case. As the judge, I will decide all

5   questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial,

6   I will instruct you on the rules of law that you must apply to the facts as you find them.

7         You may take notes during the trial. Do not allow your note-taking to distract you from

8   listening to the testimony. Your notes are an aid to your memory. If your memory should later be

9   different from your notes, you should rely on your memory. Do not be unduly influenced by the

10   notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's

11   recollection of the testimony.

12         Until this trial is over, do not discuss this case with anyone and do not permit anyone to

13   discuss this case in your presence. This includes your spouse, children, relatives, friends,

14   coworkers, and people with whom you commute to court each day. During your jury service, you

15   must not communicate any information about this case by any means, by conversation or with the

16   tools of technology. For example, do not talk face-to-face or use any electronic device or media,

17   such as the telephone, a cell or smart phone, camera, recording device, Black- berry, PDA,

18   computer, the Internet, any Internet service, any text or instant messaging service, any Internet

19   chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way

20   to communicate to anyone any information about this case until I accept your verdict or excuse

21   you as a juror.

22         Do not even discuss the case with the other jurors until the end of the case when you retire

23   to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may

24   become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons

1    associated with the case are not allowed to communicate with you. And you may not speak with

2    anyone else in or around the courthouse other than your fellow jurors or court personnel.

3        Do not make any independent investigation of this case. You must rely solely on what you

4    see and hear in this courtroom. Do not try to learn anything about the case from any other source.

5    In particular, you may not use any electronic device or media, such as a telephone, cell phone,

6    smartphone, or computer to research any issue touching on this case. Do not go online or read any

7    newspaper account of this trial or listen to any radio or television newscast about it. Do not visit

8    or view any place discussed in this case and do not use Internet programs or other devices to search

9    for or to view any place discussed in the testimony. In sum, you may not research any information

10    about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers,

11    or the judge, until after you have been excused as jurors.

12        There are some issues of law or procedure that I must decide that the attorneys and I must

13    discuss. These issues are not part of what you must decide and they are not properly discussed in

14    your presence. To avoid having you leave the courtroom and to save time, I may discuss these

15    issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the

16    bench, please do not listen to what we are discussing. If the discussions require more time, I may

17    have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these

18    interruptions as few and as brief as possible.

19        The trial will now begin. Lawyers for each side will make an opening statement. Opening

20    statements are intended to assist you in understanding the significance of the evidence that will be

21    presented. The opening statements are not evidence.

22        After the opening statements, the plaintiff will present his case through witness testimony

23    and documentary or other evidence. Next, the defendants will have an opportunity to present their

4816-4017-2208, v. 3

1    case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will

2    instruct you on the law that applies to this case. The lawyers will then make closing arguments.

3    Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence

4    has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

5         Keep an open mind during the entire trial. Do not decide the case until you have heard all

6    of the evidence, the closing arguments, and my instructions.

7         It is now time for the opening statements.

8

4816-4017-2208, v. 3

1    **GENERAL  INSTRUCTIONS**

2    **Proposed Jury Instruction No. 2**

3    **2.1    First Recess**

4        We are about to take our first break in this trial. Remember, until the trial is over, you are

5    not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and

6    tries to talk to you about the case, advise me about it immediately. Do not read or listen to any

7    news reports of the trial or use any technology tools to do independent research. Remember to

8    keep an open mind until all the evidence has been received. Finally, do not speak with anyone in

9    or around the courthouse other than your fellow jurors or court personnel.

10

4816-4017-2208, v. 3

1    **Proposed Jury Instruction No. 3**

2    **2.2    Stipulated Testimony**

3    A "stipulation" is something that the attorneys agree is accurate. When there is no dispute

4    about certain testimony, the attorneys may agree or "stipulate" to that testimony.

5    Stipulated testimony must be considered in the same way as if that testimony had been

6    received here in court.

7

4816-4017-2208, v. 3

1                                    **Proposed Jury Instruction No. 4**

2   **2.1  Stipulations of Fact**

3          A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys

4 may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that

5 fact as having been proven here in court.

6

4816-4017-2208, v. 3

1                               **Proposed Jury Instruction No. 5**

2    **2.6**      **Limiting Instruction**

3         When testimony or an exhibit is admitted for a limited purpose, you may consider that

4 testimony or exhibit only for the specific limited purpose for which it was admitted.

5

4816-4017-2208, v. 3

1  **Proposed Jury Instruction No. 6**

2  **2.7    Charts and Summaries**

3     Certain charts and summaries have been shown to you solely to help explain or summarize

4  the facts disclosed by the books, records, and other documents that are in evidence. These charts

5  and summaries are not evidence or proof of any facts. You should determine the facts from the

6  evidence.

7

1                              **Proposed Jury Instruction No. 7**

2    **2.8**      **Demonstrative Evidence**

3          Exhibit_____is an illustration. It is a party's picture used to describe something

4 involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your

5 recollection.

6

1                              **Proposed Jury Instruction No. 8**

2    **2.9    Witness Not Called**

3              [Name of witness] was available to both sides. Plaintiff/Defendant [name] cannot complain

4    that [name of witness] was not called to testify, because either Plaintiff or Defendant [name] could

5    have called [name of witness].

6

14

1          **Proposed Jury Instruction No. 9**

2     **2.10    Similar Acts**

3          Evidence that an act was done at one time or on one occasion is not any evidence or proof

4     whatsoever that the act was done in this case.

5          Then how may you consider evidence of similar acts?

6          You may consider evidence of similar acts for the limited purpose of showing [name]'s

7     [motive], [opportunity], [intent], [knowledge], [plan], [identity], or [absence of mistake or

8     accident], which is at issue in this case.

9          Such evidence may not be considered for any other purpose whatsoever. You may not use

10    the evidence to consider or reflect [name]'s character.

11

1    **Proposed Jury Instruction No. 10**

2    **2.11    Impeachment by Witness's Inconsistent Statements**

3    In determining the weight to give to the testimony of a witness, consider whether there was

4    evidence that at some other time the witness said or did something, or failed to say or do something,

5    that was different from the testimony given at the trial.

6    A simple mistake by a witness does not necessarily mean that the witness did not tell the

7    truth as he or she remembers it. People may forget some things or remember other things

8    inaccurately. If a witness made a misstatement, consider whether that misstatement was an

9    intentional falsehood or simply an innocent mistake. The significance of that may depend on

10    whether it has to do with an important fact or with only an unimportant detail.

11

4816-4017-2208, v. 3

1          **Proposed Jury Instruction No. 11**

2    **2.12    Impeachment by Witness's Felony Conviction**

3          In weighing the credibility of a witness, you may consider the fact that he or she has

4    previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's

5    credibility, but it is one of the circumstances you may take into account in determining the weight

6    to give to his or her testimony.

7

1                                                  **Proposed Jury Instruction No. 12**

2   **2.13    Deposition Testimony**

3          Certain testimony has been presented to you through a deposition. A deposition is the

4 sworn, recorded answers to questions a witness was asked in advance of the trial. Under some

5 circumstances, if a witness cannot be present to testify from the witness stand, that witness's

6 testimony may be presented, under oath, in the form of a deposition. Some time before this trial,

7 attorneys representing the parties in this case questioned this witness under oath. A court reporter

8 was present and recorded the testimony. The questions and answers have been shown to you today.

9 This deposition testimony is entitled to the same consideration and is to be judged by you as to

10 credibility as if the witness had been present and had testified from the witness stand in court.

11

4816-4017-2208, v. 3

1        **Proposed Jury Instruction No. 13**

2  **2.15   Law-Enforcement Officer Testimony**

3        You are required to evaluate the testimony of a law-enforcement officer as you would the

4  testimony of any other witness. No special weight may be given to his or her testimony because

5  he or she is a law enforcement officer.

6

1          **Proposed Jury Instruction No. 14**

2    **2.18    Civil Allen Charge**

3          Please continue your deliberations in an effort to reach a verdict. This is an important case.

4    The trial has been expensive in terms of time, effort, money and emotional strain to all parties

5    involved. If you should fail to agree on a verdict, the case may have to be tried again. There is no

6    reason to believe that the case can be retried, by either side, better or more exhaustively than it has

7    been tried before you.

8          Any future jury would be selected in the same manner and from the same source as you

9    were chosen. There is no reason to believe that those jurors would be more conscientious, more

10   impartial or more competent to decide the case than you are.

11         It is your duty to consult with one another and to deliberate with a view to reaching a verdict

12   if you can do so, consistent with your individual judgments. You must not surrender your honest

13   convictions as to the weight or effect of the evidence solely because of the opinions of the other

14   jurors or just to reach a verdict. Each of you must decide the case for yourself, but you should do

15   so only after consideration of the evidence with your fellow jurors.

16         In the course of your deliberations, you should not hesitate to reexamine your own views,

17   and to change your opinion if you are convinced that it is wrong. To reach a unanimous verdict,

18   you must examine the questions submitted to you openly and frankly, with proper regard for the

19   opinions of others and with a willingness to reexamine your own views. If a substantial majority

20   of you are for a verdict for one party, each of you who holds a different position ought to consider

21   whether your position is reasonable.

22         I suggest that you now carefully reexamine and consider all the evidence in the case in light

23   of my instructions on the law. In your deliberations you are to consider all of the instructions I

1   have given to you as a whole. You should not single out any part of any instruction including this

2   one.

3          You may now continue your deliberations.

4

1        **Proposed Jury Instruction No. 15**

2    **3.1    Jury Charge**

3    **MEMBERS OF THE JURY**:

4        It is my duty and responsibility to instruct you on the law you are to apply in this case. The

5    law contained in these instructions is the only law you may follow. It is your duty to follow what

6    I instruct you the law is, regardless of any opinion that you might have as to what the law ought

7    to be.

8        If I have given you the impression during the trial that I favor either party, you must

9    disregard that impression. If I have given you the impression during the trial that I have an opinion

10    about the facts of this case, you must disregard that impression. You are the sole judges of the facts

11    of this case. Other than my instructions to you on the law, you should disregard anything I may

12    have said or done during the trial in arriving at your verdict.

13        You should consider all of the instructions about the law as a whole and regard each

14    instruction in light of the others, without isolating a particular statement or paragraph.

15        The testimony of the witnesses and other exhibits introduced by the parties constitute the

16    evidence. The statements of counsel are not evidence; they are only arguments. It is important for

17    you to distinguish between the arguments of counsel and the evidence on which those arguments

18    rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in

19    light of the evidence that has been admit- ted and determine whether the evidence admitted in this

20    trial supports the arguments. You must determine the facts from all the testimony that you have

21    heard and the other evidence submitted. You are the judges of the facts, but in finding those facts,

22    you must apply the law as I instruct you.

23        You are required by law to decide the case in a fair, impartial, and unbiased manner, based

24    entirely on the law and on the evidence presented to you in the courtroom. You may not be

22

1   influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant

2   in arriving at your verdict.

3

4816-4017-2208, v. 3

1                                   **Proposed Jury Instruction No. 16**

2   **3.2     Burden of Proof: Preponderance of The Evidence**

3          Plaintiff, Tony Johnson, has the burden of proving his case by a preponderance of the

4 evidence. To establish by a preponderance of the evidence means to prove something is more likely

5 so than not so. If you find that Plaintiff Tony Johnson has failed to prove any element of his claim

6 by a preponderance of the evidence, then he may not recover on that claim.

7

4816-4017-2208, v. 3

1                          **Proposed Jury Instruction No. 17**

2   **3.3**    **Evidence**

3        The evidence you are to consider consists of the testimony of the witnesses, the documents

4 and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you

5 can draw from the facts and circumstances that have been proven.

6        Generally speaking, there are two types of evidence. One is direct evidence, such as

7 testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial

8 evidence is evidence that proves a fact from which you can logically conclude another fact exists.

9 As a general rule, the law makes no distinction between direct and circumstantial evidence, but

10 simply requires that you find the facts from a preponderance of all the evidence, both direct and

11 circumstantial.

12

4816-4017-2208, v. 3

1    **Proposed Jury Instruction No. 18**

2    **3.4    Witnesses**

3         You alone are to determine the questions of credibility or truthfulness of the witnesses.

4    In weighing the testimony of the witnesses, you may consider the witness's manner and

5    demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about

6    the case, that he or she may have, and the consistency or inconsistency of his or her testimony

7    considered in the light of the circumstances. Has the witness been contradicted by other credible

8    evidence? Has he or she made statements at other times and places contrary to those made here

9    on the witness stand? You must give the testimony of each witness the credibility that you think

10    it deserves.

11         Even though a witness may be a party to the action and therefore interested in its outcome,

12    the testimony may be accepted if it is not contradicted by direct evidence or by any inference

13    that may be drawn from the evidence, if you believe the testimony.

14         You are not to decide this case by counting the number of witnesses who have testified

15    on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not

16    the relative number of witnesses, but the relative convincing force of the evidence. The testimony

17    of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified

18    to the contrary, if after considering all of the other evidence, you believe that witness.

19

4816-4017-2208, v. 3

1          **Proposed Jury Instruction No. 19**

2    **3.5    Expert Witnesses**

3          When knowledge of technical subject matter may be helpful to the jury, a person who has

4    special training or experience in that technical field is permitted to state his or her opinion on those

5    technical matters. However, you are not required to accept that opinion. As with any other witness,

6    it is up to you to decide whether to rely on it.

7

1    **Proposed Jury Instruction No. 20**

2    **3.6    No Inference from Filing Suit**

3          The fact that a person brought a lawsuit and is in court seeking damages creates no

4    inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit.

5    The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim

6    and is not evidence.

7

1          **Proposed Jury Instruction No. 21**

2     **3.7    Duty to Deliberate; Notes**

3          It is now your duty to deliberate and to consult with one another in an effort to reach a

4     verdict. Each of you must decide the case for yourself, but only after an impartial consideration of

5     the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your

6     own opinions and change your mind if you are convinced that you were wrong. But do not give

7     up on your honest beliefs because the other jurors think differently, or just to finish the case.

8          Remember at all times, you are the judges of the facts. You have been allowed to take notes

9     during this trial. Any notes that you took during this trial are only aids to memory. If your memory

10    differs from your notes, you should rely on your memory and not on the notes. The notes are not

11    evidence. If you did not take notes, rely on your independent recollection of the evidence and do

12    not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than

13    the recollection or impression of each juror about the testimony.

14         When you go into the jury room to deliberate, you may take with you a copy of this charge,

15    the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson]

16    [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

17         Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury

18    foreperson] [presiding juror] must fill out the answers to the written questions on the verdict form

19    and sign and date it. After you have concluded your service and I have discharged the jury, you

20    are not required to talk with anyone about the case.

21         If you need to communicate with me during your deliberations, the [jury foreperson]

22    [presiding juror] should write the inquiry and give it to the court security officer. After consulting

23    with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep

1    in mind, however, that you must never disclose to anyone, not even to me, your numerical division

2    on any question.

3         You may now proceed to the jury room to begin your deliberations.

4

4816-4017-2208, v. 3

1       **Plaintiff's Proposed Jury Instruction No. 22**

2    **10.9    Eighth Amendment (Conditions of Confinement — Convicted Prisoner)[1]**

3           Plaintiff Tony Johnson claims that the conditions of his confinement in Louisiana State

4    Penitentiary at Angola violated his Eighth Amendment constitutional right to be protected from

5    cruel and unusual punishment. More precisely, Plaintiff Tony Johnson claims that Defendant Tyler

6    Holliday violated his Eighth Amendment rights by forcing Plaintiff to perform oral sex upon

7    Defendant Tyler Holliday on multiple occasions. Further, Plaintiff Tony Johnson claims that

8    Defendants Joseph Lamartiniere, Leslie Dupont, and Burl Cain failed to protect Plaintiff from the

9    alleged acts of Defendant Tyler Holliday once they became aware that Defendant Tyler Holliday

10    was sexually abusing inmates.

11           To recover damages for the alleged constitutional violation[s], Plaintiff Tony Johnson must

12    prove by a preponderance of the evidence that:

13           1.    the prison conditions resulted in an extreme deprivation of the minimal measure

14                 of life's necessities; and[2]

15           2.    Defendants acted with deliberate indifference.[3]

16           As to the first element, it is not enough that the conditions were restrictive or even harsh.

17    This is part of the penalty that criminal offenders must pay. You may find that the conditions of

18    Plaintiff Tony Johnson's confinement amounted to an extreme deprivation—and were therefore

19    cruel and unusual punishment—only if they deprived him of the minimal civilized measure of

20    life's necessities. In deciding whether Plaintiff Tony Johnson has proved an extreme deprivation,

---

[1] The Eighth Amendment applies to claims made by convicted inmates; the Fourteenth Amendment applies to claims made by pretrial detainees. *Graham v. Connor*, 490 U.S. 386 (1989). *See* Instruction No. 10.
[2] *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.").
[3] *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

31

1    you should ask whether society considers the risk that the prisoner complains of to be so grave that

2    it violates contemporary standards of decency to expose anyone unwillingly to such a risk.[4]

3        Deliberate indifference in this context means that Plaintiff Tony Johnson "was incarcerated

4    under conditions posing a substantial risk of serious harm and that prison officials were

5    deliberately indifferent to his need for protection. The official must: (1) be aware of facts from

6    which the inference could be drawn that a substantial risk of serious harm exists; and (2) must

7    draw that inference.[5] Deliberate indifference may be inferred if the risk of harm is obvious.[6, 7]

8        If Plaintiff Tony Johnson has proved, by a preponderance of the evidence, that Defendant

9    Tyler Holliday did force Plaintiff to perform oral sex upon Defendant Tyler Holliday, then you

10   will have found that Defendant Tyler Holliday violated his Eighth Amendment right to be

11   protected from cruel and unusual punishment. However, if you find that Plaintiff Tony Johnson

12   did not prove, by a preponderance of the evidence, that Defendant Holliday forced Plaintiff to

13   perform oral sex upon Defendant Tyler Holliday, then you will have found that Defendant Tyler

14   Holliday did not violate his Eighth Amendment right to be protected from cruel and unusual

15   punishment.

16       As to Defendants Joseph Lamartiniere, Leslie Dupont, and Burl Cain, Plaintiff Tony

17   Johnson must demonstrate that he was incarcerated under conditions posing a substantial risk of

18   serious harm and that Defendants Joseph Lamartiniere, Leslie Dupont, or Burl Cain were

---

[4] This represents the objective component of the test. *See Hudson*, 503 U.S. at 8; *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

[5] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[6] *Hope v. Pelzer*, 536 U.S. 730, 737–38 (2002) ("We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." (citing *Farmer*, 511 U.S. at 842)).

[7] Although the objective and subjective tests apply in all Eighth Amendment contexts, the wording may be altered depending on the specific claim. For example, in a failure-to-protect context, the United States Court of Appeals for the Fifth Circuit has noted:

To prevail on a section 1983 failure to protect claim, prisoner must demonstrate that "he [or she] was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his [or her] need for protection."

*Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)).

1   deliberately indifferent to his need for protection. As to the knowledge requirement of these

2   Defendants, Plaintiff Tony Johnson must show that these Defendant were aware of facts from

3   which the inference could be drawn that a substantial risk of serious harm exists, and that these

4   Defendants actually drew such an inference. "The question under the Eighth Amendment is

5   whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently

6   substantial risk of serious damage to his future health, and it does not matter whether a prisoner

7   faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation

8   face such a risk."[8]

9       Thus, if you find that Plaintiff Tony Johnson proves, by a preponderance of the evidence,

10  that Defendants Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain had knowledge or were

11  aware of facts from which they could have drawn an inference  that a substantial risk of serious

12  harm to Plaintiff Tony Johnson existed, and that these Defendants actually draw such an inference,

13  then you will have found that Defendants Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain

14  did violate Plaintiff's Eighth Amendment right to be protected from cruel and unusual punishment.

15  In such instance, you must then consider whether Defendant Joseph Lamartiniere, Leslie Dupont,

16  or Burl Cain is entitled to qualified immunity, which is a bar to liability that I will explain later.

17      However, if Plaintiff Tony Johnson has not proved, by a preponderance of the evidence,

18  that Defendants Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain had knowledge or were

19  aware of facts from which they could have drawn the inference that a substantial risk of serious

20  harm to Plaintiff Tony Johnson existed, or that Defendants Joseph Lamartiniere, Leslie Dupont,

21  and/or Burl Cain did not actually drew such an inference, then you will have found that Defendants

[8] *Id.*, 511 U.S. at 843–44, 114 S. Ct. at 1982 (emphasis added) (citations, alterations, and quotations omitted).

1  Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain did not violate Plaintiff's Eighth

2  Amendment right to be protected from cruel and unusual punishment.

3       **Objection by Defendant Tyler Holliday:**   Tyler Holliday objects to this proposed

4  instruction for several reasons.   First, he objects because to Plaintiff's statement that once

5  Defendants Joseph Lamartiniere, Burl Cain and Leslie Dupont "became aware that Defendant

6  Tyler Holliday was sexually abusing inmates."   That statement assumes facts that are not in

7  evidence or true but requires the jury to adopt the assumption.   Second, the probative value of the

8  instruction is outweighed by its prejudicial effects.   Finally, Tyler Holliday objects because the

9  instruction, as phrased, assumes facts that are not true but essentially requires the jury to adopt the

10  assumption.

11  **Plaintiff's Response:**   All three defendants have admitted that they became aware that Tyler

12  Holliday was sexually abusing inmates and that Mr. Johnson was transferred for his safety after

13  they became aware of such fact. These facts were taken directly from the Court's ruling on

14  Defendants' Motion for Summary Judgment, citing deposition excerpts from Defendants'

15  respective testimony. *See* R. Doc. 178 at 17–19. Plaintiff's proposed instruction mirrors exactly

16  the Fifth Circuit Pattern Instruction and adds bracketed text that addresses the issue of whether Mr.

17  Johnson was required to identify himself as a victim to prison officials to garner protection, a key

18  issue that the defense has raised and about which the jury should be advised of the well-established

19  law from Farmer v. Brennan.

4816-4017-2208, v. 3

1    Defendants' Proposed Jury Instruction No. 22

2    **10.9        Eighth Amendment (Conditions of Confinement – Convicted Prisoner)**

3                 Plaintiff Tony Johnson claims that the conditions of his confinement in Louisiana State

4    Penitentiary at Angola violated his Eighth Amendment constitutional right to be protected from

5    cruel and unusual punishment. More precisely, Plaintiff Tony Johnson claims that Defendant Tyler

6    Holliday violated his Eighth Amendment rights by forcing Plaintiff to perform oral sex upon

7    Defendant Tyler Holliday on multiple occasions. Further, Plaintiff Tony Johnson claims that

8    Defendants Joseph Lamartiniere, Leslie Dupont, and Burl Cain failed to protect Plaintiff from the

9    alleged acts of Defendant Tyler Holliday.

10               To recover damages for the alleged constitutional violations, Plaintiff Tony Johnson must

11   prove by a preponderance of the evidence that:

12       1.   the prison conditions resulted in an extreme deprivation of the minimal measure of

13            life's necessities; and

14       2.   the Defendants acted with deliberate indifference.

15               As to the first element, it is not enough that the conditions were restrictive or even harsh.

16   This is part of the penalty that criminal offenders must pay. You may find that the conditions of

17   Plaintiff Tony Johnson's confinement amounted to an extreme deprivation - and were therefore

18   cruel and unusual punishment - only if they deprived him of the minimal civilized measure of life's

19   necessities. In deciding whether Plaintiff Tony Johnson has proved an extreme deprivation, you

20   should ask whether society considers the risk that the prisoner complains of to be so grave that it

21   violates contemporary standards of decency to expose anyone unwillingly to such a risk.

22               As to Defendant Tyler Holliday, deliberate indifference in this context means that the

23   official knows of and disregards an excessive risk to inmate health or safety. The official must: (1)

1   be aware of facts from which the inference could be drawn that a substantial risk of serious harm

2   exists; and (2) must draw that inference. Deliberate indifference may be inferred if the risk of harm

3   is obvious.

4        If Plaintiff Tony Johnson has proved, by a preponderance of the evidence, that Defendant

5   Tyler Holliday did force Plaintiff to perform oral sex upon Defendant Tyler Holliday, then you

6   will have found that Defendant Tyler Holliday violated his Eighth Amendment right to be

7   protected from cruel and unusual punishment.  However, if you find that Plaintiff Tony Johnson

8   did not prove, by a preponderance of the evidence, that Defendant Holliday forced Plaintiff to

9   perform oral sex upon Defendant Tyler Holliday, then you will have found that Defendant Tyler

10  Holliday did not violate his Eighth Amendment right to be protected from cruel and unusual

11  punishment.

12       As to Defendants Joseph Lamartiniere, Leslie Dupont, and Burl Cain, Plaintiff Tony

13  Johnson must demonstrate that he was incarcerated under conditions posing a substantial risk of

14  serious harm and that Defendants Joseph Lamartiniere, Leslie Dupont, or Burl Cain were

15  deliberately indifferent to his need for protection.  As to the knowledge requirement of these

16  Defendants, Plaintiff Tony Johnson must show that these Defendant were aware of facts from

17  which the inference could be drawn that a substantial risk of serious harm exists, and that these

18  Defendants actually drew such an inference.[14] In addition, Plaintiff Tony Johnson must also show

19  that Defendants Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain did not respond reasonably

20  to the risk, regardless of whether the harm ultimately was not averted.  Nonetheless, the deliberate

21  indifference standard is an extremely high standard to meet, and you must not find liability on the

22  part of the Defendants if you believe that the Defendants should have inferred a risk posed to the

23  Plaintiff Tony Johnson, but that the Defendant did not actually draw the inference.  Finally, you

4816-4017-2208, v. 3

1    may not find liability on the part of the Defendants Joseph Lamartiniere, Leslie Dupont, and/or

2    Burl Cain for deliberate indifference if you find that their actions or decisions were merely inept,

3    erroneous, ineffective, negligent, or even grossly negligent.

4        Thus, if you find that Plaintiff Tony Johnson did not prove, by a preponderance of the

5    evidence, that Defendants Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain had knowledge

6    or were aware of facts from which they could have drawn an inference that a substantial risk of

7    serious harm to Plaintiff Tony Johnson existed, or that these Defendants did not actually draw such

8    an inference, or that the actions and decisions of these Defendants were not deliberately indifferent

9    to such a risk, then you will have found that Defendants Joseph Lamartiniere, Leslie Dupont,

10    and/or Burl Cain did not violate Plaintiff's Eighth Amendment right to be protected from cruel and

11    unusual punishment.

12        However, if Plaintiff Tony Johnson has proved, by a preponderance of the evidence, that

13    Defendants Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain had knowledge or were aware

14    of facts from which they could have drawn the inference that a substantial risk of serious harm to

15    Plaintiff Tony Johnson existed, that Defendants Joseph Lamartiniere, Leslie Dupont, and/or Burl

16    Cain actually drew such an inference, and that Defendants Joseph Lamartiniere, Leslie Dupont,

17    and/or Burl Cain were deliberately indifferent to such a risk, then you will have found that

18    Defendants Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain violated Plaintiff's Eighth

19    Amendment right to be protected from cruel and unusual punishment. In such instance, you must

20    then consider whether Defendant Joseph Lamartiniere, Leslie Dupont, or Burl Cain is entitled to

21    qualified immunity, which is a bar to liability that I will explain later.

22

4816-4017-2208, v. 3

1    **Proposed Jury Instruction No. 23**

2    **10.2    Under Color of Law**

3    "Under color" of state law means under the pretense of law. An officer's acts while

4    performing his official duties are done "under color" of state law whether those acts are in line

5    with his authority or overstep such authority. An officer acts "under color" of state law even if he

6    misuses the power he possesses by virtue of a state law or because he is clothed with the authority

7    of state law. An officer's acts that are done in pursuit of purely personal objectives without using

8    or misusing his authority granted by the state are not acts done "under color" of state law.

9

1      **Plaintiff's Proposed Jury Instruction No. 24**

2      **10.3    Qualified Immunity**

3              As to each claim for which Plaintiff Tony Johnson has proved each essential element, you

4      must consider whether Joseph Lamartiniere, Leslie Dupont, and/or Burl Cain are entitled to what

5      the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he

6      violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials

7      breathing room to make reasonable but mistaken judgments about open legal questions. Qualified

8      immunity provides protection from liability for all but the plainly incompetent government

9      officials, or those who knowingly violate the law.[9] It is Tony Johnson's burden to prove by a

10     preponderance of the evidence that qualified immunity does not apply in this case.[10]

11             Qualified immunity applies if a reasonable prison official could have believed that waiting

12     five or more days to protect an inmate whom they knew was the victim of sexual assault, was

13     lawful in light of clearly established law and the information Joseph Lamartiniere, Leslie Dupont,

14     and Burl Cain possessed.[11] But Defendants Joseph Lamartiniere, Leslie Dupont and Burl Cain are

15     not entitled to qualified immunity if, at the time they waited at least five days to protect an inmate

16     who they knew was the victim of sexual assault, a reasonable prison official with the same

17     information could not have believed that his actions were lawful.[12] Government officials are

18     presumed to know the clearly established constitutional rights of individuals they encounter.

---

[9] *Malley v. Briggs*, 475 U.S. 335, 341 (1986).
[10] *Jimenez v. Wood Cnty.*, 621 F.3d 372, 378 (5th Cir. 2010) (observing that burden is on plaintiff once defendant raises defense).
[11] *Wilson v. Layne*, 526 U.S. 603, 615 (1999).
[12] *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2086 (2011) (citations omitted).

4816-4017-2208, v. 3

1       In this case, the clearly established law[13] at the time <u>was that the Eighth Amendment</u>

2  <u>guarantees the right of prisoners to be free from sexual abuse.</u>[14] <u>The question under the Eighth</u>

3  <u>Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to</u>

4  <u>a sufficiently substantial "risk of serious damage to his future health," and it does not matter</u>

5  <u>whether     a prisoner faces an excessive risk of attack for reasons personal to him or because</u>

6  <u>all prisoners in his situation face such a risk.</u>[15] <u>Fellatio between an inmate and a guard is a per se</u>

7  <u>violation of the Eighth Amendment and inmates cannot, as a matter of law, consent to sex with a</u>

8  <u>guard.</u>[16] <u>Every reasonable officer would know that it is unlawful to fail to act immediately to</u>

9  <u>protect a prisoner when the officer has actual knowledge that the prisoner is at substantial risk of</u>

10  <u>sexual abuse by a guard.</u>[17]

11       If, after considering the scope of discretion and responsibility generally given to prison

12  officials in performing their duties and after considering all of the circumstances of this case as

13  they would have reasonably appeared to Joseph Lamartiniere, Leslie Dupont and Burl Cain at the

14  time they <u>waited at least five days to protect an inmate who they knew was the victim of sexual</u>

15  <u>assault</u>, you find that Plaintiff Tony Johnson failed to prove that no reasonable official could have

16  believed that the <u>failure to immediately protect Tony Johnson from Tyler Holliday</u> was lawful,

17  then Defendants Joseph Lamartiniere, Leslie Dupont, and Burl Cain are entitled to qualified

18  immunity, and your verdict must be for Defendants Joseph Lamartiniere, Leslie Dupont, and Burl

---

[13] "[W]hat 'clearly established' means in this context depends largely upon the level of generality at which the relevant legal rule is to be identified. 'Clearly established' for purposes of qualified immunity means that the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wilson*, 526 U.S. at 614–15 (citations omitted and punctuation edited). This does not mean "that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful," but it means "that in the light of pre-existing law the unlawfulness must be apparent." *Wilson*, 526 U.S. at 614–15.

[14] *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000).

[15] *Id.* 511 U.S. at 843, 114 S. Ct. at 1982 (citation omitted).

[16] *Carrigan v. Davis*, 70 F. Supp. 2d 448 (D. Del. 2011).

[17] *Farmer v. Brennan*, 511 U.S. 825 (1994).

4816-4017-2208, v. 3

1    Cain on those claims. But if you find that Defendants Joseph Lamartiniere, Leslie Dupont, and

2    Burl Cain violated Plaintiff Tony Johnson's constitutional rights and that Defendants Joseph

3    Lamartiniere, Leslie Dupont, and Burl Cain are not entitled to qualified immunity as to that claim,

4    then your verdict must be for Plaintiff Tony Johnson on that claim.

5

4816-4017-2208, v. 3

1          **Defendant's Proposed Jury Instruction No. 24**

2     **10.3    Qualified Immunity**

3          As to Plaintiff Tony Johnson's claims against Defendants Joseph Lamartiniere, Leslie

4     Dupont, and Burl Cain for which Plaintiff has proved each essential element, you must consider

5     whether Defendant Joseph Lamartiniere, Defendant Leslie Dupont, or Defendant Burl Cain are

6     entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability

7     even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government

8     officials breathing room to make reason- able but mistaken judgments about open legal questions.

9     Qualified immunity provides protection from liability for all but the plainly incompetent

10    government officers, or those who knowingly violate the law.  It is Plaintiff Tony Johnson's burden

11    to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

12         Qualified immunity applies if a reasonable officer could have believed that the actions he

13    took and decisions he made were lawful in light of clearly established law and the information

14    Defendant Joseph Lamartiniere, Defendant Leslie Dupont, and Defendant Burl Cain possessed at

15    the time they took action or made their decisions. But Defendants are not entitled to qualified

16    immunity if, at the time of they acted or made their decisions, a reasonable officer with the same

17    information could not have believed that his actions were lawful. Law enforcement officers are

18    presumed to know the clearly established constitutional rights of individuals they encounter.

19         In this case, the clearly established law at the time was that an officer who had knowledge

20    or was actually aware of a substantial risk of serious harm to an inmate must respond reasonably

21    to the risk, such as by referring the matter for further investigation or taking similar administrative

22    steps or by seeking to obtain corroboration before taking further action.

23         If, after considering the scope of discretion and responsibility generally given to Wardens

24    and Deputy or Assistant Wardens in performing their duties and after considering all of the

4816-4017-2208, v. 3

1    circumstances of this case as they would have reasonably appeared to Defendant Joseph

2    Lamartiniere, Leslie Dupont, or Burl Cain at the time that they acted or made decisions, you find

3    that Plaintiff Tony Johnson failed to prove that no reasonable officer could have believed that the

4    actions and decisions made by Defendants were lawful, then Defendant Joseph Lamartiniere,

5    Leslie Dupont, and Burl Cain are entitled to qualified immunity, and your verdict must be for

6    Defendant Joseph Lamartiniere, Leslie Dupont, and Burl Cain on those claims. But if you find that

7    Defendant Joseph Lamartiniere, Leslie Dupont, and Burl Cain violated Plaintiff Tony Johnson's

8    constitutional rights and that Defendant Joseph Lamartiniere, Leslie Dupont, or Burl Cain is not

9    entitled to qualified immunity as to that claim, then your verdict must be for Plaintiff Tony Johnson

10    on that claim.

11    Plaintiff's Objection: Plaintiff's proposed instruction mirrors exactly the Fifth Circuit

12    Pattern Instruction. The bracketed text in the pattern instruction has been replaced with language

13    (underlined in Plaintiff's proposed instruction) is pulled straight from the Court's ruling on

14    Defendants' Motion for Summary Judgment (R. Doc. 178). Defendants' proposed instruction does

15    not accurately identify the disputed act or state the "clearly established law" on which this case

16    hinges.

17

1          **Proposed Jury Instruction No. 25**

2      **15.1     Consider Damages Only if Necessary**

3              If Plaintiff Tony Johnson has proved his claim against Defendants by a preponderance of

4      the evidence, you must determine the damages to which Plaintiff Tony Johnson is entitled. You

5      should not interpret the fact that I am giving instructions about Plaintiff Tony Johnson's damages

6      as an indication in any way that I believe that Plaintiff Tony Johnson should, or should not, win

7      this case. It is your task first to decide whether Defendants Tyler Holliday, Joseph Lamartiniere,

8      Leslie Dupont, or Burl Cain is liable. I am instructing you on damages only so that you will have

9      guidance in the event you decide that Defendants Tyler Holliday, Joseph Lamartiniere, Leslie

10     Dupont, or Burl Cain is liable and that Plaintiff Tony Johnson is entitled to recover money from

11     Defendants Tyler Holliday, Joseph Lamartiniere, Leslie Dupont, or Burl Cain.

12

4816-4017-2208, v. 3

1    **Proposed Jury Instruction No. 26**

2    **15.1  Compensatory Damages**

3         If you find that Defendants Tyler Holliday, Joseph Lamartiniere, Leslie Dupont and/or Burl

4    Cain is liable to Plaintiff Tony Johnson, then you must determine an amount that is fair

5    compensation for all of Plaintiff Tony Johnson's damages. These damages are called

6    compensatory damages. The purpose of compensatory damages is to make Plaintiff Tony Johnson

7    whole - that is, to compensate Plaintiff Tony Johnson for the damage that he has suffered.

8    Compensatory damages are not limited to expenses that Plaintiff Tony Johnson may have incurred

9    because of his injury. If Plaintiff Tony Johnson wins, he is entitled to compensatory damages for

10   the physical injury, pain and suffering, and mental anguish that he has suffered because of

11   Defendants Tyler Holliday, Joseph Lamartiniere, Leslie Dupont and/or Burl Cain's wrongful

12   conduct.

13        You may award compensatory damages only for injuries that Plaintiff Tony Johnson

14   proves were proximately caused by Tyler Holliday, Joseph Lamartiniere, Leslie Dupont and/or

15   Burl Cain's allegedly wrongful conduct. The damages that you award must be fair compensation

16   for all of Plaintiff Tony Johnson's damages, no more and no less. You should not award

17   compensatory damages for speculative injuries, but only for those injuries that Plaintiff Tony

18   Johnson has actually suffered or that Plaintiff Tony Johnson is reasonably likely to suffer in the

19   future.

20        If you decide to award compensatory damages, you should be guided by dispassionate

21   common sense. Computing damages may be difficult, but you must not let that difficulty lead you

22   to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Tony

23   Johnson prove the amount of his losses with mathematical precision, but only with as much

24   definiteness and accuracy as the circumstances permit.

1      **Plaintiff's Proposed Jury Instruction No. 27**

2    **15.3    Emotional Distress Damages**

3         To recover compensatory damages for mental and emotional distress, Plaintiff Tony

4    Johnson must prove that he has suffered a specific discernable injury with credible evidence. Hurt

5    feelings, anger, and frustration are part of life and are not the types of harm that could support a

6    mental anguish award. Evidence of mental anguish need not be corroborated by doctors,

7    psychologists, or other witnesses, but Plaintiff Tony Johnson must support his claims with

8    competent evidence of the nature, extent, and duration of the harm. Damages for mental or

9    emotional distress must be based on the evidence at trial. They may not be based on speculation

10   or sympathy.

11

4816-4017-2208, v. 3

1    **Defendants Proposed Jury Instruction No. 28**

2    **15.5    Mitigation of Damages**

3    A person who claims damages resulting from the wrongful act of another has a duty under

4    the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize

5    those damages. If you find the defendant is liable and the plaintiff has suffered damages, the

6    plaintiff may not recover for any item of damage which he could have avoided through reasonable

7    effort. If you find that the defendant proved by a preponderance of the evidence the plaintiff

8    unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny

9    him recovery for those damages that he would have avoided had he taken advantage of the

10    opportunity. You are the sole judge of whether the plaintiff acted reasonably in avoiding or

11    minimizing his damages. An injured plaintiff may not sit idly by when presented with an

12    opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts

13    or incur unreasonable expenses in mitigating the damages. The defendant has the burden of

14    proving the damages that the plaintiff could have mitigated. In deciding whether to reduce the

15    plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of

16    the particular circumstances of the case, using sound discretion in deciding whether the defendant

17    has satisfied his burden of proving that the plaintiff's conduct was not reasonable.

18    **Plaintiff's Objection:** Plaintiff objects to the inclusion of this jury instruction for a matter

19    not raised as an affirmative defense by any defendant.

20

4816-4017-2208, v. 3

1          **Proposed Jury Instruction No. 29**

2     **15.7   Punitive Damages**

3          If you find that Defendants Tyler Holliday, Joseph Lamartiniere, Leslie Dupont and/or Burl

4     Cain's are liable for Plaintiff Tony Johnson's injuries, you must award Plaintiff Tony Johnson the

5     compensatory damages that he has proved. You may, in addition, award punitive damages if you

6     find that Defendants Tyler Holliday, Joseph Lamartiniere, Leslie Dupont and/or Burl Cain's acted

7     with malice or with reckless indifference to the rights of others. One acts with malice when one

8     purposefully or knowingly violates another's rights or safety. One acts with reckless indifference

9     to the rights of others when one's conduct, under the circumstances, manifests a complete lack of

10    concern for the rights or safety of another.

11         A person acts recklessly in engaging in conduct if:

12    (a)     the person knows of the risk of harm created by the conduct or knows facts that

13            make the risk obvious to another in the person's situation, and

14    (b)     the precaution that would eliminate or reduce the risk involves burdens that are so

15            slight relative to the magnitude of the risk as to render the person's failure to adopt

16            the precaution a demonstration of the person's indifference to the risk.[18]

17    If you find that Tony Johnson engaged in oral sex with Tyler Holliday, then Tyler Holliday has

18    acted with reckless indifference to Tony Johnson's Eighth Amendment right to be free from sexual

19    abuse.

20         If you find that Defendants Joseph Lamartiniere, Leslie Dupont and/or Burl Cain had

21    enough information to believe that Tyler Holliday was sexually abusing inmates in Camp D and

22    failed to protect Tony Johnson and other inmates at Camp D immediately, then Joseph

---

[18] Fifth Circuit Pattern Instructions (2014) § 15.7, n.2 (quoting Restatement (Third) of Torts: Liability for Physical and Emotion Harm § 2 (2005)).

48

4816-4017-2208, v. 3

1    Lamartiniere, Leslie Dupont and/or Burl Cain acted with reckless indifference to Tony Johnson's

2    Eighth Amendment right to be free from sexual abuse.

3         Plaintiff Tony Johnson has the burden of proving that punitive damages should be awarded

4    by a preponderance of the evidence.

5         The purpose of punitive damages is to punish and deter, not to compensate. Punitive

6    damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter

7    others from engaging in similar conduct in the future.[19] You are not required to award punitive

8    damages. If you do decide to award punitive damages, you must use sound reason in setting the

9    amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any

10   party. It should be presumed that Plaintiff Tony Johnson has been made whole by compensatory

11   damages, so punitive damages should be awarded only if Defendant Tyler Holliday, Joseph

12   Lamartiniere, Leslie Dupont and/or Burl Cain's misconduct is so reprehensible as to warrant the

13   imposition of further sanctions to achieve punishment or deterrence.

14        If you decide to award punitive damages, the following factors should guide you in fixing

15   the proper amount:

16   1.  the reprehensibility of Defendant Tyler Holliday, Joseph Lamartiniere,

17        Leslie Dupont and/or Burl Cain's conduct, including but not limited to

18        whether there was deceit, cover-up, insult, intended or reckless injury,

19        and whether Defendant Tyler Holliday, Joseph Lamartiniere, Leslie

20        Dupont and/or Burl Cain's conduct was motivated by a desire to augment

21        profit;

---

[19] *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003).

1      2.  the ratio between the punitive damages you are considering awarding and

2          the amount of harm that was suffered by the victim or with which the

3          victim was threatened;

4      3.  the possible criminal and civil sanctions for comparable conduct.[20]

5        You may consider the individual financial resources of Defendants Tyler Holliday, Joseph

6 Lamartiniere, Leslie Dupont or Burl Cain in fixing the amount of punitive damages.  You may

7 impose punitive damages against one or more of Defendants Tyler Holliday, Joseph Lamartiniere,

8 Leslie Dupont or Burl Cain and not others. You may also award different amounts against

9 Defendants Tyler Holliday, Joseph Lamartiniere, Leslie Dupont and  Burl Cain.

10      **General Objection by Defendants:** Defendants believe that the 5th Circuit pattern jury

11 instruction is sufficient for this issue.

12      **Objection by Defendant Tyler Holliday:**  Tyler Holliday objects to this proposed

13 instruction for several reasons.  First, he objects because to Plaintiff's statement that once

14 Defendants Joseph Lamartiniere, Burl Cain and Leslie Dupont "became aware that Defendant

15 Tyler Holliday was sexually abusing inmates."  That statement assumes facts that are not in

16 evidence or true but requires the jury to adopt the assumption.  Second, the probative value of the

17 instruction is outweighed by its prejudicial effects.   Finally, Tyler Holliday objects because the

18 instruction, as phrased, assumes facts that are not true but essentially requires the jury to adopt the

19 assumption.

20      **Plaintiff's Response:** This instruction *is* based on the Fifth Circuit Pattern Jury

21 Instructions. The footnotes to that instruction advise that the instruction is a "starting point" and

22 that guidelines to be considered may be fashioned from cited Supreme Court precedent, which

---

[20] *See BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

1    Plaintiff did. As to Tyler Holliday's objection, the instruction says "if" you find that Defendants

2    had enough information to believe that Tyler Holliday was sexually abusing inmates, not that the

3    jury must find so. The instruction does not do what Holliday claims it does.

4

4816-4017-2208, v. 3

1         **<u>DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 1:</u>**

2         Mere negligence or a failure to act reasonably is not enough. The officer must have the

3 subjective intent to cause harm. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003).[21]

4         **Plaintiff's Objection:** Plaintiff objects to this instruction. The question is whether the

5 officers' actions are "objectively reasonable" in light of the facts and circumstances confronting

6 them, without regard to their underlying intent or motivation. *Graham v. Connor*, 490 U.S. 386,

7 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (U.S.1989). The standard is set forth in Pattern

8 Instruction 10.9 (Plaintiff's Proposed Instruction No. 22).

9

---

1    **<u>DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 2:</u>**

2    To be clearly established for purposes of qualified immunity, the contours of the right must

3    be sufficiently clear that a reasonable official would understand that what he is doing violates that

4    right. *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004)(citing *Anderson v. Creighton*, 483

5    U.S. 635, 640, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987)).

6    **Plaintiff's objection:** Plaintiff objects to this instruction as redundant of prior instructions,

7    and impermissibly encourages the jury to give undue weight to repeating a partial instruction.

8    Further, it is beyond reproach what "clearly established" law applies to this case, as set forth in

9    Pattern Instruction 10.9 (Plaintiff's Proposed Instruction No. 22): The Eighth Amendment

10   guarantees the right of prisoners to be free from sexual abuse.[22] The question under the Eighth

11   Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to

12   a sufficiently substantial "risk of serious damage to his future health," and it does not matter

13   whether a prisoner faces an excessive risk of attack for reasons personal to him or because all

14   prisoners in his situation face such a risk.[23] Fellatio between an inmate and a guard is a per se

15   violation of the Eighth Amendment and inmates cannot, as a matter of law, consent to sex with a

16   guard.[24] Every reasonable officer would know that it is unlawful to fail to act immediately to

17   protect a prisoner when the officer has actual knowledge that the prisoner is at substantial risk of

18   sexual abuse by a guard.[25]

19

---

[22] *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000).
[23] *Id.* 511 U.S. at 843, 114 S. Ct. at 1982 (citation omitted).
[24] *Carrigan v. Davis*, 70 F. Supp. 2d 448 (D. Del. 2011).
[25] *Farmer v. Brennan*, 511 U.S. 825 (1994).

4816-4017-2208, v. 3

1      **<u>DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 3:</u>**

2          Allegations of negligent or unreasonable action are not sufficient to state a claim under the

3   Eighth Amendment. *Davis v. Tucker*, 322 F. App'x 369, 371 (5th Cir. 2009)(unpublished).

4          **Plaintiff's objection:** Plaintiff objects to this instruction as negligence has not been alleged

5   and including this instruction would only serve to confuse the jury. The legal standard is

6   sufficiently covered in Pattern Instruction 10.9 (Plaintiff's Proposed Instruction No. 22).

7

1          **<u>DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 4:</u>**

2          A prison official may be held liable only if he knows that inmates face a substantial risk of

3    serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v.*

4    *Brennan*, 511 U.S. 825, 847 (1994).

5          **Plaintiff's objection:** Plaintiff objects to this instruction as redundant of prior instructions,

6    and impermissibly encourages the jury to give undue weight to repeating a partial instruction. See

7    Pattern Instruction 10.9 (Plaintiff's Proposed Instruction No. 22), *supra*.

8

4816-4017-2208, v. 3

1    <u>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS NUMBER 5:**</u>

2         To be liable under Section 1983, a person must either be personally involved in the acts

3    causing the alleged deprivation of constitutional rights, or there must be a causal connection

4    between the act of that person and the constitutional violation sought to be redressed. *Lozano v.*

5    *Smith,* 718 F.2d 756 (5th Cir. 1983).

6         **Plaintiff's Objection:** Plaintiff objections to this instruction as it would confuse the jury.

7    The liability for Eighth Amendment violations for Holliday versus other defendants is set out in

8    Pattern Instruction 10.9 (Plaintiff's Proposed Instruction No. 22).

9

1            <u>**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 6:**</u>

2         **Plaintiff has the burden of proof by "preponderance of evidence."**

3         To "establish by the preponderance of the evidence" means to prove that something is more

4 likely so than it is not so. In other words, a preponderance of the evidence in the case means such

5 evidence as, when considered and compared to that opposed to it, has more convincing force, and

6 produces in your mind a belief that what is sought to be proved is more likely true than not true.

7         In determining whether any fact in issue has been proved by a preponderance of the

8 evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses,

9 regardless of who may have called them, and all exhibits received in evidence, regardless of who

10 may have produced them. <u>Federal Jury Practice & Instructions</u>, 5th Edition – Section 166.51, pages

11 727 & <u>Pattern Jury Instructions</u>, Civil 5th Cir. (2014 Edition), 3.2.

12         **Plaintiff's objection:** Plaintiff objects and would use the Fifth Circuit pattern jury

13 instruction on burden of proof. See Proposed Jury Instruction No. 16, *supra*.

14

4816-4017-2208, v. 3

1    <u>**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 7:**</u>

2    Conduct constituting "cruel and unusual punishment" is conduct which evidences a

3    deliberate, intentional disregard for the safety or well-being of the prisoner. *Estelle v. Gamble,* 97

4    S.Ct. 285 (1976). It is the treatment that shocks the conscience. A prisoner who claims an Eighth

5    Amendment violation is required to prove a culpable state of mind *(means rea)* on the part of the

6    prison officials in order to be entitled to relief. *Wilson v. Seiter*, 111 S.Ct. 2321 at 2323. Such a

7    claim requires a proof of the "unnecessary and wanton infliction of pain", *Wilson v. Seiter, supra*

8    at 2323.

9    **Plaintiff's objection:** Plaintiff objects to this instruction as redundant of prior instructions,

10    and impermissibly encourages the jury to give undue weight to repeating a partial instruction and

11    suggests that the Plaintiff has not alleged a constitutional violation when he alleges that he was

12    forced to perform oral sex on Tyler Holliday. The standard is sufficiently set forth in Pattern

13    Instruction 10.9 (Plaintiff's Proposed Instruction No. 22).

14

4816-4017-2208, v. 3

1    **<u>DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 8:</u>**

2        Hurt feelings, anger and frustration are part of life. Unless the plaintiff establishes some

3    specific discernable injury to the claimant's emotional state, he has not met the specificity

4    requirement. Paraphrased from *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir.

5    1996).

6        **Plaintiff's Objection:**    Plaintiff objects to this instruction and would use the emotional

7    distress instruction, *supra*, which includes the above clauses and further expounds on the issue.

8

59

1            <u>**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 9:**</u>

2            Compensatory damages for emotional distress and other forms of intangible injury will not

3 be presumed from mere violation of constitutional or statutory rights. Specific individualized proof

4 is necessary, and testimony from the plaintiff alone is not ordinarily sufficient. Compensatory

5 damages may be awarded only if the plaintiff submits proof of actual injury, often in the form of

6 psychological or medical evidence, or other corroborating testimony from a third party. *Allison v.*

7 *Citgo Petroleum Corp.,* 151 F.3d 402, 417 (5th Cir. 1998).

8            **Plaintiff's Objection:** Plaintiff objects to his instruction and would use the pattern

9 instruction on compensatory damages. See Proposed Jury Instruction No. 26, *supra*. Further, this

10 proposed instruction conflicts with the Fifth Circuit Pattern Jury Instruction 3.4, which states that

11 "the testimony of a single witness is sufficient to prove any fact," and suggests that Mr. Johnson's

12 testimony is insufficient to establish his emotional distress. See Proposed Jury Instruction No. 18,

13 *supra*.

14

4816-4017-2208, v. 3

1          <u>**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 10**:</u>

2

3          The mere violation of prison regulations is not actionable under §1983. *Jackson v. Cain,*

4    864 F.2d 1235 (5th Cir. 1989).

5          **Plaintiff's objection:** Plaintiff objects that this instruction impermissibly suggests that,

6    contrary to the pleadings, the defendants' failure to follow prison regulations, alone, gave rise to

7    the cause of action. It also suggests to the jury that a defendant <u>must</u> violate a prison regulation in

8    order to be found liable under §1983. In other words, if a "mere violation" is not actionable, then

9    a juror may believe that the plaintiff must show a violation of a prison regulation *and then some*,

10   in order to recover. The standard for liability is sufficiently set forth in Pattern Instruction 10.9

11   (Plaintiff's Proposed Instruction No. 22).

12

13

14

15

16

17

18

19

20

21

22

23

61

4816-4017-2208, v. 3