# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

March 25, 2022

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

    No. 21-30108   Johnson v. Holliday
                            USDC No. 3:15-CV-38

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: _____
                    Whitney M. Jett, Deputy Clerk
                    504-310-7772

cc:
   Mrs. Carmen T. Hebert
   Mr. Courtney T. Joiner
   Mr. Joseph Jerome Long
   Mr. Alejandro Raeshod Perkins

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 3, 2022
Lyle W. Cayce
Clerk

No. 21-30108
Summary Calendar

─────────────────

TONY JOHNSON,

*Plaintiff—Appellee*,

*versus*

TYLER HOLLIDAY, *Former Corrections Officer, Louisiana State Penitentiary*,

*Defendant—Appellant.*

─────────────────

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-38

─────────────────

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

Certified as a true copy and issued
as the mandate on Mar 25, 2022

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

Case 3:15-cv-00038-JWD-RLB   Document 205   03/25/22   Page 3 of 8

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 3, 2022
Lyle W. Cayce
Clerk

No. 21-30108
Summary Calendar

---

Tony Johnson,

*Plaintiff—Appellee,*

*versus*

Tyler Holliday, Former Corrections Officer, Louisiana State Penitentiary,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-38

---

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

A jury found that a former Louisiana corrections officer sexually assaulted an inmate, and it awarded damages to the victim. The officer

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

appeals, arguing that there was no evidence to support the verdict and that the damages were excessive. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

Tony Johnson was an inmate at the Louisiana State Penitentiary in Angola, Louisiana, until his release in 2016. At all relevant times, he was housed in the Falcon unit at the prison. He alleged Tyler Holliday, then a corrections officer at the prison, called Johnson into the Falcon office and forced him to perform oral sex on Holliday on multiple occasions between January 6, 2014, and March 22, 2014. Johnson sued the Louisiana Department of Corrections, the penitentiary, Holliday, and others, alleging that his Eighth Amendment rights had been violated by Holliday's actions.

The case was tried before a jury in February of 2020. At trial, the parties relied on live testimony from Johnson, Holliday, inmates, prison officials, a former Angola cadet, medical and psychiatric professionals, and experts. The parties also produced physical evidence and deposition testimony. The jury found that Holliday violated Johnson's Eighth Amendment right against sexual abuse on at least two occasions and awarded $500,000 in compensatory damages and $250,000 in punitive damages. Holliday moved for a new trial, or, alternatively, for remittitur. The district court denied that motion and entered judgment for Johnson. Holliday timely appealed.

DISCUSSION

On appeal, Holliday argues that the district court abused its discretion when it denied his motion for a new trial for three reasons. First, he argues that there was no evidence showing that Johnson was sexually assaulted on March 22, 2014. Second, he argues that the district court allowed Johnson to introduce evidence that did not comply with Rule 32 of the Federal Rules

of Civil Procedure. Finally, Holliday argues that a new trial, or at least remittitur, was merited because of the "excessive" verdict.

This court "review[s] the denial of a motion for a new trial or remittitur in the alternative for abuse of discretion." *Echeverry v. Jazz Casino Co., L.L.C.*, 988 F.3d 221, 236 (5th Cir. 2021). Our "review of the denial of a new trial motion is more limited than when one is granted." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998). We will affirm a district court's denial of such a motion unless the appealing party makes a "clear showing of an absolute absence of evidence to support the jury's verdict." *Miller v. Raytheon Co.*, 716 F.3d 138, 145 (5th Cir. 2013) (quotation marks and citations omitted). We have noted that this is a "quite narrow standard of review." *Whitehead*, 163 F.3d at 269.

I.   *No evidence*

Holliday first argues that he has surmounted this high barrier and shown the requisite lack of evidence because (1) a portion of Johnson's evidence, namely a napkin allegedly containing Johnson's saliva and Holliday's semen and pubic hairs, was shown not to contain Johnson's DNA; (2) Johnson's attempt to explain the discrepancy by arguing a chain of custody problem failed because any such problem resulted from Johnson's expert's handling of the towel; (3) certain timecards showed that Holliday was elsewhere at the time and place of the alleged sexual assaults; and (4) there was no evidence that other alleged victims refused to testify out of fear of reprisal.

The district court found that substantial evidence still supported the jury's verdict. Holliday's role at the prison enabled him broad access to the unit in which Johnson was kept. Moreover, testimony from Johnson, Holliday, and the warden of the prison shows that Holliday could have

clocked in at various locations within the prison and still easily returned to the office within the alleged timeframe.

Further, Johnson identifies numerous pieces of evidence tending to show that Holliday had engaged in other sexually inappropriate acts in the Falcon office. Holliday admitted that he had twice masturbated in the Falcon office around shift time. Johnson further offered the testimony of a former Angola cadet, William Blalock, that Holliday had offered him money or otherwise coerced him into displaying his erect penis in the Falcon office. There was also a written complaint against Holliday detailing similar sexual conduct from a victim who later declined to testify at trial.

While the evidence "does not exclusively support the jury's" finding of liability, certainly the record reveals there was no "absolute absence of evidence supporting the jury's verdict." *Duff v. Werner Enters., Inc.*, 489 F.3d 727, 730 (5th Cir. 2007) (emphasis removed).

## II.   *Blalock's testimony*

Holliday also contends that the district court erred by allowing the video deposition testimony of William Blalock, a former cadet and trainee of Holliday. Holliday argues that its admission did not comply with Federal Rule of Civil Procedure 32. A district court's evidentiary rulings are reviewed for abuse of discretion. *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 550 (5th Cir. 2000). Rule 32 allows a district court to admit a deposition for use at trial if:

> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8).

As is relevant here, Rule 32(a)(4)(B) allows for the use of a deposition at trial if the court finds that the "that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." FED. R. CIV. P. 32(a)(4)(B).

The district court concluded that the parties had agreed to allow the deposition to be used at trial, and more importantly, that the deposition met Rule 32's criteria. Beyond reciting the Rule, Holliday provides no meaningful argument disputing the district court's conclusion that the deposition complied with the Rule's strictures. The district court did not err when admitting that testimony.

### III. The damages award

Finally, Holliday argues that the damage award was excessive. Therefore, he argues that the district court should have granted a new trial or at least a remittitur. Holliday relies on arguments regarding the evidence that we have already rejected. He also argues that Johnson did not seek mental health counselling in the immediate aftermath of the assaults and that he "was fine" when he was finally released from prison, as he sought no further medical treatment. The combination of these arguments, according to Holliday, suggests that the jury's verdict was the product of bias, passion, or prejudice.

"[W]e will disturb a jury award only upon a clear showing of excessiveness." *See Duff*, 489 F.3d at 730. In this context, that standard is treated "as substantially the same as our deferential review of a district court's denial of a motion for new trial brought on the ground that the verdict is against the great weight of the evidence; that is, we affirm unless there is a clear showing of an absolute absence of evidence to support the jury's verdict." *Id.*

No. 21-30108

Holliday's arguments do not approach this high standard. Johnson was diagnosed with posttraumatic stress disorder after the deplorable events and was treated by a licensed social worker. Moreover, the award is in line with that of similar cases. *See, e.g.*, *Tubby v. Allen*, No. 6:16-CV-972, 2019 WL 4565072, at *8 (E.D. Tex. Sept. 3, 2019), *report and recommendation adopted*, No. 6:16-CV-972, 2019 WL 4538028 (E.D. Tex. Sept. 19, 2019) (compiling cases and concluding that an award of $300,000 in compensatory damages and $350,000 in punitive damages was appropriate where plaintiff alleged a single instance of rape by a prison official).

AFFIRMED.