**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TONY JOHNSON (DOC No. 295222)**

**CIVIL ACTION**

**VERSUS**

**NO. 15-38-JWD-RLB**

**TYLER HOLLIDAY, ET AL.**

**RULING AND ORDER**

This matter comes before the Court on a *Motion to Tax Costs and Attorney Fees*, (Doc. 302), filed by Plaintiff Tony Johnson ("Johnson" or "Plaintiff"). Defendant Tyler Holliday ("Holliday" or "Defendant") opposes the motion, (Doc. 303). Oral argument is not necessary. The Court has carefully considered the law and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's motion is granted in part and denied in part, and attorney's fees will be awarded to Johnson in the amount of $212,820.83.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was an inmate at Louisiana State Penitentiary ("LSP") in Angola, Louisiana. He filed his initial complaint on January 27, 2018, alleging that Holliday, a former guard at LSP, raped him on several occasions. (Doc. 1.) Plaintiff also brought suit against three other individuals (the "Warden Defendants") for failing to protect him from the final rape despite having knowledge that he was in serious danger. (*Id.*) Trial was initially set for May 16, 2017, (Doc. 20), but was reset numerous times.

On September 18, 2017, all Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims, (Doc. 137), which the Court denied on February 6, 2018. (Doc. 178.) On February 12, 2018, the Warden Defendants appealed the Court's denial of summary judgment and its finding that they were not entitled to qualified immunity. (Doc. 187.)

All Defendants subsequently filed a motion to continue the trial set for March 5, 2018, (*see* Doc. 158), and stay the district court proceedings pending appeal. (Doc. 188.) On February 20, 2018, this Court granted Defendants' motion to continue the trial and stay proceedings pending the appeal and denied all the pending pretrial motions without prejudice subject to refiling after the Fifth Circuit rendered a decision on appeal. (Doc. 193.)

On March 13, 2019, the Fifth Circuit Court of Appeals affirmed this Court's denial of the Warden Defendants' motion for summary judgment and dismissed the appeal. (Doc. 201.) Subsequently, a status conference was held on April 15, 2019, at which point a settlement conference was ordered at the request of Plaintiff, and the trial was reset for January 27, 2020. (Doc. 204.) The settlement conference took place on October 9, 2019, and was unsuccessful. (Doc. 211.) Thus, the stay of proceedings was lifted, and the case was returned to the Court's active docket. (Doc. 212.)

Prior to the new trial date of January 27, 2020, Plaintiff filed several motions in limine, (Docs. 216–19), which were opposed by Defendants, (Doc. 223), and Defendants filed a "combined" motion in limine, (Doc. 220), which Plaintiff opposed, (Doc. 221). The Pretrial Conference occurred on December 12, 2019, but the jury trial was ultimately reset, again, to February 3, 2020, and the pretrial deadlines were extended. (Doc. 227.) Accordingly, the parties filed their Witness Lists (Docs. 232–33), Exhibit Lists (Docs. 234–35), Proposed Voir Dire Questions (Docs. 235, 239), and Proposed Jury Instructions and Jury Verdict Form (Docs. 237–38). A hearing on the parties' motions in limine was held on January 24, 2020, after which the parties were ordered to submit Pocket Briefs no later than January 29, 2020. (Doc. 252.)

After several other pretrial matters were handled, (*see* Docs. 249, 251, 255, 259–60), this matter was finally tried by jury beginning on February 3, 2020, and concluding on February 6,

2020. (Doc 267.) At the conclusion of the trial, the jury returned a verdict in favor of Plaintiff and against Defendant Holliday and awarded Plaintiff $500,000 in compensatory damages and $250,000 in punitive damages, plus reasonable attorney's fees and all taxable costs to be determined by this Court. (*See* Doc. 272.) As to the Warden Defendants, the jury found that Plaintiff failed to prove by a preponderance of the evidence that they violated Plaintiff's Eighth Amendment right by failing to protect him from substantial risk of harm. (*Id.*) Judgment was entered in this matter on February 18, 2020, in favor of Plaintiff Tony Johnson and against Defendant Tyler Holliday. (*Id.*) Subsequently, Defendant Holliday filed a Motion for New Trial or, in the alternative, Motion for Remittitur, (Doc. 277), which Plaintiff opposed, (Doc. 285). The Court denied Defendant Holliday's motion, (Doc. 292), and he filed a Notice of Appeal to the Fifth Circuit, (Doc. 293). On March 25, 2022, the Fifth Circuit affirmed this Court's judgment, (Doc. 298).

This Court then granted Plaintiff's unopposed supplemental request to tax costs and attorney's fees in the amount of $13,058.28 for work performed between March 19, 2020, and through the appeal. (Doc. 301.) This Court also granted Plaintiff's request to re-urge his Motion to Tax Costs and Attorney Fees filed on March 23, 2020, (Doc. 279), which was refiled as Doc. 302. It also granted Defendant Holliday's request to re-urge his *Response to Plaintiff's Motion to Tax Costs and Attorney Fees* filed on May 15, 2020, (Doc. 291), which was refiled as Doc. 303. (Doc. 301.) On November 4, 2022, Plaintiff's request for taxation of costs was referred to the Clerk of Court for handling, (*see* Doc. 304), and the Clerk of Court denied costs in the amount of $11,756.58 because the Bill of Costs Plaintiff submitted did not comply with Local Rule 54(c). (*See* Doc. 305.) Thus, the Court today will address Plaintiff's Motion, (Doc. 302), only with respect to his request for attorney's fees.

## II. Parties' Arguments

### A. Plaintiff's Memorandum in Support (Doc. 302-1)

Plaintiff seeks attorney's fees in the amount of $224,395.40. (Doc. 302-1 at 8.) Plaintiff argues that as the prevailing party in this 42 § U.S.C. 1983 case, an award of attorney's fees is authorized under 42 U.S.C. § 1988. (*Id.* at 2.) Pursuant to 42 U.S.C. § 1997e(d)(2), Plaintiff contends that because this is a § 1983 case in which attorney's fees are authorized by § 1988, 25% of the damages award ($187,500) should be applied to satisfy a portion of the attorney's fees, and Defendant should be held responsible for the remaining attorney's fees, "as the total fees are less than 150 percent of the total judgment, i.e., the attorney fees are less than $1,125,000." (*Id.* at 2–3.) Plaintiff further contends that, pursuant to 42 § U.S.C. 1997e(d)(3), the maximum hourly rate for attorney's fees in this suit is capped at $228.00. (*Id.* at 3.)

Plaintiff asserts that this Court should utilize the lodestar method to determine the proper amount of attorney's fees to be awarded. (*Id.* (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)).) Further, the lodestar method "is presumptively reasonable and should be adjusted upward or downward only in exceptional circumstances, and only if an analysis of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974), so warrants." (*Id.*) Plaintiff contends that when applying the lodestar method, "the most critical factor in determining the reasonableness of a fee award in a civil rights suit is the degree of success obtained." (*Id.* at 4 (quoting *Migis*, 135 F.3d at 1047 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992))) (internal quotations omitted).)

To satisfy this standard, Plaintiff submits that "[t]he record makes abundantly clear that counsel for Plaintiff was required to extensively litigate this case from the inception of discovery through trial." (*Id.* at 5.) Specifically, Plaintiff argues that counsel had to litigate multiple discovery

disputes, including (1) filing a motion to compel Defendants' production of discoverable documents; and (2) filing several motions to extend discovery deadlines, to exceed deposition limits, and to depose witnesses who had to be deposed a second time after Defendant's production of "key documents that were in their possession the entire time." (*Id.* at 5–6 (citing Doc. 55 at 4, Doc. 92, Doc. 124 granting Plaintiff's motion (Doc. 111)).) Plaintiff also argues that counsel was required to seek leave of court through opposed motions to amend the complaint to add additional defendants. (*Id.* at 6 (citing Docs. 30, 35).) Additionally, Plaintiff argues that "[Counsel] successfully defeated multiple dispositive motions filed by Defendants," including a Rule 12(b)(6) motion and a motion for summary judgment on the issue of qualified immunity. (*Id.*) Plaintiff asserts that Counsel subsequently "prevailed on an appeal to the United States Fifth Circuit Court of Appeals by the [W]arden Defendants following the denial of summary judgment on qualified immunity." (*Id.*) Plaintiff argues that as a result of the appeal to the Fifth Circuit, Counsel was required to file several pre-trial filings twice, including motions in limine, jury instructions, voir dire questions, and jury verdict forms. (*Id.*) To this end, Plaintiff argues that:

> The nearly two-year delay between the trial set for January 16, 2018, and the ultimate trial date that commenced on February 3, 2020, created a greater burden on Plaintiff's counsel. Trial preparations had begun in earnest when the matter was stayed for an appeal to the Fifth Circuit . . . . The timing of the appeal/stay required duplication of the work to prepare the matter for trial two years later. Regardless of counsel's mastery of the facts, a two-year delay in a case in which more than thirty depositions were taken and thousands of pages in discovery were produced, required extensive review of documents and evidence that may have not been required had there not been such a delay.

(*Id.* at 6–7.) Against this backdrop, Plaintiff asserts the reasonable amount of time spent litigating this case for each of the individuals involved totals: 1,036.30 hours for Carmen Hebert, 530.4 hours for Joseph Long, 136.5 hours for Barb Pilat, and 302.1 hours for litigation paralegals. (*Id.*)

Plaintiff argues that under the lodestar method the Court must next determine the

reasonable hourly rates for the participating attorneys and litigation paralegals. (*Id.* at 3.) To determine the reasonable rates, Plaintiff asserts that the Court must look at the prevailing market rates in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation. (*Id.* at 4 (citing *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson,* 465 U.S. 886, 895–96 (1984))).) In defining the "relevant community," Plaintiff cites to cases finding that prevailing market rates in New Orleans and Baton Rouge are comparable. (*Id.* at 4–5 (citing *Strogner v. Sturdivant*, No. 10-125, 2011 WL 6140670, at *2 n.4 (M.D. La. Dec. 9, 2011); *Advocacy Ctr. v. Cain*, No. 12-508, 2014 WL 1246840, at *6 n.6 (M.D. La. Mar. 24, 2014); *Ball v. Leblanc*, No. 13-368, 2015 WL 4454779, at *3 (M.D. La. July 20, 2015)).) Plaintiff submits the following evidence of "reasonable rates" in this case:

> Per the attached declaration of undersigned, the customary hourly rate for Carmen Hebert is $250-300/hour, the rate for litigation paralegals is $125.00/hour, and undersigned's former associate attorney Barb Pilat's customary rate was $175.00 per hour. In the current Baton Rouge market, a reasonable rate for attorneys Carmen Hebert and Joseph Long is in excess of $228.00 per hour imposed by the [PLRA].

(*Id.* at 7.) Additionally, Plaintiff asserts that "the time for paralegal work should be recoverable at the rate of $100.00 per hour, which is reasonable considering the higher customary rates for litigation paralegals at Carleton Hebert Wittenbrink & Shoenfelt, LLC and in the Baton Rouge market generally." (*Id.* (citing *Netherland v. City of Zachary, La.*, No. 7-409, 2009 WL 3257360, at *2–3 (M.D. La. Oct. 8, 2009) (where the reasonable rate for attorney's fees was $225/hour and paralegals $85/hour more than ten years ago, in 2009)).)

Plaintiff submits that pursuant to the lodestar method, the Court must then multiply the reasonable rates asserted above by the number of hours Plaintiff submits were reasonably worked by each person. (*Id.*) This calculation results in a total of $411,895.40 in reasonable attorney's fees. (*Id.*) Plaintiff contends that pursuant to 42 U.S.C. § 1997e(d)(2), the Court must then subtract

25% of the total judgment—in this case $187,500.00—from $411,895.40, and the Defendant is responsible for the amount that remains. Thus, Plaintiff argues that Defendant is responsible for a total of $224,395.40 in attorney's fees. (*Id.* at 7–8.)

**B. Defendant's Response (Doc. 303)**

Defendant responds that this Court should deny Plaintiff's request for attorney's fees in its entirety, or, in the alternative, "the fees awarded must be drastically reduced by the Court." (Doc. 303 at 1.) Defendant first argues that the attorney's fees should be rejected entirely because "Plaintiff cannot recover fees and costs for failed claims." (*Id.*) Specifically, Defendant argues that because Plaintiff lost his case as to the other three defendants and was "forced to voluntarily dismiss another during the pendency of the matter," Defendant should not be held responsible for Plaintiff's attorney's fees. (*Id.*) Additionally, Defendant argues that Plaintiff's request for attorney's fees should be denied in its entirety because "the billing invoices show that a substantial amount of time was spent by multiple attorneys researching the same issues and preparing the same documents." (*Id.* at 3.) Specifically, Defendant argues that the fee request should be denied, as it is grossly inflated. (*Id.* (citing *Jordan v. U.S. Dep't of Just.*, 691 F.2d 514, 518 (D.C. Cir. 1982)).) Defendant submits that

> Plaintiff's fee request is grossly inflated by (a) at least 250 time entries recorded by one attorney for reviewing generic ECF notices; (b) nearly 40 entries of double-billed work; (c) 80 hours improperly included on the invoice for clerical work and[;] (d) a host of other work that should have never been billed to Plaintiff much less any of the defendants.

(*Id.*) Defendant argues that the remedy for these issues is to deny the fee request in its entirety, and any argument by Plaintiff "that the exclusion of non-compensable work or a reduction of improperly billed work is the appropriate remedy" should fail. (*Id.* at 4.) Defendant asserts that "[i]t is well settled that the legislative intent behind attorney-fee shifting statutes was not to

produce windfalls to lawyers" or " to allow counsel to submit exorbitant 'opening bids' or force the non-prevailing party and courts to parse through hundreds of inflated time entries to try to construct a more reasonable billing amount." (*Id.* (citing *Blum*, 465 U.S. at 887).) Defendant further asserts that "reducing a grossly inflated fee would encourage fee applicants 'to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.' " (*Id.* (quoting *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980)).) Thus, Defendant urges this Court to deny the fee request altogether in an effort to discourage this result. (*Id.*)

Alternatively, Defendant argues that if the fee request is not rejected in its entirety, then "the fees awarded must be drastically reduced by the Court." (*Id.* at 1.) Defendant asserts that "[a]s a general proposition, . . . [a]ttorneys must exercise 'billing judgment' by 'writing off unproductive, excessive, or redundant hours' when seeking fee awards." (*Id.* at 5 (quoting *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996)).) Defendant asserts that "[w]hen billing judgment is lacking, the Court must exclude from the lodestar calculation the hours that were not reasonably expended." (*Id.*) Defendant argues that the billing records submitted by Plaintiff's counsel are "littered with issues such as unreasonable charges, duplicate time entries, double-billing the work of one, overstaffing, incorrect rates[,] and block billing," and "the records show that Plaintiff's legal team failed to exercise billing judgment, in part, because many of the claimed hours should have been excluded from consideration." (*Id.* at 1.)

Defendant argues that the first set of unreasonable charges that must be excluded from consideration are the 252 entries billed by Attorney Long for "excessive review" of ECF notices (*Id.* at 5 (citing Doc. 279-3 at 1–12).) Defendant argues that these charges are unreasonable because: (1) they encompass charges for "each time a boilerplate ECF notice was reviewed –

even when counsel, as the filer, was responsible for the notice," and (2) the time billed for reviewing ECF notices was in addition to time billed for reviewing the substantive filing.[1] (*Id.*) Defendant argues that the $5,745.60 billed by Attorney Long for reviewing ECF notices "is absurd and . . . should be excluded from consideration by the Court." (*Id.* at 5–6 (citing *Gahagan v. U.S. Citizenship and Immigr. Servs.*, No. 16-15438, 2017 WL 4867762 (E.D. La. April 27, 2017) (reducing time billed for reviewing ECF notices); *Walters v. City of Hazelwood, Mo.*, No. 4-9, 2013 WL 3984464, at *3 n.2 (E.D. Mo. Aug. 1, 2013) ("These notices serve the function of certificates of service and do not warrant attorney's fees at all, let alone the rates plaintiff has claimed here.")).)

Defendant next argues that all the double-billed work should be excluded. (*Id.* at 6.) Defendant asserts that "a comparison of the billing invoices reveals at least 40 instances where one attorney billed for the work of another attorney." (*Id.* (citing Ex. A, Doc. 303-1).) While Defendant finds no issue with attorneys who work at the same firm engaging in such billing practices, Defendant does find issue with it in this case because Attorneys Long and Hebert work at different firms. (*Id.* at 7.) Thus, Defendant argues that the Court should deduct these double-billed time entries, amounting to 57.1 hours,[2] from either Attorney Long's invoice or Attorney Hebert's invoice. (*Id.*)

Defendant's next objection is to certain clerical work included in the billing records. Defendant argues that "[t]he Fifth Circuit has iterated that the efforts of a paralegal are recoverable 'only to the extent that the paralegal performs work traditionally done by an attorney.' " (*Id.* at 7 (citing *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982)).) Thus,

[1] Defendant reaches this conclusion by noting that the time billed for reviewing ECF notices consistently exceeded six minutes when the attorney additionally reviewed the substantive filing. (*See* Doc. 303 at 5.)
[2] *See* Ex. A, Doc. 303-1; Ex. A-1, Doc. 303-2.

Defendant argues that "work that is clerical or secretarial in nature is not separately recoverable." (*Id.* (citing *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001)).) Defendant asserts that the billing records reflect the following amounts of unrecoverable "clerical or secretarial" time: 1.4 hours for Tiopol Guillory; 41.2 hours for Lisa Bardwell; 0.7 hours Kristin Maloz; and 36 hours for Cheryl Alexander. (*Id.*) Further, Defendant asserts that "although not clerical work," the Court should also exclude the "3.5 hours recorded by Alexander for attending the hearings held before the court on January 24, 2020." (*Id.* at 8 (citing Doc. 279-2 at 48).)

Defendant's next set of objections pertain to billing for work done by Attorney Pilat. Defendant first objects to the 11.4 hours billed at an attorney rate by Attorney Pilat between February and September 2016 because Attorney Pilat was not admitted to the bar until October 20, 2016. (*Id.* (citing Doc. 279-2 at 4, 6,10; Ex. C, Doc. 303-4).) Next, Defendant asserts that although "it is true that many tasks such as trials require or benefit from the attention of more than one attorney, attendance at depositions is not one of those tasks." (*Id.* at 9 (citing *Feld Motor Sports, Inc. v. Traxxas, LP*, No. 14-543, 2016 WL 2758183, at *7 (E.D. Tex. May 12, 2016)).) Thus, Defendant argues that the 21.9 hours Attorney Pilat recorded for attending depositions with other attorneys are not reasonable and should be excluded from consideration, as she did not question any witnesses or make an appearance for the record. (*Id.*)

Even after deducting all the fees that Defendant argues are unreasonable, Defendant argues that the remaining "reasonable" fees should be further reduced as a result of "[t]he minimal success achieved by Plaintiff, relative to his initial claims and damages sought." (*Id.* at 9.) Defendant argues, as did Plaintiff, that "the most critical factor in determining the reasonableness of a fee award 'is the degree of success obtained.' " (*Id.* (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).) Further, Defendant argues that "[t]he plaintiff's degree of success is a particularly crucial factor when the

plaintiff is a 'prevailing' party but succeeded on only some of his claims." (*Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).) Unlike Plaintiff, however, Defendant asserts that this factor is not favorable to Plaintiff's argument for attorney's fees because "[t]he jury . . . awarded damages for [only] one claim against one of the four defendants which is, at best, only a 25% win." (*Id.* at 10.) Thus, Defendant argues that the reasonable fees remaining should "be further reduced by 75% which is commensurate with Plaintiff's overall success in this case." (*Id.*)

Further, Defendant argues that "[t]he reasonable hours should be reduced because the Plaintiff failed to exercise billing judgment and block-billed." (*Id.* at 10.) Defendant argues that Plaintiff has failed to meet his burden of showing the reasonableness of the hours billed and proving that he exercised billing judgment, "in part, because his counsel has presented no documentation of hours written off as unproductive, excessive, or redundant." (*Id.* (citing *Leroy v. City of Hous.*, 831 F.2d 576, 585 n.15 (5th Cir.1987)).) Defendant argues that "[s]ome hours should have been written-off because, as previously discussed, the invoices show that three attorneys often attended but did not participate in depositions. The records also show that excessive conferences were held throughout the case[,] and, as also previously discussed, the attorneys are double-billing work." (*Id.* at 10–11.) Thus, Defendant argues that the hours awarded should be reduced "by a percentage intended to substitute for the exercise of billing judgment." (*Id.* at 11 (citing *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996); *HDRE Bus. Partners Ltd. Grp., LLC v. Rare Hosp. Int'l, Inc.*, No. 9-977, 2015 WL 3440277, at *7 (W.D. La. May 27, 2015)).) Further, Defendant asserts the following examples of block billing:

> [O]n February 11, 2016, Attorney Hebert recorded 8.2 hours conferring "with co-counsel and prepar[ing] for depositions . . . ." R. Doc. 279-2, pg. 4. Several days later, on February 15, 2016, she recorded 3.9 hours for conferring with "co-counsel (emails/phone calls) and client (phone call); finish drafting third set of discovery to defendants; finish drafting letter with additional deponents and begin on substance for subpoenas duces tecum to deponents from DPSC." *Id*. at 5. In

sum, the invoices include at least 35 instances of block-billing by Attorney Hebert.

***

> Attorney Hebert also block-billed entries on 12/14/15, 12/16/15, 12/22/15, 01/22/16, 02/11/16, 02/12/16, 03/14/16, 04/07/16, 04/08/16, 06/13/16, 07/01/16, 07/06/16, 07/11/16, 09/30/16, 10/05/16, 11/22/16, 12/15/16, 01/10/17, 01/19/17, 02/15/17, 02/23/17, 03/06/17, 05/12/17, 05/30/17, 10/06/17, 12/07/17, 01/02/18, 02/01/18, 02/19/18, 02/20/18, 02/23/18, 04/18/18, 06/21/18, 04/15/19, 09/26/19, 10/30/19, 11/20/19, 11/21/19, 12/2/19, 12/10/19 and 12/19/19. *See* R. Doc. 279-2.[3]

(*Id.* at 11–12; 12 n.5.) Thus, the Defendant argues that the "claim for attorneys' fees should be subject to an across-the-board reduction to account for the significant number of unreasonable time entries" because "[w]hen attorneys and paralegals lump multiple tasks together in single time entries, it is not feasible for the court to parse out specific tasks and assign a random amount of time to each one." (*Id.* at 12.) Therefore, "the appropriate resolution is to apply a fixed percentage reduction to the fee award." (*Id.* (citing *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000)).)

Lastly, Defendant contends that pursuant to the lodestar method, the hourly rate proposed by Plaintiff is also not reasonable. Specifically, Defendant asserts that while Plaintiff provided documentation of the hours allegedly spent litigating this action and affidavits reflecting the fees customarily charged by their respective firms in similar cases, they did not provide affidavits of other practicing attorneys in the area or cite to any cases to determine the hourly rate. (*Id.* at 12.) Defendant argues that "the relevant case law shows that the rates sought by Attorneys Hebert (10 years of experience) and Pilat (4 years of experience) are on the high end and are inappropriate."[4]

[3] After diligent search, the Court has not found any time entries in Doc. 279-2 for Attorney Hebert on 03/14/16 and 01/02/18. Accordingly, the Court will not consider the alleged block-billed time entries on these dates.

[4] Defendant cites to the following examples: "a reasonable hourly rate was determined to be $225.00 per hour for an attorney in the Middle District who had been practicing for 32 years. *Overman v. City of E. Baton Rouge*, No. 13-614, 2015 WL 7459988, at *3–4 (M.D. La. Nov. 24, 2015). A reasonable hourly rate was determined to be $225.00 per hour for work in a civil rights case when the court was in the Middle District. *Ball v. Leblanc*, No. 13-368, 2015 WL 4454779, at *4 (M.D. La. July 20, 2015). In 2015, a reasonable hourly rate was determined to be $150.00/hour for

(*Id.* at 12–13.) He claims that based on the case law, "the PLRA cap is the appropriate rate for Attorney Long based on his years of experience." (*Id.* at 13). However, Defendant asserts that the appropriate rate for Attorney Hebert, based on cases involving attorneys with similar years of experience in this District, is only between $175 and $200 per hour despite the fact that she served as lead counsel in this matter. (*Id.*) As for Attorney Pilat, Defendant asserts that "the affidavits make no mention of Attorney Pilat's qualifications and experience in civil rights litigation," and the records indicate that "Attorney Pilat primarily conducted legal research in this matter." (*Id.*) Thus, Defendant argues that Attorney Pilat's work should be billed at the proposed paralegal rate. (*Id.* at 13–14.) Further, argues Defendant, this is in line with a case in the Western District, where the "court classified the work of an attorney, who primarily conducted legal research, as paralegal work and billed the attorney's hours at a paralegal rate." (*Id.* (citing *Latiolas v. Griffith*, No. 9-18, 2015 WL 4253976, at *7 (W.D. La. July 13, 2015)).)

## III. LAW AND ANALYSIS

In short, the Court finds that an attorney's fees award is warranted and rejects Defendant's argument that such an award is inappropriate. Accordingly, the Court will determine a reasonable fee amount as follows.

### A. Law Governing Fee Applications, Generally

In general, each party must pay their own attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Thus, the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the loser. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247

approximately 25 hours of work for a Baton Rouge attorney. *Williams v. Comm'r of Soc. Sec.*, No. 13-10, 2015 WL 1323347, at *1 (M.D. La. Mar. 24, 2015). In 2013, a reasonable hourly rate of $150.00/hour was awarded to a Baton Rouge attorney who had been practicing law for 26 years for an employment discrimination case. *Johnson-Richardson v. Tangipahoa Par. Sch. Bd.*, No. 12-140, 2013 WL 5671165, at *3 (E.D. La. Oct. 15, 2013)." (Doc. 303 at 13 (stylistic edits made to Defendant's citations).)

(1975). 42 U.S.C. § 1988 provides an exception to this general rule by allowing a district court, in its discretion, to award reasonable attorney's fees to the prevailing party in certain civil rights actions, including those under 42 U.S.C. § 1983.

The Fifth Circuit utilizes the "lodestar" method to calculate reasonable attorney's fees. *In re Fender*, 12 F.3d 480, 487 (5th Cir.1994). Under the lodestar analysis, a district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir.1995) (citing *Hensley*, 461 U.S. at 433). The court then determines the "lodestar" by multiplying the reasonable hours expended by the reasonable hourly rates. *Id.* at 324. After determining the lodestar amount, a portion of the judgment not in excess of 25% must then be applied to satisfy the total amount of attorney's fees awarded under § 1988. *See* 42 U.S.C. § 1977e(d)(2).

The lodestar figure is presumptively reasonable. *See Perdue v. Kenny A. ex. Rel. Winn*, 559 U.S. 542, 554 (2010); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, "[t]he Supreme Court has twice made clear that 'the most critical factor' in determining the reasonableness of a fee award in a civil rights suit 'is the degree of success obtained.' " *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). The district court may adjust the figure upward or downward after assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor required, (2) the novelty and difficulty of the issues, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional

> relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

*Strong v. Bell S. Telecomms., Inc.*, 137 F.3d 844, 850 n.4 (5th Cir. 1998). The Fifth Circuit has "explained that, of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)). "The lodestar may not be adjusted due to a *Johnson* factor . . . if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (citing *Migis*, 135 F.3d at 1047).

### B. Reasonableness of Hourly Rates

#### *1. Applicable Law*

With respect to assessing the reasonableness of hourly rates, the Fifth Circuit recognizes that "the district court is itself an expert in assessing these matters." *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976) (citations omitted). "To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." *Kellstrom*, 50 F.3d at 328 (citations omitted). An attorney's rate is reasonable only insofar as it is consistent with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). In general, the relevant community is "the community in which the district court sits." *Scham v. Dist. Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998) (abrogated on other grounds by *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 610 (2001)). "[T]he reasonable hourly rate for a particular community is [generally] established through affidavits of other

attorneys practicing there." *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citing *Watkins*, 7 F.3d at 458). Further,

> [W]here a neighboring district of similar size possesses a similar legal market, the Court has considered its prevailing market rates to be informative. *See Strogner v. Sturdivant*, No. 10-CV-125, 2011 WL 6140670, at *2 n. 4 (M.D. La. Dec. 9, 2011) (noting that because New Orleans and Baton Rouge are of comparable size and possess similar legal markets, the prevailing rates in the Eastern District of Louisiana help inform the prevailing rates in the Middle District of Louisiana); *Advocacy Center v. Cain*, No. 12-CV-508, 2014 WL 1246840, at *7 n. 6 (M.D. La. Mar. 24, 2014) (same); *Ball v. Leblanc*, No. 13-CV-368, 2015 WL 4454779, at *3 (M.D. La. July 20, 2015) (same).

*Ball v. Leblanc*, No. 13-368, 2015 WL 5749458, at *2 (M.D. La. Sept. 30, 2015). Thus, "[w]hen an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed." *Kellstrom*, 50 F.3d at 328 (quoting *Islamic Ctr. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989)).

***2. Analysis***

The Court finds that Plaintiff's proposed hourly rates are reasonable. With over 30 years of experience, Attorney Long's rate of $228 per hour is more than reasonable. *See Davis*, 526 F.2d at 868 ("[T]he district court is itself an expert in assessing these matters."). Further, since Plaintiff's customary rate for a litigation paralegal is $125 per hour and Plaintiff is only proposing that the paralegal rate be $100 per hour, the Court finds this rate reasonable as well. *See Kellstrom*, 50 F.3d at 328 (citations omitted) ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates."). Given the fact that these rates are reasonable and Defendant does not take issue with either rate, (*see* Doc. 303 at 12–13), such rates are deemed accepted. Therefore, Attorney Long's and the paralegal's rates will be $228 and $100 per hour, respectively.

Defendant does take issue with, however, Attorney Hebert's and Attorney Pilat's proposed rates. (*See id.*) To support his assertion that Attorney Hebert's proposed rate is unreasonable, Defendant cites three 2015 cases from the Middle District of Louisiana and one 2013 case from the Eastern District of Louisiana. (*See id.* at 13 (citing *Overman v. City of E. Baton Rouge*, No. 13-614, 2015 WL 7459988, at *3–4 (M.D. La. Nov. 24, 2015) (reasonable hourly rate of $225.00 per hour for an attorney in the Middle District with 32 years of experience); *Ball v. Leblanc*, No. 13-368, 2015 WL 4454779, at *4 (M.D. La. July 20, 2015) (reasonable hourly rate determined to be $225.00 per hour in the Middle District for work in a civil rights case); *Williams v. Comm'r of Soc. Sec.*, No. 13-10, 2015 WL 1323347, at *1 (M.D. La. Mar. 24, 2015) (reasonable hourly rate was determined to be $150.00 per hour in Baton Rouge for approximately 25 hours of work); *Johnson-Richardson v. Tangipahoa Par. Sch. Bd.*, No. 12-0140, 2013 WL 5671165, at *3 (E.D. La. Oct. 15, 2013) (reasonable hourly rate of $150.00/hour awarded in an employment discrimination case to a Baton Rouge attorney who had been practicing for 26 years)).) However, Defendant fails to address the change in attorney's fee rates since these cases. Given that Defendant bases his argument off rates that are over 10 years old, the Court does not find Defendant's argument persuasive.

Even though Plaintiff did not provide affidavits from other attorneys in the Baton Rouge area regarding their hourly rates, the Court can look to its neighbor in the Eastern District to determine whether these proposed rates are reasonable. *See Ball*, 2015 WL 5749458, at *2. In 2022, the going rate for an attorney with 10 years of experience in the Eastern District was $320 per hour:

> Brandao a tenth-year specialist, seeks a rate at $320 per hour for the work he performed. The Court finds that Brandao's rate is reasonable. *See EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10

> years of experience); *See Funez v. E.M.S.P., LLC,* 2019 WL 630295 (2019) (Where attorney with 16 years of experience was awarded 320.00 per hour); and *Hernandez v. U.S. Customs & Border Prot. Agency*, No. CIV.A. 10-4602, 2012 WL 398328 (E.D. La. Feb. 7, 2012) (where a rate of $300.00 was awarded for 8 years of experience). *See Bd. of Supervisors of La. State Univ. v. Smack Apparel Co*., No. 04-01593, 2009 WL 927996, at *4–5 (E.D. La. Apr. 2, 2009) ($325.00 per hour was a reasonable hourly rate for an attorney with ten years of specialized experience in trademark litigation, and for an attorney who had twenty-nine years of experience, but not in the particularized field of intellectual property law.) The Court finds that $320 is a reasonable rate for Brandao's work on the matter.

*Lee v. J.M. Prop. Holdings, LLC*, No. 21-1987, 2022 WL 2817847, at *3 (E.D. La. July 19, 2022). Likewise, the going rate for an attorney with four years of experience in the Eastern District was $190 per hour:

> Regarding the rate charged by Graham, given his fourth-year specialist experience, the Court finds that his rate of $190 is reasonable. *See also Creecy v. Metro. Prop. & Cas. Ins. Co*., No. 06-9307, 548 F.Supp.2d 279, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (Awarding $175.00 an hour to a lawyer who had practiced law for five (5) years); *See also Calix v. Marine, LLC*, No. 14-2430, 2016 WL 4194119, at *6 (E.D. La. July 14, 2016) report and recommendation adopted, 2016 WL 4180977 (approving $180 for first year associate); and *Construction South, Inc. v. Jenkins*, No. 11-1201, 2011 U.S. Dist. LEXIS 99254, 2011 WL 3882271 (E.D. La. July 29, 2011) (Knowles, M.J.) (awarding $180/hour for an associate with two (2) years of experience).

*Id.* Given the fact that the proposed rates for Attorneys Hebert and Pilat are lower than those in the Eastern District, the Court finds Attorneys Hebert and Pilat's proposed rates to be reasonable as well.

The Court is also not persuaded by Defendant's argument that pursuant to the court in *Latiolas v. Griffith*, No. 9-18, 2015 WL 4253976, at *7 (W.D. La. July 13, 2015), Attorney Pilat's work should be billed at the paralegal rate since her work consisted mostly of legal research. Defendant misrepresents the facts in *Latiolas*. In that case, the court found that a paralegal rate was appropriate because 1) the "associate" only did legal research; and 2) the court could not confirm that the "associate" was a licensed attorney in Louisiana:

> The other attorneys noted in the billing records to have performed work in this case included G. Andrew Veazey, Stacy Kennedy, Dona Renegar, and Bradley Black-all known to this Court as members of the Louisiana State Bar. Stephini Salles is not known to this Court, and the Court finds no record of her membership in the Lafayette Parish or Louisiana Bar Associations. There is likewise no information about Ms. Salles through the 'Attorney Search' tool on the Louisiana Attorney Disciplinary Board website. Absent any information to verify that she is an attorney, and finding that the work done by Ms. Salles as recorded in the billing submissions is confined to legal research, the court will classify her work as paralegal work, to be billed at paralegal rates.

*Id.* Such is not the case here, as Attorney Pilat has been licensed to practice law in Louisiana since October 20, 2016. (*See* Doc. 303 at 8.)

Therefore, the Court will accept Plaintiff's proposed hourly rates for Attorneys Hebert and Pilat, and their rates will be $228 per hour and $175 per hour, respectively. In sum, all rates are as follows: Attorney Long: $228 per hour; Attorney Hebert: $228 per hour; Attorney Pilat: $175 per hour; Paralegals: $100 per hour.

### C. Reasonableness of Hours Claimed

#### *1. Applicable Law*

Next, "[t]he district court must determine whether the hours claimed were 'reasonably expended on the litigation.' " *Kellstrom*, 50 F.3d at 324 (quoting *Alberti v. Klevenhagen*, 896 F.2d 927, 933–34 (5th Cir.), *vacated on other grounds*, 903 F.2d 352 (5th Cir. 1990)). "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Id.* (citation omitted). Local Rule 54 provides specific guidance for determining whether the number of hours claimed is reasonable: "the party desiring to be awarded such fees shall submit to the Court a contemporaneous time report reflecting the date, time involved, and nature of the services

performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof." M.D. La. LR 54(b).

As a general proposition, attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The fee seeker's attorneys "are charged with proving that they exercised billing judgment." *Id.* at 770. When billing judgment is lacking, the Court must exclude from the lodestar calculation the hours that were not reasonably expended. *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (citations and internal quotations omitted) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").

### ***2. Analysis***

#### a. <u>Fixed Percentage Reduction for Rate of Success</u>

Defendant asserts that since Plaintiff succeeded against only one of four defendants, such a verdict is only a 25% success and Plaintiff's overall bill should be reduced by 75%. (Doc. 303 at 10.) The Court disagrees. While "[t]he Supreme Court has twice made clear that 'the most critical factor' in determining the reasonableness of a fee award in a civil rights suit 'is the degree of success obtained[]' " (*Migis*, 135 F.3d at 1047 (quoting *Farrar*, 506 U.S. at 114)), "[t]here is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. A plaintiff can recover in full even if they only prevailed against one defendant. *See City of Riverside v. Rivera*, 477 U.S. 561, 569–73 (1986). In *City of Riverside v. Rivera*, the Supreme Court held that a lower court was not clearly erroneous in awarding total compensation when the plaintiff had not prevailed on all original claims and defendants. *Id.* Since the plaintiff's claims were based on a

common core of facts and the plaintiff received an excellent result in a highly complex case, the Court found that total compensation was warranted. *Id.*

Here, all Johnson's claims against Holliday and the Warden Defendants are based on a common core of facts. Johnson claimed that Holliday, as a former LSP guard, raped him on several occasions and that the Warden Defendants failed to protect him from the final rape despite their knowledge that he was in danger. Further, although Johnson did not receive the $4,000,000 verdict he had prayed for, Johnson received an excellent verdict of $750,000 against Holliday. Given the high complexity of this case and the excellent result obtained, the Court finds that Johnson's outcome in this case was successful. Accordingly, the Court will not reduce Plaintiff's bill by a fixed percentage for being unsuccessful at trial.

b. <u>Block Billing</u>

Defendant argues that the Court should apply a fixed percentage reduction to Plaintiff's reasonable hours billed to account for the fact that Plaintiff failed to exercise billing judgment through block billing. (Doc. 303 at 10.) "Block-billing is a time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *U.S. ex rel., Cook-Reska v. Cmty. Health Sys., Inc.*, 641 F. App'x 396, 399 n.7 (5th Cir. 2016) (internal quotations and citations omitted) "Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation [ . . . because] the court cannot accurately determine the number of hours spent on any particular task . . . ." *Id.* However, "[a] reduction for block billing is not automatic." *Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, No. 9-752, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2011). "[E]ven a failure to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *Hollowell v. Orleans Reg'l*

*Hosp. LLC*, 217 F.3d 379, 392 n.18 (5th Cir.2000) (internal citations and quotations omitted). "Therefore, before reducing the fee request based on block billing, the court must evaluate whether the applicant's evidence is adequate to enable it to determine the reasonableness of the hours expended." *Fralick*, 2011 WL 487754, at *5.

Although Defendant asserts that Plaintiff's attorneys' and paralegals' use of block billing warrants an "across-the-board reduction to account for the significant number of unreasonable time entries," Defendant only provides specific examples of block billing for Attorney Hebert's time entries. (*See* Doc. 303 at 12.) While somewhat unclear, the Court believes that Defendant takes issue with Attorney Hebert block billing for the highlighted time entries attached to this Ruling. (*See* Appendix A.)

The Court disagrees with Defendant's assertion that a fixed percentage reduction should be applied to Plaintiff's entire bill due to block billing. Instead, the Court finds that a fixed percentage reduction should be applied only to the disputed block billed entries. While not all disputed time entries meet the exact definition of a "block bill" because the entries lump multiple tasks together but not necessarily all tasks done in one day, the Court will treat these entries as block bills, as the practice of lumping multiple tasks shows a lack of billing judgment and warrants a reduction. Accordingly, to account for the potential unreasonableness that may have been found had these bills not been block billed, Attorney Hebert's disputed block billed time entries will be reduced by a fixed percentage of 15%. With Attorney Hebert's disputed block billed time entries totaling 138.1 hours, a 15% reduction equates to 20.715 hours.

c. <u>CM/ECF Notices</u>

Defendant argues that the Court should exclude Attorney Long's 252 time entries for receiving and reviewing CM/ECF notices. (Doc. 303 at 5.) Although there is a line of cases from

the Eastern District that conclude that electronic notices should be reduced (*see, e.g.*, *Dasilva v. U.S. Citizenship & Immigr. Servs.*, No. 13-13, 2014 WL 1819753, at *4 (E.D. La. May 7, 2014); *Gahagan v. U.S. Citizenship & Immigr. Servs.*, No. 16-15438, 2017 WL 4867762, at *7 (E.D. La. Apr. 27, 2017)), this Court disagrees. Rather, attorneys have a duty to review and respond appropriately to these notices, and failure to do so could lead to missed court orders, missed deadlines, sanctions, and malpractice. Finding no Fifth Circuit case directly on this issue, the Court does not find it unreasonable for an attorney to bill for receiving and reviewing CM/ECF notices. Accordingly, the Court will refrain from reducing Plaintiff's CM/ECF notice time entries.

d. Paralegal Work

Defendant objects to 78.4 hours that the paralegals in this matter billed. (*See* Ex. B, Doc. 303-3.) Defendant first argues that of those 78.4 hours, 74.9 hours[5] were spent doing clerical, non-billable work. (Doc. 303 at 7.) Paralegal work is billable "only to the extent that the paralegal performs work traditionally done by an attorney. Otherwise, paralegal expenses are separately unrecoverable overhead expenses." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). "[P]urely clerical or secretarial tasks should not be billed at a paralegal rate. . . ." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Further,

> Legal tasks that may be performed by a paralegal and billed accordingly include factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Clerical work, or secretarial tasks, include the filing of legal documents, the calendaring of events, and communications regarding scheduling issues. Preparing, assembling, and redacting documents and exhibits, including affixing labels, are likewise clerical.

[5] The Court notes that in Doc. 303 at 7, Defendant objects to the following number of hours as clerical work: 1.4 hours for paralegal Guillory, 41.2 hours for paralegal Bardwell, 0.7 hours for paralegal Maloz, and 36 hours for paralegal Alexander. This equates to 79.3 hours. However, the disputed clerical work time entries in Exhibit B, Doc. 303-3, not including the 3.5 hours paralegal Alexander spent attending a motion in limine hearing, equates to 74.9 hours. Thus, the Court will use 74.9 hours as the amount of disputed clerical time.

*Bowman v. Prida Constr., Inc.*, 568 F. Supp. 3d 779, 786–87 (S.D. Tex. 2021) (internal quotations and citations omitted). *See also Rodney v. Elliott Sec. Sols., LLC*, No. 19-11890, 2020 WL 4756490, at *10 (E.D. La. July 30, 2020) ("Clerical work includes copying, typing, labeling, faxing, mailing, filing[,] and/or delivering pleadings/documents.").

The Court has carefully reviewed the paralegal time entries Defendant disputes as clerical. While some do constitute clerical work, others constitute legal work and are thus billable. Attached to this Ruling is an annotated version of the paralegal time entries that Defendant disputes. (*See* Appendix B.) The highlighted time entries constitute legal work, and the time figures in red represent how much time the Court has credited for this legal work. Namely, as noted above, attorneys have a duty to review CM/ECF notices; thus, the Court has deemed such work legal in nature. As the attachment denotes, 40 out of the 74.9 hours constitute legal work, and the 34.9 hours of clerical work will be reduced accordingly.

With respect to the other 3.5 hours of the disputed 78.4 hours, Defendant argues that the 3.5 hours should be excluded because the paralegal spent those hours attending a motion in limine hearing before this Court. The Court finds that to streamline the presentation of evidence, a paralegal is often needed at motion in limine hearings, and, thus, a paralegal billing for such time is reasonable. Therefore, the Court will not reduce the 3.5 hours the paralegal spent at the motion in limine hearing.

e. <u>Identical Time Entry Descriptions</u>

Defendant objects to Attorneys Long and Hebert's use of identical descriptions in time entries, arguing that such a practice constitutes unreasonable double billing. (*See* Doc. 303 at 6.) The Court disagrees. Defendant asserts that "[i]t goes with saying that double-billing occurs when multiple attorneys are retained by a plaintiff[,] especially when the attorneys work at the same

firm. Here, however, the invoices for Attorneys Long and Hebert include identical time entries despite the fact that they work at different law firms." (*Id.* at 7.) The Court sees no difference between using identical time entry descriptions when the attorneys work at the same firm and when they do not. If two attorneys on the same case work on the same matter, both attorneys billing for such activity is appropriate, regardless of whether those attorneys work at the same firm or not. While attorneys using identical billing descriptions for matters they both worked on may not be the best billing practice, a time deduction is inappropriate here. Accordingly, the Court will not reduce Attorneys Long's and Hebert's time entries with identical descriptions.

f. Attorney Pilat's Work Before Being Admitted to the Louisiana Bar

Defendant objects to the 11.4 hours Attorney Pilat billed between February and September 2016. (*See* Doc. 303 at 8.) Defendant argues that since Attorney Pilat was not licensed to practice law in Louisiana during this time, such time should not be billed at an attorney rate. (*Id.*) The Court agrees. Accordingly, these 11.4 hours will be billed at the paralegal rate.

g. Attorney Pilat Attending Depositions

Defendant objects to the 21.9 hours that Attorney Pilat spent attending depositions since Attorneys Long and Hebert were also in attendance. (*See* Doc. 303 at 8.) The Court agrees with Defendant that billing for three attorneys at a deposition, absent unusual circumstances, is excessive. However, as an attorney on the case, Attorney Pilat needed to be knowledgeable on what occurred during these depositions. Therefore, the Court will reduce Attorney Pilat's time at depositions in half to account for the fact that had she not been at the depositions, Attorney Pilat would have needed to review the deposition transcripts. Accordingly, Attorney Pilat's time for attending depositions will be reduced by 10.95 hours.

**D. Calculation of the Lodestar and Adjustment per *Johnson***

To calculate the lodestar, the Court will begin by multiplying the reasonable hourly rates by the reasonable number of hours expended. *See Kellstrom*, 50 F.3d at 323–24.

Attorney Hebert's reasonable hourly rate is $228. Her reasonable number of hours expended is 1,036.3 minus 20.715, accounting for a 15% reduction for block bills, which equates to 1,015.585. When multiplying these two numbers together, Attorney Hebert's total amount is $231,553.38.

Attorney Long's reasonable hourly rate is $228. His reasonable number of hours expended is 530.4. When multiplying these two numbers together, Attorney Long's total amount is $120,931.20.

Attorney Pilat's reasonable hourly rate is $175 for all hours accumulated when she was licensed to practice. Her reasonable number of hours expended during this time is 125.1 minus 10.95, accounting for a half deduction for attending depositions, which equates to 114.15 hours. When multiplying these two numbers together, Attorney Pilat's total amount for only the time she was licensed to practice law is $19,976.25. Attorney Pilat's reasonable hourly rate is $100 for all hours accumulated prior to when she was licensed to practice. Her reasonable number of hours expended during this time is 11.4 hours. When multiplying these two numbers together, Attorney Pilat's total amount for the time before she was licensed to practice law is $1,140. When combining the amount Attorney Pilat earned before she was licensed and after she was licensed, Attorney Pilat's total amount earned is $21,116.25.

The paralegals' reasonable hourly rate is $100. Their reasonable number of hours expended is 302.1 minus 34.9, accounting for a deduction of clerical work, which equates to 267.2 hours. When multiplying these two numbers together, the paralegals' total amount is $26,720.

Attorney Hebert, Attorney Long, Attorney Pilat, and the paralegals' totals combined ($231,553.38 + $120,931.20 + $21,116.25 + $26,720) equates to $400,320.83. When subtracting 25% of the judgment, which is $187,500, from this number, (*see* 42 U.S.C. § 1977e(d)(2)), the final lodestar amount of attorney's fees is $212,820.83.

Again, the Court may adjust this figure upward or downward after assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor required, (2) the novelty and difficulty of the issues, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

However, the Court deems that an upward or downward adjustment pursuant to *Johnson* is unnecessary. Likewise, factors (1), (3), (5), (8) (9), and (10) weigh in favor of an upward deviation while factors (2), (4), (6), and (11) weigh in favor of a downward deviation, and the parties have not made any arguments as to factor (12), awards in similar cases. Given that there are factors weighing in both directions and that an upward or downward adjustment is unnecessary, the Court will not deviate from the presumptively reasonable lodestar.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Tony Johnson's *Motion to Tax Costs and Attorney Fees* (Doc. 302) is **GRANTED IN PART and DENIED IN PART**. Defendant Tyler Holliday shall pay to Plaintiff the amount of $212,820.83 in reasonable attorney's fees and expenses.

Signed in Baton Rouge, Louisiana, on September 28, 2023.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

CARLETON HEBERT WITTENBRINK & SHOENFELT LLC
ATTORNEYS AT LAW

**Carleton Hebert Wittenbrink & Shoenfelt, LLC**
**400 Convention Street, Suite 550**
**Baton Rouge, LA 70802**
**Tax I.D. No. 27-3856497**
**Phone: (225) 282-0602**
**Fax: (877) 443-9889**

Invoice submitted to:

Tony Johnson (9066-001)

| | |
|---|---|
| Invoice # | **31349** |
| Invoice Date | **03/23/2020** |
| For Services Through | 03/23/2020 |
| Terms: | **10 Days after Receipt** |

| Date | By | Service Summary | Hours |
|---|---|---|---|
| In Reference To: **Johnson v. Holliday (9066-001) (Fees)** | | | |
| 04/21/2015 | TG | *Services*<br>Receive & Review Scheduling Conference date & Status Report; calender same. | 0.10 |
| 04/27/2015 | CTH | *Services*<br>Edit and file status report; speak with Clerk's office; edit spacing and re-file status report. | 0.90 |
| 04/28/2015 | CTH | *Services*<br>Draft and file ex parte motion to strike status report. | 0.50 |
| 04/30/2015 | CTH | *Services*<br>Travel to Rayburn Correctional Facility to meet and interview Tony Johnson to prepare initial disclosures; discuss strategy with co-counsel during drive there and back. | 6.50 |
| 05/07/2015 | CTH | *Services*<br>Attend in-chambers status conference with Magistrate Judge Bourgeois to discuss issues related to depositions of Angola employees; return to office. | 1.00 |
| 05/08/2015 | TG | *Services*<br>Receive and review notice from the court regarding status conference, calendared the dates. | 0.40 |
| 05/28/2015 | TG | *Services*<br>Prepare spreadsheet of witnesses in preparation for Mrs. Hebert. | 0.60 |
| 05/29/2015 | CTH | *Services*<br>Work on initial disclosures; complete spreadsheet of witnesses; email to Joe Long. | 0.70 |
| 06/02/2015 | TG | *Services*<br>Prepare Draft for Plaintiff's Response to Defendants First Set of Interrogatories; Prepare Draft for Plaintiff's Response to Defendants First Set of Request for Production. | 0.70 |

APPENDIX A

EXHIBIT 1

| | | | |
|---|---|---|---|
| 06/09/2015 | CTH | *Services*<br>Exchange emails with co-counsel re: discovery responses; review first draft of respones. | 0.50 |
| 06/10/2015 | CTH | *Services*<br>Receive and review materials for use with Grafton as expert witness. | 0.30 |
| 07/06/2015 | CTH | *Services*<br>Exchange emails with Matt Davis re: request for production extension for responses; finalize and send responses to interrogatories. | 0.70 |
| 07/08/2015 | TG | *Services*<br>Telephone the Litigation Division (225) 326-6405, spk w/Mr. Davis in regards to the D/L for the Discovery Production, which will be due: 7/16/2015; Calendar same. | 0.40 |
| 07/17/2015 | CTH | *Services*<br>Finish document production and send to Joe Long for review; bates number, finish written responses and send to opposing counsel. | 2.10 |
| 07/17/2015 | CTH | *Services*<br>Gather information for issuance of subpoenas to DNA testing facilities. Send to paralegal with instructions for subpoena. | 1.10 |
| 07/17/2015 | TG | *Services*<br>Review and make revisions to Plaintiff's list of witnesses with corrections. | 0.50 |
| 07/20/2015 | TG | *Services*<br>Prepare Subpoena's to Mobile Tech Medical, Inc. & Beta Genetics DNA Laboratory for Production of Documents of analysis sample dated April 16, 2014 and April 25, 2014(.5); Prepare Documents attached to Subpoena "Items Made Subject of Subpoena & Certificate of Authenticity"(.3). | 0.80 |
| 07/20/2015 | TG | *Services*<br>Prepare Privilege Log re: Discovery Production being withheld on the basis of Attorney Client Privilege(s). | 2.00 |
| 07/21/2015 | CTH | *Services*<br>Call AG's office to find out new attorney handling case; call and speak with Mr. Tunde Animashaun re: discovery responses; email same re: mediation for settlement. | 0.50 |
| 09/16/2015 | CTH | *Services*<br>Attempt to arrange for attorney visit with Client. | 0.20 |
| 10/22/2015 | CTH | *Services*<br>Drafting discovery. | 4.20 |
| 12/01/2015 | CTH | *Services*<br>Email Tunde Animashaun re: discovery responses and set discovery conference. | 0.30 |
| 12/14/2015 | CTH | *Services*<br>Receive email from Chris Walters; online research to locate witness Blalock, who is no longer with DOC. Confer with co-counsel re: client attending deposition. | 1.30 |
| 12/16/2015 | CTH | *Services*<br>Confer with co-counsel and respond to email from Christopher Walters re: depositions. Research on hearsay exceptions for Blalock statements. | 0.90 |

| | | | |
|---|---|---|---|
| 12/21/2015 | CTH | *Services*<br>Receive and begin review of additional documents from DOC; forward to Joe Long. | 1.30 |
| 12/22/2015 | CTH | *Services*<br>Email Chris Walters regarding additional documents, privilege log. | 0.20 |
| 12/22/2015 | CTH | *Services*<br>Receive and begin review of discovery responses; get contact info for client and leave message re: producing documents to him. Confer with Joe Long re: discovery. | 2.80 |
| 01/08/2016 | CTH | *Services*<br>Prepare for and meet with Client to review discovery responses from DOC. | 3.20 |
| 01/12/2016 | CTH | *Services*<br>Exchange emails with Chris Walters re: January 21, 2016 deposition date for DOC employees. | 0.20 |
| 01/14/2016 | CTH | *Services*<br>Finish reviewing document production, review notes from meeting with client and written responses from Defendants; draft extensive, detailed letter regarding multiple deficiencies with responses to discovery. (2.9) Draft second set of discovery to Defendants; send to co-counsel for review and input. (1.0) | 3.90 |
| 01/15/2016 | CTH | *Services*<br>Finalize second set of discovery and send to Chris Walters. | 0.40 |
| 01/18/2016 | CTH | *Services*<br>Email Chris Walters re: discovery responses, postponing depositions, and requesting additional dates. Speak with Client and with co-counsel. Notice of depositions for witnesses. | 1.90 |
| 01/19/2016 | CTH | *Services*<br>Phone conference with Chris Walters re: emails yesterday; postpone Stogner deposition and discuss dates in early February. Set to reconvene at 4p to discuss discovery deficiencies. Call client and set appointment for Thursday to review documents, discuss questions for Stogner deposition. Email Marsha Wills re: deposition. Email Joseph Long re: depositions. | 1.20 |
| 01/19/2016 | CTH | *Services*<br>Call Chris Walters to conduct discovery conference; email Mr. Walters for failure to answer call and failure to produce documents as promised by COB today. Begin work on motion to compel. | 1.00 |
| 01/20/2016 | CTH | *Services*<br>Drafting motion to compel because no responses before noon deadline (1.9); receive responses at 11:50 a.m. from AG's office; begin to review documents. (.6) | 2.50 |
| 01/21/2016 | CTH | *Services*<br>Reviewing document production (2.5); go to WBR to meet with co-counsel and client and review document production and get follow up action items. (3.0) | 5.50 |
| 01/22/2016 | CTH | *Services*<br>Work on subpoenas to Beta Genetics and DNA Testing of Baton Rouge. Researching rules on service by certified mail. Confer with co-counsel. | 1.90 |

| | | | | |
|---|---|---|---|---|
| 01/25/2016 | CTH | *Services*<br>Phone conference with Client. Discuss discovery requests and deposition questions. | 0.30 | |
| 02/03/2016 | CTH | *Services*<br>Reply to email from Chris Walters re: deposition dates, times, and place. Also re: Client's deposition. | 0.50 | |
| 02/08/2016 | CTH | *Services*<br>Review scheduling order and dates. Drafting joint motion to extend deadlines. Send to opposing counsel for approval. | 1.20 | |
| 02/08/2016 | CTH | *Services*<br>Drafting motion to compel DNA sample from Holliday. Legal research related to motion. | 2.60 | |
| 02/08/2016 | CTH | *Services*<br>Coordinate deposition dates with opposing counsel; draft notices; review and prepare for sending. | 1.30 | |
| 02/08/2016 | CTH | *Services*<br>Phone conferences with Client, co-counsel and employer for client to arrange date for depositions. | 0.60 | |
| 02/08/2016 | CTH | *Services*<br>Review discovery responses by DPSC; preparing for depositions of Coody and Delaney. | 1.00 | |
| 02/09/2016 | CTH | *Services*<br>Deposition prep; reviewing PREA materials; reviewing client file and notes. | 5.50 | |
| 02/10/2016 | CTH | *Services*<br>Exchange emails and speak with Co-counsel re: depositions, discovery, fact witnesses (.5). Email Chris Walters re: tomorrow and future depositions, expert attendance (.4). Email Chris Walters with names of court reporters (.2). Speak with Client re: witnesses re: voyeurism, depositions, and discovery (.4). Drafting supplemental discovery. (1.0) Editing and drafting memo in support of motion to compel DNA from Holliday (1.0) | 3.50 | |
| 02/10/2016 | BP | *Services*<br>Researched FRCP 26(b)(1) and FRCP 35 to find comparative case law showing that the defendant would have to submit a DNA sample for the motion to compel production of DNA. | 6.80 | |
| 02/11/2016 | CTH | *Services*<br>Confer with co-counsel and prepare for depositions of Major Vaughn, Warden Coody, Warden Delaney and Col. Wilson. Attend depositions of same. | 8.20 | |
| 02/11/2016 | CTH | *Services*<br>Deposition prep for Warden Lamartiniere, Warden Dupont. Confer with co-counsel, review documents, and discuss testimony from witnesses deposed today. Discuss strategy for upcoming depositions. | 3.30 | |
| 02/12/2016 | CTH | *Services*<br>Preparing for Amy Stogner deposition; attend and assist with depositions of Warden Dupont and Warden Lamartiniere; depose Amy Stogner | 6.50 | |
| 02/12/2016 | CTH | *Services*<br>Legal research and drafting request for public records from West Feliciana Parish Sheriff and District Attorney Offices. | 1.30 | No Charge |

| | | | |
|---|---|---|---|
| 02/12/2016 | CTH | *Services*<br>Confer with Client and co-counsel re: additional discovery; drafting letter to Chris Walters re: discovery deficiencies for first set of discovery. Drafting third set of discovery. Drafting letter to Chris Walters re: additional matters (depositions, extending deadlines, 30 (b)(6) witnesses, subpoenas to third parties, and enclosing 3rd discovery). | 4.20 |
| 02/12/2016 | CTH | *Services*<br>Research issues related to obtaining records from Louisiana State Police Crime Lab. | 1.10 |
| 02/15/2016 | CTH | *Services*<br>Confer with co-counsel (emails/phone calls) and client (phone call); finish drafting third set of discovery to defendants; finish drafting letter with additional deponents and begin on substance for subpoenas duces tecum to deponents from DPSC. | 3.90 |
| 02/15/2016 | CTH | *Services*<br>Researching admissibility of polygraph examination results. Conform subpoena duces tecum for Captain Kristen Hooper to research. | 1.50 |
| 02/15/2016 | CTH | *Services*<br>Phone conferences with Ron Jenkins re: compelling DNA from Holliday; info re: service of subpoenas duces tecum to Baton Rouge and Ohio. Confer with co-counsel on issues raised during phone conference with Mr. Jenkins. | 1.30 |
| 02/15/2016 | CTH | *Services*<br>Editing subpoenas duces tecum to DNA testing facilities in Baton Rouge and Ohio. Gathering service information. | 0.90 |
| 02/16/2016 | CTH | *Services*<br>Telephone discovery conference with Chris Walters and Tunde Animashaun regarding deficient discovery responses. Discuss items that DPSC will produce. Discuss objections to production of LSP-14-D-0239 materials re: Holliday (in second set of discovery). Phones call with co-counsel and with client to discuss. | 1.30 |
| 02/16/2016 | CTH | *Services*<br>Receive Defendants second supplemental responses to first discovery and responses to second set of discovery; listen to audio recording; review written responses and newly produced documents. Compare to list of deficiencies in prior letters. | 2.00 |
| 02/16/2016 | CTH | *Services*<br>Drafting motion to compel and order; drafting memo in support; compare deficiency letters (1/14/16 and 2/12/16) with responses and supplements; outline issues to be addressed in memo; legal research re: standards, applicable case law; begin sections on compelling transfer order and other information related to transfer, PREA training for DPSC employees. | 6.70 |
| 02/17/2016 | CTH | *Services*<br>Legal research regarding privileges and confidentiality claims for PREA investigation LSP-14-D-0239 and privilege log/redactions. Federal common law and Louisiana law; protective order; public records. | 3.30 |
| 02/17/2016 | CTH | *Services*<br>Drafting motion to compel: drafting sections on crime lab, Falcon security booth log book, written communications related to Tony Johnson, polygraph documents. Research polygraph issues and work on 30(b)(6) notice for polygraph materials. | 3.40 |

| | | | | |
|---|---|---|---|---|
| 02/17/2016 | CTH | *Services*<br>Exchange multiple emails with Chris Walters re: discovery issues (depositions, changing list of witnesses, privileges asserted and attempts to resolve discovery disputes). Receive supplemental responses and review (Confidential report re: LSP-14-C-0207 related to Holliday/Blalock). Reply to Mr. Walters regarding next week's depositions. | 2.60 | |
| 02/17/2016 | BP | *Services*<br>Composed motion for leave of court to add newly discovered defendants | 1.60 | |
| 02/18/2016 | CTH | *Services*<br>Drafting motion to compel; legal research and drafting sections regarding privilege claimed under state law for PREA investigation LSP-14-D-0239, federal common law analysis, and relevance under FRE 406 | 2.90 | |
| 02/18/2016 | CTH | *Services*<br>Drafting motion to compel: drafting sections on Holliday non-response to any discovery; requests for which no objections made and no documents produced; review of multiple sets of responses from defendants and surmise exactly what is still missing. | 2.10 | |
| 02/18/2016 | CTH | *Services*<br>Prepare all exhibits for motion to compel; review final pleading. Revise motion and order. File electronically with PACER. | 1.90 | |
| 02/19/2016 | CTH | *Services*<br>Confer with co-counsel by phone re: deposition of Capt. Michaela McGee and whether to issue subpoena for documents. | 0.40 | |
| 02/19/2016 | CTH | *Services*<br>Legal research and drafting motion for leave to amend complaint. (Factors re: grounds to amend scheduling order). | 3.40 | |
| 02/19/2016 | CTH | *Services*<br>Phone conference with Client re: discovery matters, depositions. | 0.40 | |
| 02/19/2016 | CTH | *Services*<br>Drafting Motion to Strike per request of Clerk. Re-file motion to compel with correct year in suit number. | 1.00 | |
| 02/22/2016 | CTH | *Services*<br>Drafting final portion of memo in support of motion for leave to amend; draft proposed Plaintiff's First Amended Complaint; finalize draft motion, memo and proposed order. Send to co-counsel for review. | 2.30 | |
| 02/22/2016 | CTH | *Services*<br>Phone conference with Client re: his deposition, others being set this week. | 0.50 | |
| 02/22/2016 | CTH | *Services*<br>Prepare Notice of Deposition for Warden Tanner; email Chris Walters re: depositions this week and with copy of notice | 0.40 | |
| 02/23/2016 | CTH | *Services*<br>Exchange emails with Chris Walters re: depositions. Preparing motion for leave to exceed ten depositions. | 1.50 | |
| 02/23/2016 | CTH | *Services*<br>Phone conference with Client re: deposition preparation with Joe this week. | 0.30 | No Charge |

| | | | |
|---|---|---|---|
| 02/23/2016 | CTH | *Services*<br>Additional edits, then finalize and file motion for leave to amend to add Burl Cain, memo, exhibits, and order. | 2.80 |
| 02/25/2016 | CTH | *Services*<br>Appear for/assist with deposition of Warden Robert Tanner. | 1.50 |
| 02/26/2016 | CTH | *Services*<br>Deposition prep for Colonel Joel Odom re: department regulations and ARP process; deposition prep for Major William Kaycee Rosso re: Falcon Unit, job, employee roster, investigation. | 4.50 |
| 02/26/2016 | CTH | *Services*<br>Conduct deposition examinations of Joel Odom and William Rosso. | 3.50 |
| 03/01/2016 | CTH | *Services*<br>Gather information on expert witnesses; contact witnesses for CV/resumes; forward to opposing counsel. | 1.50 |
| 03/01/2016 | CTH | *Services*<br>Drafting requests for production and interrogatories to DPSC. | 1.40 |
| 03/04/2016 | CTH | *Services*<br>Receive and review Defendants' opposition to motion for leave to amend complaint to add Burl Cain as defendant. | 0.70 |
| 03/04/2016 | CTH | *Services*<br>Email opposing counsel re: mitochondrial DNA testing at Plaintiff's cost. Receive response and confer with Joe Long. | 0.70 |
| 03/07/2016 | CTH | *Services*<br>Draft motion for expedited consideration; supporting memo; file electronically. | 0.90 |
| 03/07/2016 | CTH | *Services*<br>Phone conference with client re: discovery and Rapides parish time. | 0.40 |
| 03/07/2016 | CTH | *Services*<br>Drafting/editing motion for leave to amend to name Dupont. Gather exhibits. | 1.00 |
| 03/08/2016 | CTH | *Services*<br>Drafting motion for leave to amend complaint to add Dupont; memo in support, exhibits, order. | 2.40 |
| 03/15/2016 | CTH | *Services*<br>Receive and review Defendants' opposition to motion to compel. Begin drafting reply. | 1.20 |
| 04/01/2016 | CTH | *Services*<br>Review discovery responses from DPSC and send letter to Chris Walters re: discovery conference, outlining issues. | 1.30 |
| 04/01/2016 | CTH | *Services*<br>Receive expert list from Defendants; email Mr. Walters re: supplementing discovery response related to expert topics/subject matter of testimony. | 0.30 |
| 04/05/2016 | CTH | *Services*<br>Conduct telephone discovery conference with Mr. Walters and Mr. Animashaun re: response to third set of discovery to defendants (1.1). Draft detailed letter regarding outstanding issues at conclusion of conference, comparing prior responses and requests (2.3). | 3.40 |

| | | | |
|---|---|---|---|
| 04/05/2016 | CTH | *Services*<br>Drafting motion for leave to reply in support of motion to compel filed by Plaintiff; drafting supporting memo and requesting oral argument on attorney fees. | 2.80 |
| 04/07/2016 | CTH | *Services*<br>Draft 30(b)(6) notice of deposition to DPSC and exhibit A topic list; review discovery to ensure inclusion of all issues for which motion to compel pending or otherwise incomplete responses given. Send to Chris Walters. | 1.60 |
| 04/07/2016 | CTH | *Services*<br>Phone conference with Client re: discovery, Randall Graham's mother (Advocate interview). Confer with co-counsel. | 0.50 |
| 04/08/2016 | CTH | *Services*<br>Receive and review motion to dismiss; researching law on pendent state law claims; confer with co-counsel. | 2.00 |
| 04/08/2016 | CTH | *Services*<br>Receive and review discovery responses from Defendants to 4th set of discovery. Email opposing counsel re: outstanding discovery and setting discovery conference for deficiencies in 4th set. | 0.90 |
| 04/11/2016 | CTH | *Services*<br>Research related to state indemnity of acts of employees; gross negligence v. criminal conduct. History of La. R.S. 13:5108.1. | 3.00 |
| 04/15/2016 | CTH | *Services*<br>Draft letter to Chris Walters re: discovery deficiencies following discovery conference on April 12. Extensive discussion of third and fourth set of discovery. | 2.90 |
| 05/12/2016 | CTH | *Services*<br>Review discovery responses and documents received today (1.5); email Chris Walters re: deposition dates, document production and status with Judge Bourgeois (.4); prepare notes for conference with Judge (.9) | 2.80 |
| 05/18/2016 | CTH | *Services*<br>Responding to discovery and preparing privilege log and document production. | 1.90 |
| 05/19/2016 | CTH | *Services*<br>Travel to Angola for site inspection of Camp D, Falcon Unit, and Falcon Office where assaults occurred; return to office. | 3.50 |
| 05/25/2016 | CTH | *Services*<br>Receive and review video of interview of Tyler Holliday from WFPSO. | 1.00 |
| 05/27/2016 | CTH | *Services*<br>Receive and review court rulings; inform Client. Drafting Subpoena for DPSC for 30(b)(6) deposition and topic list. | 2.00 |
| 06/06/2016 | CTH | *Services*<br>Write to Chris Walters re: proposal for mitochondrial DNA testing and consent agreement to effect same. | 0.50 |
| 06/06/2016 | CTH | *Services*<br>Search all available sources including PACER for service information for Burl Cain and Leslie Dupont. Request additional searches by Victor Loraso for Cain. | 0.70 |

Case 3:15-cv-00038-JWD-EWD Document 278 03/23/23 Page 37 of 51

| | | | |
|---|---|---|---|
| 06/09/2016 | CTH | *Services*<br>Working on opposition to motion to quash. Email Chris Walters re: mitochondrial DNA. | 2.10 |
| 06/10/2016 | CTH | *Services*<br>Drafting opposition to motion to quash and for protective order. Prepare exhibits and file electronically. | 8.40 |
| 06/10/2016 | CTH | *Services*<br>Exchange emails with Chris Walters re: mito DNA and address for witness. Email Joseph Long and client. | 0.30 |
| 06/13/2016 | CTH | *Services*<br>Prepare for and attend deposition of Burl Cain. Confer with co-counsel afterward regarding remaining discovery that is needed. | 3.50 |
| 06/13/2016 | CTH | *Services*<br>Prepare motion to strike and motion for leave to exceed page limits, order, supporting memo. File electronically. | 1.90 |
| 06/13/2016 | CTH | *Services*<br>Preparing summons for Cain and Dupont; researching requirement for service of amended complaint. | 1.00 |
| 06/19/2016 | CTH | *Services*<br>Drafting and editing memorandum in opposition to DPSC motion to quash. Law citations, citations to other pleadings, and sources for dates. | 8.50 |
| 06/22/2016 | CTH | *Services*<br>Drafting and editing memorandum in opposition to DPSC motion to quash. Gather dozens of cross reference dates, exhibits and citations to prior pleadings. File electronically. | 9.50 |
| 06/27/2016 | CTH | *Services*<br>File return of executed summons for Burl Cain and Leslie Dupont using ECF system. | 0.30 |
| 06/27/2016 | CTH | *Services*<br>Email Chris Walters re: deposition dates for DPSC. | 0.20 |
| 06/28/2016 | CTH | *Services*<br>Preparing for hearing on DPSC motions; phone conference with Client; propound discovery to Defendants. | 2.00 |
| 07/01/2016 | CTH | *Services*<br>Appear in Judge Bourgeois' court for hearing on DPSC's motions to quash/for protective order. Confer afterward with co-counsel re: discovery, case, Christopher Metz case. | 4.50 |
| 07/06/2016 | CTH | *Services*<br>Drafting list of witnesses for email searches; search terms; confer with Client. Drafting revised protective order; exchange emails and calls with Faye Morrison and Christopher Walters re: Defendant consent to proposed protective order. | 3.50 |
| 07/06/2016 | CTH | *Services*<br>Drafting edited joint motion for protective order; send to all counsel; exchange emails with Faye Morrison re: Crime Lab evidence/appearance in motion. Edit and send joint motion with Ms. Morrison's information included. | 0.80 |

| | | | |
|---|---|---|---|
| 07/11/2016 | CTH | *Services*<br>Confer with client re: email search priority. Phone conference with Chris Walters re: email searches, response to DPSC's objections. | 0.80 |
| 08/01/2016 | CTH | *Services*<br>Prepare waiver of service and correspondence to Burl Cain and Leslie Dupont | 0.90 |
| 08/01/2016 | CTH | *Services*<br>Prepare case submission forms for Bode Cellmark for both samples; confer with Angela Ross re: submission of WFP sample. Confer with Bode Cellmark re: submissions and forward both forms to Joan Gulliksen at Bode. Forward LSP submission form to Faye Morrison and request contact information to update form. Confer with Clerk re: notice to DA and request same since overlooked previously by Clerk. | 2.70 |
| 08/26/2016 | BP | *Services*<br>Review defendant's memo in support of motion to dismiss; pull cases cited therein and analyze relevance to argument and look for distinguishing facts. | 3.00 |
| 09/06/2016 | CTH | *Services*<br>Receive letter from Chris Walters to Judge Bourgeois requesting status; telephone conference to update client on this and discussion with Scales Lab technician/testing. | 0.50 |
| 09/14/2016 | CTH | *Services*<br>Research, draft, edit, finalize, and file opposition to defendants' motion to dismiss. | 14.00 |
| 09/22/2016 | CTH | *Services*<br>Attend status conference with Judge Bourgeois at Middle District Courthouse; return to office and update client. | 2.00 |
| 09/22/2016 | CTH | *Services*<br>Receive and review order re: subpoenas issued to DPSC for document production and Rule 30(b)(6) deposition. Call and discuss with client and co-counsel. | 1.80 |
| 09/23/2016 | CTH | *Services*<br>Exchange emails with Chris Walters re: duty warden on weekends in March 2014. Receive and review documents and request confirmation of actual schedule when records are certified by LSP/DPSC. | 1.00 |
| 09/28/2016 | CTH | *Services*<br>Receive email from Angela Ross attaching letter from Scales Laboratory. Drafting proposed protective order. | 2.30 |
| 09/30/2016 | CTH | *Services*<br>Make final revision to protective order and send to Chris Walters for review. Confer with co-counsel re: reply to motion to dismiss/qualified immunity argument. | 1.00 |
| 10/05/2016 | CTH | *Services*<br>File Motion for Protective Order for DNA Testing. Email order to court. Drafting supporting memo. | 1.50 |
| 10/05/2016 | CTH | *Services*<br>Email Chris Walters re: filing motion for protective order and non-response to emails with draft. | 0.20 |

| | | | |
|---|---|---|---|
| 10/05/2016 | CTH | *Services*<br>Email Chris Walters re: dates for 30(b)(6) deposition of DPSC, identity of witnesses for that deposition, certification for PREA and ARP documents for Tyrone Dunbar, certification for duty wardens, and deposition dates for Lt. Tanya Bruce and Lt. Jerry Jones. | 0.60 |
| 10/05/2016 | CTH | *Services*<br>Confer with Client re: ARP process, dates stamps on documents, and conflicting dates in Dunbar ARP. | 0.40 |
| 10/06/2016 | CTH | *Services*<br>Research cases and draft memorandum in support of protective order for DNA testing. | 3.20 |
| 10/07/2016 | CTH | *Services*<br>Meet with client; review documents produced from in-camera inspection; review discovery questions and update responses. | 2.00 |
| 10/10/2016 | CTH | *Services*<br>Amend Exhibit A to Rule 30(b)(6) deposition with new topics per Court order Rec, Doc. 92 and document production of in-camera documents. Reviewing depositions of investigators Vaughn and Wilson, and Shirley Coody for trial prep/impeachment re: other allegations of sexual assault by Holliday that were not disclosed. Notes to file. Discuss with co-counsel. | 3.20 |
| 10/12/2016 | CTH | *Services*<br>Amending discovery responses. Review all prior submissions; bates numbering documents. Preparing privilege log. | 2.80 |
| 10/15/2016 | CTH | *Services*<br>Review multiple hundreds of emails from DPSC; note redactions that need detailed privilege log, missing attachments, notable emails. | 4.50 |
| 10/19/2016 | CTH | *Services*<br>Receive and review emails from Vaughn and Lamartiniere (Stephanie). | 0.90 |
| 10/19/2016 | CTH | *Services*<br>Receive and respond to Chris Walters re: privilege log. | 1.30 |
| 10/20/2016 | CTH | *Services*<br>Work product research; 5th Circuit precedent re: institutional attorney, work done in ordinary course of business. | 1.50 |
| 10/21/2016 | BP | *Services*<br>Searched for federal 5th circuit sources that provide emails not in anticipation of litigation are not protected by work product privilege | 5.00 |
| 10/24/2016 | CTH | *Services*<br>Prepare deposition subpoenas, notices, and mileage/per diem payments; draft cover letters. Phone conferences with Ms. Womack and Mr. Walters re: deposition dates for E. Macera, deposition dates for 30(b)(6) deposition, non-acceptance of service of subpoenas for Coody, Bruce, Jones by DPSC HQ (Rhonda Weldon). | 2.10 |
| 10/26/2016 | CTH | *Services*<br>Receive emails and privilege log for Lillie Brown and Beverly Kelly. Begin review. Highlight deficiencies on privilege log and send to Chris Walters. | 1.50 |
| 10/26/2016 | CTH | *Services*<br>Arrange for service of subpoenas for November 4 depositions. Send service returns for Coody, Jones, Bruce to Chris Walters. | 0.40 |

| | | | |
|---|---|---|---|
| 11/01/2016 | CTH | *Services*<br>Drafting discovery to defendants; review prior responses for items to request supplemental responses. | 1.50 |
| 11/02/2016 | CTH | *Services*<br>Notating ARP procedure and developing questions for 30(b)(6) deposition of DPSC | 2.00 |
| 11/02/2016 | CTH | *Services*<br>Email Chris Walters re: depositions set for Nov. 4. Email notices to Marsha Wills. | 0.40 |
| 11/02/2016 | CTH | *Services*<br>Phone conference with Client in preparation for 30(b)(6) deposition. | 0.30 |
| 11/03/2016 | CTH | *Services*<br>Preparing questions for 30(b)(6) re: ARP procedure, researching privilege issues re: ARP docs/communications; case law on same; state v. federal rules/privileges | 2.30 |
| 11/03/2016 | BP | *Services*<br>Researched case law as to whether it is per se improper to hold more than ten depositions without getting leave from court. | 3.90 |
| 11/03/2016 | BP | *Services*<br>Searched through cases for situations where a deposition was left open and opposing counsel agreed to leave the deposition open such that requesting leave of court would be unnecessary. | 0.80 |
| 11/03/2016 | BP | *Services*<br>Began drafting motion for leave to depose out of state deponent. | 1.80 |
| 11/04/2016 | CTH | *Services*<br>Researching issues related to deposing witness more than 100 miles from courthouse; reach of subpoena under Rule 45; use of deposition in trial. | 1.50 |
| 11/04/2016 | BP | *Services*<br>Continued draft of motion for leave to depose William Blalock, who is over 100 miles away and is a critical fact witness. | 5.00 |
| 11/07/2016 | CTH | *Services*<br>Reading secondary sources and cases in Fifth Circuit re: Rule 45 subpoena; email Chris Walters re: consent to depose William Blalock. Email Joe Long re: establishing unavailability of witness for trial in the deposition. | 1.00 |
| 11/07/2016 | BP | *Services*<br>Researched case law on necessary witnesses who are more than 100 miles away from courthouse to add into motion for leave. | 1.50 |
| 11/08/2016 | BP | *Services*<br>Motion for leave to depose William Blalock as a critical fact witness | 3.00 |
| 11/10/2016 | CTH | *Services*<br>Phone conference with co-counsel re: court conference, DNA testing, strategy for remaining discovery; phone conference with Chris Walters re: discovery issues, 30b6 scheduling, Blalock deposition, Evonne Macera communications, and DNA testing. Phone conference with Court. Update client. Email exchange with Chris Walters re: Macera communications. Reviewing file and begin updating privilege log. | 3.70 |

| | | | |
|---|---|---|---|
| 11/10/2016 | BP | *Services*<br>Examined case law where counsel left deposition open which would not require requesting leave of court to continue. | 4.00 |
| 11/14/2016 | CTH | *Services*<br>Drafting additional discovery to all four defendants, finalize and send. | 1.50 |
| 11/15/2016 | CTH | *Services*<br>Draft email to Angela Ross re: attendance at deposition and DNA results. Discuss 30(b)(6) and privilege issue with co-counsel; receive and review third set of discovery from Defendants and forward to client. Phone conference with Kathryn Rogers from Scales Laboratory re: results of DNA testing. Reviewing recordings of phone calls. Call client to discuss privilege issues and Macera production of letters. Exchange emails with Chris Walters re: depositions of DPSC, Blalock, Eames, and other discovery issues. [Actual time 3.5 hour span; reduced by .5 for interruptions]. | 3.00 |
| 11/19/2016 | CTH | *Services*<br>Preparing for DPSC 30(b)(6) deposition. Drafting questions, reviewing testimony of witnesses, citing depositions, notating evidence for use at deposition. [Actual span 8.5 hours; reduced by 1.3 for interruptions and bathroom breaks] | 7.20 |
| 11/20/2016 | CTH | *Services*<br>Preparing for 30(b)(6) depositions; gathering relevant documents for use at deposition. | 8.00 |
| 11/21/2016 | CTH | *Services*<br>Final preparations for (5.0) and conduct depositions of Rusty Bordelon and Joel Odom; working lunch (7.5). | 12.50 |
| 11/22/2016 | CTH | *Services*<br>Phone conference and email expert re: additional testing on napkin. Confer with co-counsel on remaining depositions. Write letter to Chris Walters re: sanctions for not producing 30(b)(6) witness with knowledge, with law and argument consistent with Fifth Circuit. | 2.50 |
| 11/30/2016 | CTH | *Services*<br>Drafting rule 45 subopoena to DPSC/LSP Crime Lab. | 0.60 |
| 11/30/2016 | CTH | *Services*<br>Exchange emails with Angela Ross | 0.40 |
| 11/30/2016 | CTH | *Services*<br>Updating privilege log. | 1.20 |
| 12/01/2016 | CTH | *Services*<br>Drafting motion for leave to depose Tanya Bruce; reading Joel Odom deposition for citations. | 1.60 |
| 12/02/2016 | CTH | *Services*<br>Begin reviewing Colonel Odom deposition transcript for specific items about which he was unprepared to testify. Drafting opus re: unprepared witness designated by DPSC and demand for DPSC to present witness for all topics about which Plaintiff is entitled to question DPSC per Court's ruling. Propose dates for remaining depositions. Respond to demand for letters re: Ms. Macera. Address request for communications/documents for reports from Scales Laboratory. | 1.50 |
| 12/02/2016 | CTH | *Services*<br>Working on privilege log. | 1.00 |

| | | | |
|---|---|---|---|
| 12/07/2016 | CHA | *Services*<br>Receive and review notices from court regarding time change for telephone status conference set for 12/15/2016 (.1); update calendar entry regarding same (.1). | 0.20 |
| 12/09/2016 | CTH | *Services*<br>Drafting motions to compel deposition and for sanctions for failure to comply with subpoena; memoranda in support. | 5.50 |
| 12/11/2016 | CTH | *Services*<br>Drafting memo re: exceed ten depositions and reopen Coody. Drafting memo on sanctions for failure to produce 30(b)(6) witness. [Actual span 7.1 hours; reduced by 1.1 for interruptions.] | 6.00 |
| 12/12/2016 | CTH | *Services*<br>Exchange emails with Angela Ross re: further testing on napkin. | 0.60 |
| 12/12/2016 | CTH | *Services*<br>Preparing documents for production. Updating privilege log. | 3.00 |
| 12/13/2016 | CTH | *Services*<br>Drafting memo in support of motion for leave to exceed ten depositions and reopen deposition of Shirley Coody; draft letter to Chris Walters re: discovery issues and request for phone call; phone conference with opposing counsel re: testing, extension of deadlines and keeping settlement conference date; drafting letter to court in compliance with Order R. Doc. 100 in advance of telephone status conference. | 3.50 |
| 12/14/2016 | CHA | *Services*<br>Prepare initial drafts of Motion for and Memo in Support of Expedited Consideration and Motion for Leave to File Under Seal. | 0.50 |
| 12/15/2016 | CTH | *Services*<br>Get all parties and court on the line and conduct status conference with Court, Chris Walters, Tunde Animashaun, Joseph Long. Confer with Mr. Long afterward. | 0.50 |
| 12/15/2016 | CTH | *Services*<br>Drafting responses to discovery. | 1.70 |
| 12/20/2016 | CTH | *Services*<br>Draft and finalize discovery responses and document production. Send to Chris Walters. | 3.20 |
| 12/23/2016 | CTH | *Services*<br>Review and revising demand letter to defendants. | 1.00 |
| 01/04/2017 | CTH | *Services*<br>Meet with client re: upcoming depositions and discovery cutoff. | 1.00 |
| 01/09/2017 | CTH | *Services*<br>Preparing for deposition of Bruce Dodd and Swaantje Hoffman. Reviewing deposition of Joel Odom; identifying questions and topics about which Mr. Odom was unprepared to respond. | 3.50 |
| 01/10/2017 | CTH | *Services*<br>Final deposition prep and gathering relevant documents (2.0); conduct depositions of Bruce Dodd (2.5) and Swaantje Hoffman (2.0), including telephone status conference with Magistrate Bourgeois re: non-compliance of DPSC by producing unprepared witnesses, and working lunch with co-counsel and client. | 6.50 |

| | | | |
|---|---|---|---|
| 01/10/2017 | CTH | *Services*<br>Begin drafting motion for sanctions for failure to produce witness at Rule 30(b)(6) deposition and in violation of court order. | 1.50 |
| 01/10/2017 | BP | *Services*<br>Attend deposition of Bruce Dodd and Swaantje Hoffman and confer with Carmen and Joe following depositions re: potential additional discovery motions to be filed. | 5.80 |
| 01/12/2017 | CTH | *Services*<br>Phone conference with Angela Ross in preparation for deposition of crime lab representatives. | 1.00 |
| 01/12/2017 | CTH | *Services*<br>Preparing for crime lab deposition; receive documents from Chris Walters (late afternoon). Pulling resources online; notate and review documents produced by crime lab. | 3.50 |
| 01/12/2017 | BP | *Services*<br>Drafting motion for leave to exceed 10 depositions to depose Tanya Bruce and Shawnee Guileyardo and reopen deposition of Michael Vaughn. | 3.00 |
| 01/12/2017 | BP | *Services*<br>Find and cite specific examples in motion for leave: Bruce Dodd's testimony of not having any personal knowledge of Tony Johnson's case, only read the investigative report for Tyrone Dunbar, and did not speak with anyone with knowledge of the case in preparation for the deposition. Additional drafting of memorandum and preparation of citations. | 2.30 |
| 01/13/2017 | CTH | *Services*<br>Finish preparing for deposition of crime lab witnesses (2.5); conduct depositions at Louisiana State Police Crime Lab of Stacie Williams and Joan Brocato and briefly confer with co-counsel and Plaintiff's expert (Ms. Ross) afterward (2.5). | 5.00 |
| 01/13/2017 | BP | *Services*<br>Researched remedies for failure to appear as a non-party after Plaintiff filed FRCP 45. | 1.30 |
| 01/13/2017 | BP | *Services*<br>Found cases supporting sanctions where there is failure to comply with discovery such as failing to appear and failing to properly provide witness that could testify to matters set forth in notice of deposition. | 2.00 |
| 01/16/2017 | CTH | *Services*<br>Draft, revise and prepare for filing motion for leave to exceed ten depositions, reopen Vaughn deposition and extend discovery by thirty days. | 10.50 |
| 01/16/2017 | BP | *Services*<br>Created exhibits A-C, F, L, & N and filled in missing cites in motion for leave. | 3.00 |
| 01/17/2017 | CTH | *Services*<br>Edit certificate of service and file amended certificate with clerk. Phone conferences with Court, law clerk (Jason) and deputy (Joan). | 0.80 |
| 01/18/2017 | CTH | *Services*<br>Drafting settlement position paper; citing authorities and supporting facts. | 5.50 |

| | | | |
|---|---|---|---|
| 01/19/2017 | CTH | *Services*<br>Drafting settlement position paper; citing authorities for facts. Confer with Joseph Long. Finalize and hand-deliver to Magistrate Bourgeois. | 7.00 |
| 01/19/2017 | CHA | *Services*<br>Work with Carmen Hebert in preparation of exhibits to settlement position paper. | 0.80 |
| 01/23/2017 | CTH | *Services*<br>Drafting and citing exhibits in motion for contempt against DPSC. Researching federal law on contempt; reviewing local rules. Prepare document and exhibits for filing electronically. | 9.50 |
| 01/23/2017 | BP | *Services*<br>Researched whether a FRCP 45 with motion for sanctions must be served on the non-party. | 1.00 |
| 01/24/2017 | CTH | *Services*<br>Receive and read Defendants' and DPSC's memo in opposition to extension of discovery and to exceed ten depositions. Notes for reply. | 0.60 |
| 01/24/2017 | CTH | *Services*<br>Researching issues related to notice for contempt against non-party. Review Westlaw, secondary sources, law review articles, Internet sources. | 1.30 |
| 01/24/2017 | CTH | *Services*<br>Preparing documents for rebuttal to counteroffer and use at settlement conference. | 2.00 |
| 01/24/2017 | BP | *Services*<br>Further researched whether a motion for sanctions on a non-party requires them to be served according to the Federal Rules of Civil Procedure. | 2.00 |
| 01/25/2017 | CTH | *Services*<br>Reviewing DPSC documents and pulling log book entries for dorms, falcon office, media walk from relevant dates in preparation for settlement conference and trial. | 3.50 |
| 01/25/2017 | CTH | *Services*<br>Multiple communications with Judge Bourgeois' office; telephone conference with Court, Mr. Walters, Mr. Long and Mr. Animashaun re: settlement conference. | 0.60 |
| 01/27/2017 | CTH | *Services*<br>Attend settlement conference with Magistrate Bourgeois. | 3.00 |
| 02/13/2017 | CTH | *Services*<br>Receive DPSC Memo in Opposition to Motion for Contempt. Preparing reply memo; research and find cases re: curing defective service; issuing checks for payment of witness fees for past 30(b)(6) witnesses. | 3.50 |
| 02/14/2017 | CTH | *Services*<br>Preparing edited subpoenas, notices, and cover letters; draft cover letter to Chris Walters; email Marsha Wills. | 1.20 |
| 02/15/2017 | CTH | *Services*<br>Receive and review court's ruling denying Defendants' Motion to Dismiss under R. 12(b)(6). Confer with Co-counsel. | 1.00 |

| | | | |
|---|---|---|---|
| 02/17/2017 | CTH | *Services*<br>Drafting supplemental privilege log; review emails and all other correspondence and send to Chris Walters. | 4.20 |
| 02/20/2017 | CTH | *Services*<br>Searching for contact information and public records for witness James Belt; review suit record for suit pending in 19th JDC (EBR Parish); review criminal records in 24th JDC (Jefferson Parish). Review criminal records in 19th JDC for Tyrone Dunbar. | 2.00 |
| 02/20/2017 | BP | *Services*<br>Drafting a motion for leave to file a reply to DPSC's opposition to the motion for contempt | 2.10 |
| 02/21/2017 | CTH | *Services*<br>Drafting/revising reply to DPSC's opposition to motion for contempt. | 0.80 |
| 02/21/2017 | BP | *Services*<br>Completed draft of motion requesting leave of court to file reply to defendants' opposition to plaintiff's motion for contempt. | 1.00 |
| 02/21/2017 | BP | *Services*<br>Researched whether failure to comply with subpoena for DPSC to provide FRCP 30b6 witnesses to depose qualifies for element of contempt that requires court order. | 1.50 |
| 02/22/2017 | CTH | *Services*<br>Finish preparing for depositions (2.5); appear and depose Colonel Michael Vaughn; Brittany Allen; working lunch; Tanya Bruce (5.5). Return to office and prepare for Shawnee Guileyardo's deposition; pull additional documents from defendant document production to review with deponent (2.0). | 9.50 |
| 02/22/2017 | BP | *Services*<br>Depositions of Colonel Mike Vaughn, Brittany Allen and Tanya Bruce. | 6.50 |
| 02/23/2017 | CTH | *Services*<br>Confer with Joe Long re: other witnesses in prison; review correspondence drafted by Joe Long; draft letter to James Belt. | 1.20 |
| 02/23/2017 | CTH | *Services*<br>Finish preparing for deposition of Shawnee Guileyardo (1.5); appear for deposition and confer with opposing counsel re: discovery issues afterward (2.5). Confer with co-counsel. Update client (.5). | 4.50 |
| 02/23/2017 | BP | *Services*<br>Deposition of Shawnee Guileyardo. | 4.00 |
| 02/24/2017 | CTH | *Services*<br>Drive to Woodville, Mississippi for trial video deposition of William Lee Blalock, Jr.; return to office. | 4.00 |
| 03/06/2017 | CTH | *Services*<br>Confer with co-counsel re: deposing Shirley Coody. Call for Chris Walters; leave voicemail for Delesia Womack. Exchange emails with Mr. Walters re: deposition of Shirley Coody and 30(b)(6) witnesses for DPSC. Reach out to Angela Ross re: expert report from Scales. Update Client. | 1.20 |
| 03/16/2017 | CTH | *Services*<br>Attend status conference with Judge DeGravelles; select trial date. | 1.00 |

Case 3:15-cv-00383-JWD-RLB Document 208-2 03/28/20 Page 46 of 91

| | | | |
|---|---|---|---|
| 03/23/2017 | CTH | *Services*<br>Travel to David Wade Correctional Center for interview with Tyrone Dunbar. Confer with co-counsel during the trip there and back re: strategy for trial, use of witnesses, additional motions and remaining discovery issues to address. | 10.00 |
| 03/27/2017 | CTH | *Services*<br>Preparing for Shirley Coody deposition; reviewing prior deposition, Michael Vaughn's depositions, and reports for Dunbar and Johnson. | 3.00 |
| 03/28/2017 | CTH | *Services*<br>Finish preparing for Shirley Coody deposition, pulling exhibits, and marking other depositions. | 4.00 |
| 03/28/2017 | CTH | *Services*<br>Appear for and take Shirley Coody deposition. Lunch with co-counsel and client to discuss trial strategy. | 3.50 |
| 03/28/2017 | BP | *Services*<br>Attend Shirley Coody deposition | 2.80 |
| 03/29/2017 | CTH | *Services*<br>Travel to Angola to visit potential witness at trial; confer with Co-counsel on drive there and back re: strategy for motions, trial; return to office (5.0). Phone conference with Client re: trial strategy, witnesses (1.3). | 6.30 |
| 04/10/2017 | CTH | *Services*<br>Confer with co-counsel re: expert witnesses. | 0.30 |
| 05/08/2017 | CTH | *Services*<br>Preparing scheduling order and conferring with co-counsel | 0.40 |
| 05/09/2017 | CTH | *Services*<br>Working on proposed scheduling order. | 0.50 |
| 05/10/2017 | CTH | *Services*<br>Receive email from Chris Walters. Confer with Joe Long re: proposed dates; expert issues. | 0.50 |
| 05/12/2017 | CTH | *Services*<br>Read email from Chris Walters re: scheduling deadlines; propose dates; confer with Joseph Long. Respond to email from Chris; edit joint motion and order and send with new dates. Prepare Dept. Reg C-01-022 for Mr. Long and send with runner. | 1.10 |
| 05/16/2017 | CTH | *Services*<br>Review pleadings for prior extensions of deadlines, exchange emails with opposing counsel; phone conference with opposing counsel and co-counsel. Draft pleading to send to opposing counsel. | 1.10 |
| 05/18/2017 | CTH | *Services*<br>Draft Plaintiff's arguments re: no extension of deadline for naming new expert; circulate to co-counsel. Update proposed order; send to opposing counsel. | 0.60 |
| 05/19/2017 | CTH | *Services*<br>Confer with Liz Strickland and send documents for use by Lloyd Grafton. | 0.90 |
| 05/22/2017 | CTH | *Services*<br>Receive notice from court re: telephone conference. Call and leave message for Judge DeGravelle's office to get correct date. | 0.20 |

| | | | |
|---|---|---|---|
| 05/23/2017 | CTH | *Services*<br>Prepare for and conduct telephone status conference with all counsel and the Court; get ruling on expert issues. | 0.70 |
| 05/30/2017 | CTH | *Services*<br>Exchange emails with Angela Ross; confer with Ms. Ross via telephone re: expert reports, expert retained by Defendants. Forward CV to Ms. Ross. Email Rule 26(a)(2) to Ms. Ross for her report. | 0.90 |
| 05/30/2017 | CTH | *Services*<br>Phone conference with George Schiro with Scales Biological Laboratory re: sending file to Angela Ross. Email Mr. Schiro. | 0.50 |
| 05/30/2017 | CTH | *Services*<br>Confer with Joe Long re: expert reports. | 0.40 |
| 06/01/2017 | CTH | *Services*<br>Exchange emails with Angela Ross re: excluding LSP employee as contributor to DNA. | 0.30 |
| 06/07/2017 | CTH | *Services*<br>Confer with opposing counsel and Angela Ross re: date to review Lydia Endel DNA profile. Exchange multiple communications. | 0.90 |
| 06/08/2017 | CTH | *Services*<br>Exchange emails with opposing counsel and Angela Ross re: meeting to obtain comparison of Lydia Endel DNA. Phone conferences with Ms. Ross. | 0.40 |
| 06/09/2017 | CTH | *Services*<br>Emailing opposing counsel re: Lydia Endel DNA comparison. Confer with Angela Ross. | 0.30 |
| 06/14/2017 | CTH | *Services*<br>Review expert reports for Lloyd Grafton and Angela Ross; multiple phone calls to discuss report with Ms. Ross. Request clarification on points. Draft cover letter and forward finalized reports to Chris Walters. | 4.50 |
| 06/14/2017 | CTH | *Services*<br>Pull model jury instructions for Eighth Amendment claims, emotional distress, qualified immunity and lengthy call with Joe Long to discuss strategy for trial. | 2.20 |
| 06/19/2017 | CTH | *Services*<br>Telephone conference with Client re: expert reports, strategy. Forward copy of Grafton and Ross reports. | 0.60 |
| 06/20/2017 | CTH | *Services*<br>Email Angela Ross re: delivery of file to office; arrange for dropoff of file by Ms. Ross. Receive email from Chris Walters re: materials from Scales. Forward to Mr. Walters materials received today. | 0.80 |
| 06/22/2017 | CTH | *Services*<br>Exchange emails with Chris Walters re: Scales Lab documents. Resend in multiple smaller pdf documents. | 0.50 |
| 07/11/2017 | CTH | *Services*<br>Exchange emails with Chris Walters re: deposition of Angela Ross. | 0.20 |
| 07/24/2017 | CTH | *Services*<br>Email exchange with Chris Walters re: Ross deposition and comparison of email profiles for former LSPCL employees Ross and Endel. | 0.40 |

| | | | |
|---|---|---|---|
| 07/25/2017 | CTH | *Services*<br>Exchange multiple emails with Chris Walters and Faye Morrison re: obtaining comparison of DNA profiles for Ross and Endel. | 0.60 |
| 07/26/2017 | CTH | *Services*<br>Exchange multiple emails with Faye Morrison re: allegations of defense expert of tampering with evidence by Angela Ross. Review revised statutes related to keeping of database by LSPCL and draft detailed response with reasons release of data for comparison (not to distribute) does not violate statute. | 1.50 |
| 07/27/2017 | CTH | *Services*<br>Confer with Angela Ross re issues with crime lab. Exchange emails; speak on phone. | 0.70 |
| 08/03/2017 | CTH | *Services*<br>Email Deanna Lankford with Bode Cellmark re: returning evidence. | 0.10 |
| 08/03/2017 | CTH | *Services*<br>Prepare for and defend deposition of Angela Ross. | 3.00 |
| 08/03/2017 | BP | *Services*<br>Attend deposition of Angela Ross. | 2.80 |
| 08/04/2017 | CTH | *Services*<br>Exchange emails with Chris Walters re: LSPCL review of DNA profiles. | 0.10 |
| 08/17/2017 | CTH | *Services*<br>Communicate with Client re: update, transcripts of recordings, and trial prep. | 0.20 |
| 08/29/2017 | LMB | *Services*<br>Receipt and review of Re-Notice of Deposition of W. Lloyd Grafton, calendar same for new date of 9/8/2017. | 0.20 |
| 09/08/2017 | LMB | *Services*<br>Receipt & review email request from opposing counsel's assistant requesting witness depo; Review file locate & scan the deposition of Angela Ross to the server; Email scanned copy of witness Angela Ross depo to OC Joseph J. Long's paralegal; Review of the deposition of Angela Ross.<br>Review | 2.50 |
| 09/21/2017 | BP | *Services*<br>Drafting opposition to defendants' motion for leave to file Daubert or in the alternative, motion in limine. | 0.90 |
| 09/26/2017 | LMB | *Services*<br>Review of file in connection with preparing an initial draft of Plaintiff's PT Order (Final is due to be filed with the Court on October 5th.) | 0.50 |
| 09/27/2017 | CTH | *Services*<br>Review and draft response to Chris Walters' request for consent to stay proceedings. Receive motion via ECF and drafting response in opposition. | 2.00 |
| 09/27/2017 | CHA | *Services*<br>Receive, download and review Motion to Stay Trial and Related Pretrial Deadlines and Request for Expedited Consideration. | 0.10 |
| 09/27/2017 | LMB | *Services*<br>Finalize preparation of the initial draft of the Court's Uniform PT Order. | 3.10 |
| 09/27/2017 | BP | *Services*<br>Drafting opposition to motion to stay deadlines | 0.70 |

| | | | |
|---|---|---|---|
| 09/28/2017 | CTH | *Services*<br>Researching and drafting memorandum in opposition to motion for stay. File electronically. Drafting opposition to motion for summary judgment. | 8.20 |
| 09/29/2017 | CTH | *Services*<br>Working on pretrial inserts. Discuss same and trial strategy with Joe Long (6.5). [Actual span 14+ hours; reduced to 12 hours to account for interruptions] | 12.00 |
| 09/29/2017 | LMB | *Services*<br>Receipt and Review of Defendant's Mot for Leave to File Reply to Plaintiff's Opposition to Defs Motion to Stay Trial and related deadlines, review 3 attachments including their memo in support, review subsequent email from court setting hearing and coordinate same on all CLHW Atty calendars. | 0.70 |
| 10/02/2017 | LMB | *Services*<br>Review Plaintiff's MIO to Defs MSJ. | 0.20 |
| 10/02/2017 | CTH | *Services*<br>Email Chris Walters re: pretrial order cooperation. Segregating relevant emails with "Johnson" or "Dunbar" references. | 1.20 |
| 10/03/2017 | CTH | *Services*<br>Drafting opposition to summary judgment; contested issues of fact. | 1.50 |
| 10/03/2017 | CTH | *Services*<br>Exchange emails with opposing counsel re: pretrial order inserts from Defendants. Call chambers of Judge DeGravelles and speak with law clerk (David) to inform him of status of not receiving Defendants' inserts. | 0.30 |
| 10/03/2017 | LMB | *Services*<br>Prepare draft pleading for Carmen of Plaintiff's Motion to File Under Seal & Review ECF Case Filings to locate exhibits filed by defendant (Doc 135-6) and review the defense MSJ & Memo in support (doc 135 & 137) - (1.0); review file to prepare draft for Carmen of Plaintiff's Opposition to Defendants Motion for Summary Judgment (after researching file I see that Carmen has already drafted a template for the opposition & is working on it (.1) | 1.10 |
| 10/04/2017 | CTH | *Services*<br>Drafting opposition to motion for summary judgment filed by Defendants. | 5.50 |
| 10/04/2017 | CTH | *Services*<br>Confer with Joe Long and call court to confirm that Judge DeGravelles does not mind if Joe has other obligations to attend to tomorrow, and won't appear for status conference. | 0.20 |
| 10/04/2017 | BP | *Services*<br>Summary judgment language and case law in 1983, sexual assault, and qualified immunity context | 2.60 |
| 10/05/2017 | CTH | *Services*<br>Briefing memo in opposition to summary judgment. Citations to depositions/documents for all footnotes. (stayed until 430a to try and finish). | 15.00 |

| | | | |
|---|---|---|---|
| 10/05/2017 | CTH | *Services*<br>Telephone status conference with Court and opposing counsel. Discuss motion to stay, pretrial order deadline, other trial deadlines. New trial date March 5 (.2). Update Client. Update Joe Long and discuss MSJ opposition. (.2) | 0.60 |
| 10/05/2017 | CTH | *Services*<br>Review and briefing Johnson, Davis and Armstrong cases from Fifth Circuit heavily relied upon by Defendants. Insert into opposition. | 2.80 |
| 10/05/2017 | LMB | *Services*<br>Review Plaintiff's MIO to MSJ for proof reading of Statement of Facts for CTH. | 0.50 |
| 10/06/2017 | CTH | *Services*<br>Drafting motion for leave to file under seal, order, exhibits. Review administrative procedures for Middle District and file accordingly. Email to opposing counsel. | 1.00 |
| 10/06/2017 | CTH | *Services*<br>Drafting motion for leave to exceed page limit. Prepare motion, memo, order. File electronically and email order to Judge Bourgeios. | 1.00 |
| 10/06/2017 | CTH | *Services*<br>Finish memo in opposition to motion for summary judgment; reviewing citations and exhibits. Add additional facts re: January 6, 2014 assault; revise and edit throughout; adding argument. Prepare for filing. | 4.00 |
| 10/06/2017 | CTH | *Services*<br>Receive pretrial inserts from Defendants at 1:00p; review and confer with Joe Long re: objections to witnesses and evidence. Drafting Plaintiff's Claims section. Exchange multiple drafts wth opposing counsel re: stipulations. File pretrial order electronically. | 6.00 |
| 10/06/2017 | LMB | *Services*<br>Proof MIO to Defs MSJ for CTH and make necessary edits (emailing back and forth with CTH as well); pull exhibits to add to memo (exhibits are A-O extensive deposition excerpts); Review Defs PTO inserts given to us at the 11th hour!! | 6.90 |
| 10/09/2017 | LMB | *Services*<br>Review Final PTO draft as filed for any errors to advise CTH. Review of Under Seal Documents 150 & 4 sub parts RE: Dunbar investigation and written complaint of sexual assault. | 0.40 |
| 10/10/2017 | LMB | *Services*<br>Receipt and review of new PT Order and calendar all PT deadlines on all attys calendars. Receipt and Review of documents 153, 154 and 155 (17 sub parts) and saved all new filings to ECF Filing Folder. | 1.10 |
| 10/30/2017 | LMB | *Services*<br>Receipt and Review of Defs' Mot for Leave to file Reply Memorandum, Order Granting Defs' Leave request and review of Defs' Memorandum in Reply to Plaintiff's Memorandum in Opposition to Defs' Motion for Summary Judgment and all attachments, organized all of these documents to the ECF Pleadings sub-folder. | 0.30 |
| 12/07/2017 | CTH | *Services*<br>Confer with Barb Pilat re: motions in limine and other remaining pretrial motions to file. Prepare instructions for initial drafts of pleadings, outline of arguments and send relevant documents and instructions to Joe Long, Barb Pilat. | 1.80 |

| | | | |
|---|---|---|---|
| 12/07/2017 | BP | *Services*<br>Motion in limine research and drafting re sexual orientation, no criminal punishment for Holliday, FRE 404b and 607 case law | 1.60 |
| 12/18/2017 | CTH | *Services*<br>Phone conference with Joe Long re: witnesses at trial/sexual assault evidence and motions in limine. | 0.40 |
| 12/22/2017 | LMB | *Services*<br>Review draft of Motions in Limine and email CTH regarding same from Shania Long. | 1.00 |
| 12/27/2017 | BP | *Services*<br>Drafting motions in limine; revisions; research re 401, 403 case law. | 2.20 |
| 12/27/2017 | LMB | *Services*<br>Revise Motion in Limine as to excluding certain defense witnesses and memorandum in support thereof as received from Shania Long. | 0.30 |
| 12/27/2017 | BP | *Services*<br>Drafting motions in limine re defenses witnesses | 0.60 |
| 12/27/2017 | BP | *Services*<br>Drafting motions in limine re certain defense witnesses; FRE 801 case law; drafting LSP, Scales, and Louisiana State Police evidence motions in limine | 3.80 |
| 12/28/2017 | BP | *Services*<br>Drafting motions in limine re witness never identified in discovery | 0.90 |
| 12/28/2017 | BP | *Services*<br>Drafting motions in limine re certain defense witnesses; drafting motions in limine re analysis reports and case files; case law research | 4.20 |
| 12/29/2017 | CTH | *Services*<br>Exchange emails with Chris Walters re: extension of time to file motions in limine due to death in Joe Long's family. | 0.40 |
| 12/29/2017 | CTH | *Services*<br>Draft motion for expedited consideration of motion in liminie deadline extension. | 0.50 |
| 12/29/2017 | BP | *Services*<br>Drafting motions in limine; FRCP 26, 37; added 401 and 403 arguments to excluding witnesses | 1.60 |
| 12/29/2017 | BP | *Services*<br>Drafting motion to amend scheduling order to extend deadlines to file motions in limine | 0.80 |
| 12/29/2017 | BP | *Services*<br>Drafting motions in limine; case law research FRE 401, 403, 601, 412, 801 | 1.50 |
| 12/30/2017 | LMB | *Services*<br>Receipt, reviewed and saved to server Motion for Extension of Time to File Motion in Limine and proposed Order Granting same. | 0.10 |
| 01/05/2018 | BP | *Services*<br>Drafting motions for leave to depose Tyrone Dunbar and James Belt. | 0.70 |
| 01/08/2018 | BP | *Services*<br>Drafting motion in limine to exclude disciplinary jacket; case law research for FRE 401, 403, 404, 802 | 1.20 |

| | | | |
|---|---|---|---|
| 01/08/2018 | BP | *Services*<br>WestLaw research re failure to make disclosures or cooperate in discovery for motion in limine | 1.00 |
| 01/11/2018 | CTH | *Services*<br>Meeting with Joseph Long; review and discuss motions in limine and arguments for same. | 4.50 |
| 01/12/2018 | CTH | *Services*<br>Drafting motions in limine; pulling exhibits. | 3.10 |
| 01/14/2018 | CTH | *Services*<br>Working on motions in limine, gathering evidence for specific references to discovery responses (re: witness MIL) and citations in motions. Additional research and case law added. | 4.50 |
| 01/15/2018 | CTH | *Services*<br>Revise and finalize five motions in limine for evidence and witnesses; adding additional case law, facts, citations, and prepare and finalize exhibits for each motion. File electronically with the Court. [Reduced from 12.5 hours by 2 hours for interruptions/bathroom breaks.] | 10.50 |
| 01/15/2018 | BP | *Services*<br>Searching depositions of Odom (2), Eames, and Rosso for statements to add to motions in limine re personal knowledge. Prepared detailed outline for later use at trial with these witnesses. | 3.30 |
| 01/15/2018 | BP | *Services*<br>Cont. searching depositions of Odom (2), Eames, and Rosso for statements to add to motions in limine re personal knowledge. | 1.40 |
| 01/15/2018 | BP | *Services*<br>Preparing motions in limine for filing; preparing exhibits for attachments; searching for case law re confusion of issues/misleading jury | 4.50 |
| 01/16/2018 | LMB | *Services*<br>Receipt and review of Defendants Motion in Limine & Memorandum in Support thereof. Also review and save to server our Motion in Limine to exclude defense witnesses and 14 exhibits including Memo in Support thereof. and Motion in Limine as to exclusion of sexual activities of sex assault victims and memo in support thereof. | 2.30 |
| 01/26/2018 | LMB | *Services*<br>Assist BP with Trial preparations of VD, VF, JI and Trial Brief. | 2.50 |
| 01/26/2018 | BP | *Services*<br>Drafting opposition to motion in limine; drafting verdict forms and voir dire | 1.50 |
| 01/26/2018 | BP | *Services*<br>Drafting opposition to motion in limine; drafting jury instructions; drafting voir dire | 4.50 |
| 01/26/2018 | BP | *Services*<br>Drafting jury instructions; drafting trial brief | 1.20 |
| 01/28/2018 | CTH | *Services*<br>Work on jury instructions, verdict form, voir dire, opposition to motion in limine. Confer re: trial strategy. (Meeting with JLL at my office). | 5.50 |
| 02/01/2018 | CTH | *Services*<br>Attend pretrial conference. Confer with co-counsel re; strategy for trial. Update client. | 2.10 |

| | | | |
|---|---|---|---|
| 02/02/2018 | LMB | *Services*<br>Review JI, VF and email same to defense counsel as requested, saved new versions to file and responded to Mr. Walters email. | 0.30 |
| 02/02/2018 | CTH | *Services*<br>Edit/drafting jury instructions, interrogatories, voir dire questions. Exchange multiple emails with opposing counsel re: delinquent submission from them; pull cases cited by Defendants in jury instructions and insert comments/objections; combine all inserts and file electronically before midnight. | 8.50 |
| 02/05/2018 | CTH | *Services*<br>Review Blalock deposition transcript for potential redactions; send to Chris Walters in accordance with Court's order to exchange depositions to be introduced at trial. | 1.10 |
| 02/05/2018 | CTH | *Services*<br>Drafting opposition to motion in limine by defendant. Researching issues of admissibility of government reports under FRE 803(8) to include case law; review rulings on DeGravelles' handling of opinion testimony. | 10.40 |
| 02/05/2018 | LMB | *Services*<br>Review multiple email corr from/to opp cnsl and save to server, review email corr with attached pleadings from ECF and save to server. Review Pleadings folder (hard copy) to see what we need to print and have Ciara update for us. | 0.90 |
| 02/05/2018 | BP | *Services*<br>Motion for production of incarcerated person research and draft | 1.60 |
| 02/06/2018 | CTH | *Services*<br>Researching issue of stay for denial of qualified immunity (1.1). Working on evidence/exhibit organization and confer with opposing counsel on same (2.1). Review of depositions and preparation for trial (3.1). Notify client of decision. | 6.30 |
| 02/06/2018 | CTH | *Services*<br>Receive and review ruling denying summary judgment to warden defendants; brief research into issue of automatic appeal right and right to stay proceedings (only for questions of law, not summary judgment denial on issue of fact) | 1.20 |
| 02/06/2018 | LMB | *Services*<br>Meeting with CTH Trial Prep, working out details of Bench Books due 1.12.18 (1.80); review and read filings 173-178; TC to Clerk of Court regarding Sealed Order of 178, briefly discuss Court's answer w/CTH. | 2.80 |
| 02/06/2018 | BP | *Services*<br>Drafting motion for leave to exceed 10 page limit and motion strike R. Doc. 176 | 0.70 |
| 02/07/2018 | CTH | *Services*<br>File motion for leave to exceed page limits and motion to strike. | 0.30 |
| 02/07/2018 | CTH | *Services*<br>Begin preparing witness examinations for Tanya Bruce, Shawnee Guileyardo, Shirley Coody; review of depositions; outline of questions/points of proof. | 2.80 |

| | | | |
|---|---|---|---|
| 02/07/2018 | LMB | *Services*<br>Assisted CTH to file ECF Doc. 179, receipt, review saved to server once filed, and reviewed entire pleading for content. Review sealed SJ Order with CTH (.30), meet with CTH regarding subpoenas needed for trial. (.1) | 1.20 |
| 02/08/2018 | LMB | *Services*<br>Review Ruling on Defs' MSJ for full content. (.80) prepared trial subs to be formatted for witnesses in PTO will call 3, may call 2, 3, 4, 5, 6, 8, 10, 12, 14, 18, 20. Receipt, review and saved to file Order granting motion to exceed pg limit R. Doc 165-1. | 1.30 |
| 02/09/2018 | CTH | *Services*<br>Reviewing federal rules re: motions to urge at trial, calendar deadlines/reminders for same; notes for arguments for Rule 50 motions; facts for same. (In car, driving to Disney.) | 2.50 |
| 02/09/2018 | LMB | *Services*<br>Calendared post-trial deadlines for Motions needed to preserve Judgment as Matter of Law and Attys Fees. Finalized creation of all drafts trial subpoenas for wits 2, 3, 3b, 4, 5, 6, 8, 10, 12, 14, 18, 20. | 2.00 |
| 02/12/2018 | LMB | *Services*<br>Receipt review and save to server, ECF Docs 185-187. Receipt & review of email corr from defendants attorneys and response of P's counsel and save to server. | 0.30 |
| 02/12/2018 | CTH | *Services*<br>Prepare and file final witness list. | 1.30 |
| 02/14/2018 | BP | *Services*<br>Research re stay of proceedings pending appeal; drafting memorandum in opposition to Defendants motion to stay and continue | 2.40 |
| 02/15/2018 | BP | *Services*<br>Researching appealability of interlocutory judgment; appealability of summary judgment based on qualified immunity when decision based on questions of fact; likelihood of success on the merits re QI; stay of proceedings re QI; appealability when on deliberate indifference; drafting memorandum in opposition to motion to stay pending appeal | 4.50 |
| 02/15/2018 | BP | *Services*<br>Researching appealability of interlocutory judgment; appealability of summary judgment based on qualified immunity when decision based on questions of fact; denials of stays and continuances; reasons for judgments; drafting memorandum in opposition to motion to stay pending appeal | 2.80 |
| 02/15/2018 | BP | *Services*<br>Westlaw research re questions of fact versus questions of law; jurisdiction of court of appeals; drafting memorandum in opposition n | 0.80 |
| 02/16/2018 | CTH | *Services*<br>Editing Barb Pilat's draft of opposition to motion to continue trial and adding additional research re: stay of proceedings specific to cases involving appeal of denial of summary judgment/12(b)(6) on qualified immunity. Finalize and file electronically. | 5.50 |
| 02/16/2018 | LMB | *Services*<br>Review of Opposition to Defs' MTC and Stay Proceedings. | 0.30 |

| | | | |
|---|---|---|---|
| 02/19/2018 | CTH | *Services*<br>Phone conference with Delesiua Womack re: exhibits. Confer with Client re: trial. Preparing for motions in limine oral argument. Email opposing counsel re: amending pretrial order re: two exhibits mistakenly not identified, but produced on disc with exhibits. | 5.80 |
| 02/19/2018 | LMB | *Services*<br>Finalize trial subpoenas | 1.30 |
| 02/20/2018 | CTH | *Services*<br>Receive court decision to stay case and grant continuance. Confer with Joe. Review cases cited by the Court and consider review of decision. Discuss with Joe. Call client. | 1.00 |
| 02/20/2018 | CTH | *Services*<br>Researching frivolous appeal, sanctions; procedure. Confer with Barb Pilat re: drafting correspondence to opposing counsel and motion to dismiss appeal/for sanctions. | 1.20 |
| 02/22/2018 | CTH | *Services*<br>Receive notice from Fifth Circuit re: appeal; review procedures outlined, and prepare Notice of Appearance form. (.5) Reviewing 42 USC 1997e and other publications re: rates for attorney fees, recovery in 1983 cases. Pulling sources for briefing issue at appropriate time. Email to Joseph Long re: same, noting sources, cases. (2.1) | 2.60 |
| 02/23/2018 | CTH | *Services*<br>Meet with Client re: ruling denying summary judgment and allow him to read it in my office. Confer re: trial preparation, document review. | 1.20 |
| 03/05/2018 | LMB | *Services*<br>Review 5ht Circuit ECF Filings, 5th Circuit Clerk's Appeal Flow Chart, and Appellate Rules of Procedure and Federal Appellate Rules of Procedure to verse myself with the Court's requirements for this appeal process. | 1.80 |
| 03/15/2018 | LMB | *Services*<br>Review USCA website and once actually logged in and updated Java was able to save Electronic Record on Appeal to Server for reference and use in filing briefs. | 1.90 |
| 03/15/2018 | LMB | *Services*<br>Review CM/ECF Middle Dist and 5thUSCA Case Filings and saved to file. Review Briefing Schedule to calendar both appellant and appellee's brief due dates, review of USCA and Fed App. Rules to ensure I get these dates absolutely correct. | 0.80 |
| 03/16/2018 | CTH | *Services*<br>Exchange emails with Angela Ross. Email her invoice to Chris Walters for payment. Brief research on issue of payment of expert witness fee by party noticing the deposition. | 0.80 |
| 04/17/2018 | CTH | *Services*<br>Review Tyrone Dunbar report, statements. Email Joe Long with trial preparation questions for Tyrone Dunbar. | 0.50 |
| 04/18/2018 | CTH | *Services*<br>Exchange emails with Chris Walters re: extension for filing appellate brief. Confer with client. | 0.50 |
| 04/19/2018 | CTH | *Services*<br>Exchange emails with Chris Walters re: extension of time to file brief; no opposition to viewing and obtaining sealed portions of the record. | 0.10 |

| | | | |
|---|---|---|---|
| 04/20/2018 | LMB | *Services*<br>Receipt review and organized to file multiple email correspondence communications between counsel yesterday. Receipt and review of the motions filed by Defs requesting to view sealed records and obtain an extension of time to file their initial brief. | 0.90 |
| 04/20/2018 | LMB | *Services*<br>Receipt and review of 5th USCA Clerk's Memo Order Granting Defendants' Motion for Extension of Time to File Initial Brief. | 0.10 |
| 04/23/2018 | LMB | *Services*<br>Receipt and review of Memo from USCA 5th Circuit Clerk and Order of the Court Granting Defs Motion to View Sealed Portions of Record and saved all to server file. | 0.20 |
| 04/27/2018 | LMB | *Services*<br>Prepared e-corr to defense attorney Chris Walters RE: outstanding invoice for Angela Ross deposition. | 0.10 |
| 04/30/2018 | LMB | *Services*<br>Receipt and review of Court Notice Doc. 199 and saved to server. | 0.10 |
| 05/15/2018 | LMB | *Services*<br>Review when Appeal briefs are due for both appellant and appellee and re-calendar due dates based on Court granting Appellant a 30 day extension. | 0.30 |
| 05/16/2018 | LMB | *Services*<br>TC with Angela Ross RE: unpaid invoices for her depo, receipt and review of additional email from Ms. Ross attaching the invoice for her depo prep time and consultation time, forwarded to Shania and Carmen for direction on payment, prepared additional email to Delusia Womack RE: the AG's office paying their portion of the depo. | 0.70 |
| 05/22/2018 | CTH | *Services*<br>Receive and read appellate brief by Lamartiniere, Cain, Dupont. Notate and plan with Lisa Bardwell for appellee brief and checklist of to do items related to brief. Email brief to client. | 2.10 |
| 05/22/2018 | LMB | *Services*<br>Receipt & review of Appellant's initial brief, confer with CTH and pull briefing schedule from USCA 5th web site. Review USCA 5th rules of court and internal operating procedures. | 1.00 |
| 05/24/2018 | LMB | *Services*<br>Receipt and review of ECF Filings RE: Appellants Brief and Record Excerpts are insufficient and must be corrected to be deemed filed. Saved all to pleadings folder. | 0.80 |
| 05/25/2018 | LMB | *Services*<br>Begin drafting shell for Reply Brief of Appellee. | 0.50 |
| 05/29/2018 | LMB | *Services*<br>Receipt and review and save to file Letter from Court and Order Granting Motion to File Record Excerpts Under Seal. | 0.20 |
| 06/05/2018 | LMB | *Services*<br>Review of and saved to server Appellants Record Excerpts filed under seal with their initial brief. Conferred with CTH RE: same. (.40) Continued revisions to Shell Template creating for her use in Appellee's Initial Brief. | 0.60 |

| | | | |
|---|---|---|---|
| 06/05/2018 | CTH | *Services*<br>Reviewing Fifth Circuit rules, record. Confer with assistant on record citations for appeal brief. Determining whether motion to supplement record is needed. | 1.20 |
| 06/06/2018 | CTH | *Services*<br>Reviewing record re: sealed documents, other possible locations in record on appeal; draft detailed email to Barb Pilat with instructions on next steps, whether motion to supplement, or alternative. | 1.30 |
| 06/06/2018 | LMB | *Services*<br>Continued working on prep of shell template for Appellee's Initial Brief and receipt review CTH email on research points she needs assistance with EROA, electronic record on appeal. Receipt and review of CM/ECF documents filed this date as well. | 1.50 |
| 06/07/2018 | LMB | *Services*<br>Continued working and finailized initial draft SHELL of Appellee's Initial Brief; Assisted Barb with EROA exhibits we are needing to attach to brief as well. Reviewed Sample Briefs on 5th Circuit's web site & revised brief shell template to match their sample brief. | 2.50 |
| 06/07/2018 | BP | *Services*<br>Research and correspondence with 5th clerk re supplementing record on appeal; motion to view and obtain; judgment giving equal access to both parties to view "sealed portions." | 1.00 |
| 06/07/2018 | BP | *Services*<br>Correspondence with 5th Court of Appeal Clerk and Middle District Clerk re accessing sealed portions of record. | 0.40 |
| 06/08/2018 | LMB | *Services*<br>Continued working on Appellee Brief shell template making it comport with the sample brief on the 5th Circuit's web site. | 1.50 |
| 06/18/2018 | LMB | *Services*<br>Review disc of sealed documents to ensure saved to serer, briefly conferred with BP on where we stand on assisting CTH with brief deadline this week. | 0.20 |
| 06/19/2018 | CTH | *Services*<br>Drafting appeal brief; citations to record, case law. | 5.10 |
| 06/19/2018 | BP | *Services*<br>Drafting table of authorities for appellate brief; pulling 5th cir. cases from Defendants' brief | 0.90 |
| 06/19/2018 | BP | *Services*<br>Lamartineire, Dupont, Cain, and Delaney deposition excerpts to Doc. R. 137 | 0.80 |
| 06/20/2018 | CTH | *Services*<br>Researching and drafting appellate brief. [Reduced from 9.4 hours for interruptions.] | 8.00 |
| 06/20/2018 | LMB | *Services*<br>Assisted CTH with ensuring laptop equipped with settings necessary for a smooth log-in to 5th Circuit Court Appeals Page to file Documents, namely our brief that is due tomorrow. | 0.30 |
| 06/21/2018 | CTH | *Services*<br>Confer with Lisa Bardwell, Barb Pilat re: filing issues and inability to login to filing website for Fifth Circuit. Login from laptop and file brief. Transmit to all counsel electronically and per certificate of service. | 0.80 |

| | | | |
|---|---|---|---|
| 06/21/2018 | CTH | *Services*<br>Researching and drafting appellate brief. Finalize for review and proofreading by paralegal and associate. | 5.50 |
| 06/21/2018 | LMB | *Services*<br>Assisted with revisions to 5th Circuit Appellee Brief that is due today. Confer with BP on revisions and editing requirements. | 7.30 |
| 06/21/2018 | BP | *Services*<br>Review draft of brief by CTH; edits | 0.40 |
| 06/21/2018 | BP | *Services*<br>Appellee brief review; checklist | 0.30 |
| 06/21/2018 | BP | *Services*<br>Review of draft appellee brief; edits | 0.60 |
| 06/21/2018 | BP | *Services*<br>Correspondence with Carla re 5th Cir. CM/ECF | 0.30 |
| 06/21/2018 | BP | *Services*<br>Final edits; CTH correspondence; appellee brief submittal | 0.80 |
| 06/22/2018 | LMB | *Services*<br>Receipt and review of notice from 5th USCA Clerk on our brief deficiency. Confer with BP. | 0.30 |
| 07/02/2018 | LMB | *Services*<br>Worked on revisions to Appellee's initial brief and TC to clerk 5th Circuit in connection therewith as their spelling of Def Warden's name is INCORRECT. | 0.30 |
| 07/03/2018 | LMB | *Services*<br>TC to Delusia Womack regarding defendant warden LaMartiniere name spelling. | 0.10 |
| 07/03/2018 | CTH | *Services*<br>Edit brief to comply with official title page from U.S. Fifth Circuit Clerk. File electronically and send via stated method of service to all counsel. | 0.50 |
| 07/05/2018 | LMB | *Services*<br>TC from Delesia Womack with attorney general's office. She is no longer on the file. | 0.10 |
| 07/05/2018 | LMB | *Services*<br>Receipt and review of notice from the 5th Circuit Clerk that our revised brief of Appellee is sufficient and our 7 paper copies are now due. Saved ECF Federal filing documents and researched if we have appropriate color paper. | 0.30 |
| 07/05/2018 | CTH | *Services*<br>Phone conference with Joe and client to update on Fifth Circuit process, discuss legal issues and potential timeline for trial and issues affecting dates. | 0.80 |
| 07/05/2018 | LMB | *Services*<br>Review and saved ECF filed documents to server | 0.30 |
| 07/09/2018 | LMB | *Services*<br>Prepared 7 HARD paper copies (plus one for our files) of Appellee's Initial Brief for hand delivery to the Clerk of Court, 5th Circuit Court of Appeals. | 1.80 |

| | | | |
|---|---|---|---|
| 07/16/2018 | LMB | *Services*<br>Receipt & Review of emailed correspondence from 5th Circuit Clerk of Court, review our brief for sufficiency of cover and attempted to re-print cover on card stock paper we have. Card stock doesn't fit either printer, confer with CTH we are going to have to take care of at Office Depot or the like. Errand to pick up card stock, prepared (7) new covers and prepared all for mail to Clerk, Sabrina Short. | 1.50 |
| 07/18/2018 | LMB | *Services*<br>Research delivery of pkg sent to 5th Circuit Clerk Sabrina Short | 0.20 |
| 07/19/2018 | LMB | *Services*<br>tracking of pkg to Sabrina Short and TC to clerk's office as well to ensure she received pkg directly. | 0.30 |
| 07/24/2018 | LMB | *Services*<br>Receipt and review of email from Angela Ross regarding her unpaid deposition invoice and prepared email request to Shania Long to check on status and emailed Ms. Ross status update to work with Shania on this. | 0.20 |
| 10/26/2018 | LMB | *Services*<br>Received and reviewed Angela Ross, DNA Expert outstanding consultation and deposition invoices, prepared response to Ms. Ross Regarding same. | 0.40 |
| 12/31/2018 | LMB | *Services*<br>Receipt review and prepared reply email to expert witness Angela Ross, RE - her invoices for expert witness services and deposition taken back in August 2017 and which are still unpaid. | 0.50 |
| 01/07/2019 | CTH | *Services*<br>Correspond with Shania Long re: Angela Morris and expenses. | 0.20 |
| 03/13/2019 | CTH | *Services*<br>Receipt and review of 5th CCA Opinion Affirming and dismissing defendants appeal. Forwarded to Client and Shania. | 0.50 |
| 04/04/2019 | CTH | *Services*<br>Receipt and review of 5th CCA letter and Mandate and Judgment as processed Affirming DC Judgment denying wardens motion. Update Client. | 0.20 |
| 04/05/2019 | LMB | *Services*<br>Receipt and Review of Doc. 201 USCA Mandate Dismissing Appeal and Affirming lower court's Judgment. | 0.10 |
| 04/08/2019 | LMB | *Services*<br>Receipt and review of Doc. 202 and saved to server file, created calendar entry for CTH of this newly set Status Conference in Judge's Chambers next Monday, April 15th. | 0.20 |
| 04/15/2019 | CTH | *Services*<br>Prepare for status conference with Court; review prtrial order and recent rulings re: motions in limine. Attend status conference and go to Judge Bourgeois' chambers for settlement conference date. Confer afterward with Joseph Long. Return to office. | 1.90 |
| 04/15/2019 | LMB | *Services*<br>Receipt and review Federal Pleadings, R. Doc. 203 RE- Settlement Conference Order and calendared court mandated deadlines. | 0.70 |

| | | | |
|---|---|---|---|
| 04/16/2019 | LMB | *Services*<br>Receipt and review of Minutes of Status Conf ( R. Doc. 204) and calendared Court Mandated Deadlines. Revised PTO order to amend it to use for our new "Amended Joint PT Order" that will have to be filed now prior to new PT Conference date. Prepared email to expert Angela Ross RE- new trial date for her records. | 1.80 |
| 04/29/2019 | CTH | *Services*<br>Exchange emails with Chris Walters re: no motion to enroll new counsel, consent to motion for extention. Draft motion for entry of new scheduling order. Circulate to counsel. File electronically. | 0.70 |
| 04/30/2019 | CTH | *Services*<br>Exchange emails with counsel and review proposed dates in scheduling order. Exchange emails, edit re: thanksgiving. Exchange additional email and get approval from all counsel. File electronically, send order to Judge, and circulate to non-enrolled. | 0.90 |
| 04/30/2019 | LMB | *Services*<br>Receipt and review multiple emails from counsel RE- the joint motion for revised scheduling order to track PT Deadlines with new trial date 1/2020. Prepared email to Ms. Joiner and reviewed her reply. Review Mr. Walters proposed motion revisions as well as CTH multiple responses to Walters' emails. | 0.50 |
| 05/07/2019 | LMB | *Services*<br>Receipt and review and calendar of Court's Modified Scheduling Order. | 0.20 |
| 07/15/2019 | CTH | *Services*<br>Telephone conference with Courtney Joiner; exchange multiple emails with counsel re: settlement conference dates. | 0.90 |
| 07/16/2019 | CTH | *Services*<br>Exchange emails with opposing counsel re: new date for settlement conference. Review letter from defense counsel to Court regarding resetting the settlement conference on October 9, 2019. | 0.50 |
| 07/16/2019 | KM | *Services*<br>Receipt and review of email from other counsel regarding confirmation of mediation on October 9, 2019 | 0.10 |
| 07/26/2019 | CTH | *Services*<br>Receive order resetting the settlement conference for 10/9/2019. Advise client. | 0.20 |
| 08/01/2019 | CTH | *Services*<br>Review emails re: settlement and Joe's demand of $1.5MM. Update client. | 0.20 |
| 08/07/2019 | CTH | *Services*<br>Confer with Kris Maloz re: upcoming deadlines and calendar entries. | 0.20 |
| 09/24/2019 | CTH | *Services*<br>Receive notice of administrative closure by court. Confer with client re: same. | 0.50 |
| 09/26/2019 | CTH | *Services*<br>Draft demand letter for $1.5MM to defendants. Look for updated quantum. Confer briefly with Joe long. Email to defense counsel and attach ruling denying MSJ on qualified immunity. | 2.30 |

| | | | |
|---|---|---|---|
| 09/26/2019 | CTH | *Services*<br>Exchange emails with Courtney Joiner re: settlement demand. Advise that I am sending an updated letter to follow Joe's email of August 1. | 0.20 |
| 09/27/2019 | CHA | *Services*<br>Review of Amended Scheduling Order (.3); prepare calendar entries for filing of motions in limine, responses to motions in limine, amended joint pretrial order, joint jury instructions, voir dire, submission of trial brief and issuing trial subpoenas (.4); prepare initial draft of amended joint pretrial order (.5); begin initial draft of trial checklist (.4). | 1.60 |
| 09/30/2019 | CHA | *Services*<br>Review of the Court’s Settlement Conference Order dated July 19, 2019 (.2); prepare initial draft of correspondence to Judge Bourgeois regarding settlement correspondence exchange between the parties (.3). | 0.50 |
| 10/01/2019 | CHA | *Services*<br>Review of Judge deGravelles' online pretrial order requirements as to exchange and production to court of trial exhibits. | 0.30 |
| 10/01/2019 | CHA | *Services*<br>Receive and review Notice of Reset Trial and Related Deadlines (.1); update calendar entry for proposed pretrial order to November 28 (.2); revise amended pretrial order (.2). | 0.50 |
| 10/01/2019 | CTH | *Services*<br>Confer with Cheryl Alexander re: pretrial conference and additional deadlines for exchanging exhibits. | 0.20 |
| 10/01/2019 | CTH | *Services*<br>Confer with Joe/Tony re: administrative closure, notices from Court. | 0.20 |
| 10/02/2019 | CTH | *Services*<br>Draft and send letter to Judge Bourgeois with confidential position re: settlement conference. Review file materials since last settlement conference and update relevant facts. | 1.50 |
| 10/02/2019 | CTH | *Services*<br>Receive counteroffer of $10,000 from Chris Walters. Confer with Joe and with Tony. Call and email counsel for Holliday and leave messages (1.1). Extensive phone conference with Courtney Joiner re: settlement conference and update client after (.9). | 2.00 |
| 10/02/2019 | CTH | *Services*<br>Multiple calls with Client. Speak about settlement, trial prep, and witnesses. | 0.70 |
| 10/03/2019 | CTH | *Services*<br>Exchange emails with Courtney Joiner re: settlement offer. | 0.20 |
| 10/04/2019 | CHA | *Services*<br>Confer with CTH regarding counsel settlement correspondence transmittal to judge (.1); revise fax transmittal and organize correspondence to Magistrate Judge Bourgeious (.3). | 0.40 |
| 10/04/2019 | CTH | *Services*<br>Speak with client re: settlement conference, offers/counteroffer. | 0.20 |

| | | | |
|---|---|---|---|
| 10/08/2019 | CTH | *Services*<br>Preparing for settlement conference and for using settlement conference time to develop strategy for new pretrial order and other motion deadlines. Pull pretrial order, motions in liminie, witness and exhibit lists, and notes from prior conference and trial prep meetings. | 3.30 |
| 10/09/2019 | CTH | *Services*<br>Review ruling of district court, settlement position papers for current and last settlement conference. Appear in Judge Bourgeois' chambers for court-ordered settlement conference. Review trial strategy and witness/exhibit lists, pretrial order, motions in limine to prepare for trial. Confer with client afterward and return to office.e | 4.80 |
| 10/09/2019 | CTH | *Services*<br>Pull legal authorities re: indemnity for punitive damages for Holliday and warden defendants. Drafting email to Joe Long/note to file re: same. | 1.90 |
| 10/09/2019 | CHA | *Services*<br>Receive and review ORDER indicating parties were unable to reach settlement at conference held 10.09.19. | 0.10 |
| 10/10/2019 | CTH | *Services*<br>Phone conference with Joe Long re: indemnity, punitive damages, respondeat superior. | 0.50 |
| 10/10/2019 | CTH | *Services*<br>Finish drafting email to Joe Long with cases re: indemnity. | 0.30 |
| 10/22/2019 | CHA | *Services*<br>Confer with Carmen Hebert regarding discrepancy in date for filing of Amended Pretrial Order from Order (Doc. 207) to October 1, 2019 notice from the clerk (.1); telephone call with Judge deGravelles' office regarding same (.2); telephone call with Magistrate Judge Bourgeois' office regarding discrepancy (.1). | 0.40 |
| 10/22/2019 | CHA | *Services*<br>Receive and review Order Lifting Stay. | 0.10 |
| 10/22/2019 | CHA | *Services*<br>Review of upcoming deadlines (.2) and confer with Carmen Hebert regarding same (.1). | 0.30 |
| 10/22/2019 | CHA | *Services*<br>Receive and review Notice of Status Conference scheduled for October 30 (.1); calendar same (.1). | 0.20 |
| 10/22/2019 | CTH | *Services*<br>Confer with Cheryl re: court order. Review prior entries to uncover reason for discrepancy in dates in recent notices re: deadline to file amended PTO. | 0.20 |
| 10/23/2019 | CTH | *Services*<br>Confer with Client re: meeting for trial preparation. Advise of status conference. | 0.20 |
| 10/23/2019 | CTH | *Services*<br>Exchange emails with Courtney Joiner re: status, meeting. | 0.20 |

| | | | |
|---|---|---|---|
| 10/30/2019 | CTH | *Services*<br>Attend status conference with Judge DeGravelles. Confer after with Joe Long re: trial date, strategy for witnesses. Update client. | 1.50 |
| 10/30/2019 | CHA | *Services*<br>Receive and review Minute Entry regarding Status Conference held on 10.30.19 (.2); revise Trial Checklist as to schedule modifications (.2); update calendar entries regarding same (.2). | 0.60 |
| 10/31/2019 | CHA | *Services*<br>confer with CTH regarding minutes received from court 10/30 revising upcoming deadlines and certificate required by Judge DeGravelles on motions in limina (.2); review of Judge DeGravelles requirements (.1); revise motions in limine as to exclusion of defense witnesses, personnel file, scales lab and sexual behavior to include revised certificate (.6). | 0.90 |
| 10/31/2019 | CTH | *Services*<br>Reading reptile theory article and notes for opening, closing, themes. | 2.50 |
| 11/05/2019 | CTH | *Services*<br>Prepare for and meet with Client for trial prep; review pretrial order, witness list, exhibit list, and notes in file. Multiple phone conferences with Joe Long throughout meeting to discuss motions in liminie, rebuttal and impeachment evidence/witnesses, deadlines for various issues related to trial and subpoenas. | 8.00 |
| 11/06/2019 | CTH | *Services*<br>Draft letters to Tyrone Dunbar and Kealo Higgins. Draft letter to Crystal in Lamartiniere's office re: visits. Email Joe Long re: same. | 0.90 |
| 11/06/2019 | CHA | *Services*<br>Review and compare of Plaintiff's pretrial order inserts to Plaintiff's Exhibit List filed February 12, 2018. | 1.30 |
| 11/06/2019 | CHA | *Services*<br>Confer with CTH regarding preparation of motions in limine and current exhibit list. | 0.30 |
| 11/07/2019 | CHA | *Services*<br>Prepare initial drafts of motions, memos in support and orders regarding Johnson's convictions, Holliday personnel file, and sexual activity of victim of sexual assault. | 0.90 |
| 11/07/2019 | CTH | *Services*<br>Exchange emails with counsel re: motions in limine, exhibit and witness lists (.2); confer with Cheryl re: exhibit list (.2) | 0.40 |
| 11/08/2019 | CHA | *Services*<br>Review of uniform pretrial order form and local rules as to deadlines (.7); calculate and calendar deadline to file motion to designate Video Depo Blalock (.2). | 0.90 |
| 11/08/2019 | KM | *Services*<br>Attention to forwarding correspondence to Crystal Roberts with the Louisiana State Penitentiary Warden's Office regarding visits with Antonio Johns, Tyrone Dunbar, and Kealo Higgins | 0.10 |

| | | | |
|---|---|---|---|
| 11/11/2019 | CTH | *Services*<br>Exchange messages with Courtney Joiner. Call to discuss settlement. | 0.30 |
| 11/11/2019 | CHA | *Services*<br>Compare defendants' will call and may call witness lists to plaintiff (.5); prepare spreadsheet of witnesses (.4); confer with Carmen Hebert regarding same (.1). | 1.00 |
| 11/14/2019 | CHA | *Services*<br>Review of Defendants' preliminary witness and exhibit lists, compare to previously filed pretrial order. | 0.70 |
| 11/14/2019 | CTH | *Services*<br>Updating witness and exhibit list; send to counsel. Confer re: joint exhibits. Confer with Joe re: exhibits, set meeting for tomorrow. (3.6) Re-reading depositions and reviewing evidence for preparation of pretrial order (Cain, Lamartiniere, Holliday, Maghee, Vaughn x 1, Dupont) (2.5) | 6.10 |
| 11/15/2019 | CTH | *Services*<br>Working on amended pretrial order, motions in limine, narrowing emails and medical records to relevant documents, review of depositions of Cain, Dupont, Odom, Guileyardo, Hoffman. Segregating materials to trial prep folders on server. Phone conference with opposing counsel re: motions in limine. Follow up email to counsel memorializing meeting, and second email to add Hoffman and Odom to witness list. (630a-330p, less 20 minutes for lunch and 10 minutes otherwise away from desk.) | 8.00 |
| 11/18/2019 | CTH | *Services*<br>Confer with Cheryl re: conference call with opposing counsel. | 0.20 |
| 11/19/2019 | CTH | *Services*<br>Pull documents from medical records, emails for inclusion in pretrial order. Email counsel with documents. | 1.90 |
| 11/19/2019 | CTH | *Services*<br>Review email from Chris Walters re: changes to the pretrial order. Reply. | 0.30 |
| 11/19/2019 | CTH | *Services*<br>Confer with Cheryl re: trial exhibits, segregating documents on server for trial prep. | 0.20 |
| 11/19/2019 | CTH | *Services*<br>Drafting motions in limine re: impeachment evidence; research and confer with Joe Long re: interplay between FRE 404(B)/608/613/801 (d)(2). | 2.50 |
| 11/20/2019 | CTH | *Services*<br>Preparing for phone conference with opposing counsel. Edits to pretrial order. Drafting and editing motions in limine re: sexual assault victim, evidence of sexual activities/predisposition. | 3.40 |
| 11/20/2019 | CTH | *Services*<br>Email counsel following up on and memorializing phone conference. Confer with Joe re: evidence related to DNA testing, etc. Updating pretrial order; send current draft to opposing counsel. | 2.80 |
| 11/21/2019 | CTH | *Services*<br>Pull and read cases cited by Judge DeGravelles in last pretrial conference. Send to Joe and confer re same; Wade v. Cain, and Dunbar allegations. | 1.10 |

| | | | |
|---|---|---|---|
| 11/21/2019 | CTH | *Services*<br>Pulling additional cases and drafting motions in limine re: sexual activities, excluding Randal Graham as witness. Definitions of "sexual abuse" and arguments re: opposing defense arguments re: FRE 415. | 3.40 |
| 11/21/2019 | CTH | *Services*<br>Travel to Angola with Joe Long to visit witnesses for trial (Dunbar, Higgins). Discuss trial strategy. Return to office. | 4.90 |
| 11/22/2019 | CTH | *Services*<br>Drafting and edit motions re: impeachment evidence, defense witnesses, sexual activities, Scales Lab. Edit stipulations in pretrial order. Exchange emails with counsel and send updated drafts of amended pretrial order. Multiple conferences with Joe Long. Gather all exhibits for motions, add additional pages to exhibits, and pull others. Finalize all changes to pretrial order and file electronically. Finalize all motions in limine and file electronically. [4a-830p; working lunch at desk; deducted 1/2 hour for interruptions] | 14.00 |
| 12/02/2019 | CTH | *Services*<br>Researching, drafting, and revising opposition to defendants' motion in limine. Confer with Joe re: suggested edits. Finalize and file electronically. | 8.50 |
| 12/04/2019 | CHA | *Services*<br>Review of witness list with regard to issuing trial subpoenas. | 0.40 |
| 12/06/2019 | CHA | *Services*<br>Receive and review Defendants' Motion for Extension of Time to File Consolidated Memorandum in Opposition to Plaintiff's Motions in Limine and Defendants' Consolidated Memorandum in Opposition to Plaintiff's Motions in Limine (.3); calculate and calendar deadline to file opposition to motion for extension of time (.2). | 0.50 |
| 12/08/2019 | CHA | *Services*<br>Review of CTH office as to discovery propounded on Plaintiff and responess to same (.4); review of file (.5); prepare initial draft of index containing discovery to and responses by Plaintiff (.6). | 1.50 |
| 12/08/2019 | CHA | *Services*<br>Prepare initial draft of trial subpoena. | 0.40 |
| 12/09/2019 | CHA | *Services*<br>Receipt and review of Order Granting Motion for Extension of Time to File Response to Motion in Limine to Exclude Evidence. | 0.10 |
| 12/10/2019 | CHA | *Services*<br>Confer with Carmen Hebert regarding instructions and actions to be taken as to upcoming deadlines, trial exhibits, trial subpoenas, witnesses and pretrial conference setting for Dec. 12. | 1.00 |
| 12/10/2019 | CHA | *Services*<br>Review of JERs instructions as to new court procedure regarding naming and uploading trial exhibits. | 0.40 |

| | | | |
|---|---|---|---|
| 12/10/2019 | CTH | *Services*<br>Confer with Cheryl and work on trial prep; final witness list, supoena, exhibits, upcoming pretrial conference and issues to discuss there. Email counsel re: additional stipulations discussed prior to filing pretrial order. | 1.00 |
| 12/11/2019 | CHA | *Services*<br>Review of Amended Pretrial Order as to Plaintiff's Trial Exhibits, compare to exhibits referenced in original Pretrial Order (1.3); review of discovery file to obtain copies of additional exhibits (.8). | 2.10 |
| 12/12/2019 | CTH | *Services*<br>Attend pretrial conference with Judge DeGravelles. Confer with Client. | 1.50 |
| 12/12/2019 | CTH | *Services*<br>Confer with Cheryl Alexander re: trial prep, exhibits, witnesses and subpoenas. | 0.90 |
| 12/12/2019 | CHA | *Services*<br>Confer with Carmen Hebert regarding pretrial conference, trial exhibits, change in trial date, amended deadlines, trial strategy, etc. | 1.00 |
| 12/12/2019 | CHA | *Services*<br>Calendar February 5 trial date. | 0.10 |
| 12/12/2019 | CHA | *Services*<br>Begin organization and bates numbering of Plaintiff's trial exhibits. | 0.50 |
| 12/12/2019 | CHA | *Services*<br>Continue file review as to Plaintiff's trial exhibits (.9); rename Plaintiff's trial exhibits in format mandated by court for uploading to JERs system (1.2); prepare index of trial exhibits (.4). | 2.50 |
| 12/13/2019 | CTH | *Services*<br>Confer with counsel re: requesting status conference for May trial date. | 0.30 |
| 12/13/2019 | CHA | *Services*<br>Continue organization and bates numbering of plaintiff's trial exhibits. | 1.30 |
| 12/13/2019 | CHA | *Services*<br>Review of file for specific trial exhibit 19 PREA Database – Screen Shots - PREA Case - LSP-14-D-0239 (Dunbar) (.7); confer with CTH regarding error in date of Exhibit 8 (.1), prepare index of exhibts (.7) | 1.50 |
| 12/14/2019 | CHA | *Services*<br>Calendar call to Judge deGravelles' Courtroom Deputy, Kristie Causey to schedule training on court equipment (.1); review CTH calendar as to times she can attend court room technology training (.3). | 0.40 |
| 12/14/2019 | CHA | *Services*<br>Review of file as to April 4, 2014 letter to Cain to be used as trial exhibit 41 (.7); name and label same for upload to court (.2); update trial exhibit index (.2). | 1.10 |

| | | | |
|---|---|---|---|
| 12/16/2019 | CHA | *Services*<br>Receipt and review of Unopposed Motion to Schedule Telephone Status Conference filed by counsel for Holliday. | 0.10 |
| 12/17/2019 | CHA | *Services*<br>Receipt and review Order setting telephone status conference for December 19 (.1); calendar same (.1). | 0.20 |
| 12/17/2019 | CHA | *Services*<br>Prepare initial draft of trial subpoenas to witnesses Amy Stogner, Shirley Coody, Tanya Bruce, Carl Delaney, Bruce Dodd, Shawnee Guileyardo, Michaela McGee, Michael Vaughn, Eli Wilson. | 2.30 |
| 12/17/2019 | CHA | *Services*<br>Telephone call to Judge deGravelles' Courtroom Deputy, Kristie Causey, to schedule training on courtroom equipment. | 0.10 |
| 12/17/2019 | CHA | *Services*<br>Prepare Plaintiffs' Exhibit Binder for CTH. | 1.40 |
| 12/17/2019 | CHA | *Services*<br>Organize trial joint exhibits as to photographs of Camp D and Camp D Daily Post Roster from 01.01.14-03.26.14. | 0.80 |
| 12/17/2019 | CHA | *Services*<br>Calendar deadlines for objections to video deposition excerpts, impeachment evidence, exchange of demonstrative evidence, final will call witness list, objections to video deposition excerpts, notice of FRE 415 evidence, and finalist witness list for day 1 of trial. | 0.60 |
| 12/18/2019 | CHA | *Services*<br>Prepare initial draft of Plaintiff's Final Will Call Witness List. | 1.20 |
| 12/19/2019 | CTH | *Services*<br>Send exhibits to opposing counsel through NetDocuments. Correspond with Joe Long's office and Courtney Joiner re: same. | 0.70 |
| 12/19/2019 | CTH | *Services*<br>Participate in telephone status conference with Judge DeGravelles and opposing counsel re: Holliday request for continuance of trial to May date. Learn that February date is a first setting now, and continuance denied. Confer with Client and Joe Long. | 0.70 |
| 12/19/2019 | CTH | *Services*<br>Receive and reply to email from Courtney Joiner re: continuance. | 0.30 |
| 12/19/2019 | CHA | *Services*<br>Telephone to Kristie Causey to schedule training in the use of the courtroom equipment. | 0.10 |
| 12/19/2019 | CHA | *Services*<br>Confer with Carmen Hebert regarding first trial setting of February 3 - 7 (.1); prepare notes as to issues with exhibits and trial subpoenas (.5); timeline (.2). | 0.80 |

| | | | |
|---|---|---|---|
| 12/20/2019 | CHA | *Services*<br>Receipt and review of Court Minutes from Dec. pretrial conference as to amended deadlines (.3); update various calendar entries as revised (.5); update Trial Checklist (.3). | 1.10 |
| 12/30/2019 | CHA | *Services*<br>Receipt and review of Minute Entry from 12.19.19 Telephone Conference. | 0.10 |
| 12/30/2019 | CHA | *Services*<br>Confer with Carmen Hebert regarding issuing trial subpoenas (.2); finalize trial subpoenas, calculate mileage to/from trial and prepare witness checks for Beverly Kelly, Swaantje Hoffman, Joel Odom, Michaela McGee, Dr. Christopher Lartgiue, Amy Stogner, Eli Wilson, Perry Stagg, Shawnee Guileyardo, Tim Delaney, Tanya Bruce, Shirley Coody, Kristin Hooper, and Michael Vaughn (2.4). | 2.60 |
| 12/30/2019 | CHA | *Services*<br>Prepare correspondence to Michaela McGee, Dr. Christopher Lartgiue, Amy Stogner, and Eli Wilson enclosing trial subpoenas and witness fee checks. | 1.20 |
| 12/30/2019 | CTH | *Services*<br>Drafting video deposition transcript designation of Blalock for trial. Send to opposing counsel. | 1.00 |
| 12/30/2019 | CTH | *Services*<br>Complete subpoenas for fifteen witnesses to be subpoenaed. Confer with Cheryl re: fees, checks. | 1.90 |
| 12/30/2019 | CTH | *Services*<br>Research contact information for and leave message for Christopher Lartigue (.2); speak with Dr. Lartigue re: trial, sending copy of medical record (.4). | 0.60 |
| 12/31/2019 | CHA | *Services*<br>Prepare correspondence to Beverly Kelly, Swaantje Hoffman and Joel Odom enclosing trial subpoenas and witness fee checks. | 0.90 |
| 12/31/2019 | CHA | *Services*<br>Confer with Carmen Hebert as to service of trial subpoenas (.2); revise correspondence to Michaela McGee, Amy Stogner, and Beverly Kelly enclosing trial subpoenas and witness fee checks (.6). | 0.80 |
| 12/31/2019 | CHA | *Services*<br>Confer with process server as to service of trial subpoenas on Eli Wilson, Swaantje Hoffman and Joel Odom (.2); receipt and review of proof of service of trial subpoena on Eli Wilson (.1); confer with process server as to inability to serve Hoffman and Odom due to LA Dept of Public Safety being closed for New Years and mileage for service and attempted service of subpoenas (.3); update subpoena spreadsheet (.2). | 0.80 |
| 12/31/2019 | CHA | *Services*<br>Receipt and review of voicemail from Judge DeGravelles' courtroom deputy regarding scheduling training for courtroom equipment (.1); confer with Carmen Hebert to confirm her availability the week of January 6 (.1); return call to Kristi (.1). | 0.30 |
| 01/02/2020 | CTH | *Services*<br>Email Chris Walters re: service on LSP and RCC employees to coordinate a time to go. | 0.20 |

| | | | |
|---|---|---|---|
| 01/02/2020 | CTH | *Services*<br>Exchange emails with counsel re: setttlement counteroffer extended deadline to Jan. 10. | 0.30 |
| 01/02/2020 | CTH | *Services*<br>Editing/preparing final witness list. Confer with Joe. | 0.40 |
| 01/02/2020 | CHA | *Services*<br>Telephone conference with Kristie Causey, Courtroom Deputy, scheduling time to receive courtroom technology training (.2); calendar January 9 training sessions (.1). | 0.30 |
| 01/02/2020 | CHA | *Services*<br>Analyze amended pretrial order as to Plaintiff's witnesses and exhibits (.3); prepare initial draft of Plaintiff's Final Will Call Witness and Exhibit List to be filed by Jan. 6 (.8). | 1.10 |
| 01/02/2020 | CHA | *Services*<br>Confer with Carmen Hebert as to deadline for filing of final will call witness and exhibit list and affidavit of settlement efforts. | 0.20 |
| 01/02/2020 | CHA | *Services*<br>Confer with process server as to service of trial subpoenas on Swaantje Hoffman and Joel Odom (.1); receipt and review of proof of service of trial subpoenas on Swaantje Hoffman and Joel Odom (.2); update subpoena spreadsheet (.2). | 0.50 |
| 01/03/2020 | CHA | *Services*<br>Confer with process server as to service of trial subpoenas on Amy Stogner and Beverly Kelly (.1); receipt and review of proof of service of trial subpoenas on Amy Stogner and Beverly Kelly (.2); update subpoena spreadsheet (.2). | 0.50 |
| 01/03/2020 | CTH | *Services*<br>Gather additional information for service of subpoenas. Pull reports from Westlaw. Email Chris Walters re: DPSC/RCC employee, Angola liason, and home addresses for his clients. | 2.30 |
| 01/03/2020 | CTH | *Services*<br>Speak with and exchange emails with Courtney re: joint jury instructions. Work on compiling same. | 1.80 |
| 01/06/2020 | CTH | *Services*<br>Call Angola re: accepting service of subpoenas for current employees. Confer with process server. | 0.50 |
| 01/06/2020 | CTH | *Services*<br>Meet with client for trial prep; review exhibits. Confer on phone with Joe Long several times re: witness list, order of witnesses. | 5.50 |
| 01/06/2020 | CTH | *Services*<br>Prepare and file settlement efforts affidavit. | 0.40 |
| 01/06/2020 | CTH | *Services*<br>Email counsel about accepting service of subpoena of Vaughn and their respective clients | 0.40 |
| 01/06/2020 | CTH | *Services*<br>Email counsel re: enlargement of Camp D, stipulations, motion to move inmates for trial. | 0.30 |
| 01/06/2020 | CTH | *Services*<br>Edit final will call witness list and file electronically. | 0.70 |

Case 3:15-cv-00318-JWD-RLB Document 278-2 09/28/20 Page 70 of 91

| | | | |
|---|---|---|---|
| 01/07/2020 | CTH | *Services*<br>Working on jury instructions, voir dire questions, jury questionnaire. (Included in that, confer with Joe for 1.5) | 5.40 |
| 01/07/2020 | CHA | *Services*<br>Edit and update Plaintiff's Trial Exhibit No. 37. | 0.30 |
| 01/07/2020 | CHA | *Services*<br>Receipt and review of Affidavits of Settlement Efforts filed by Defendants and Defendant Holliday. | 0.20 |
| 01/07/2020 | CHA | *Services*<br>Receipt and review of Final Will Call Witness List filed by Defendants (.1) and Defendant's Consolidated Witness List for Trial (.1). | 0.20 |
| 01/07/2020 | CHA | *Services*<br>Confer with CTH regarding initial draft of jury instructions (.4); review of Judge DeGravelles' jury instructions (.3); prepare initial draft of same (1.4). | 2.10 |
| 01/08/2020 | CHA | *Services*<br>Confer with process server as to service of trial subpoena on Dr. Christopher Lartiguer (.1); receipt and review of proof of service of trial subpoena on Dr. Christopher Lartiguer (.1); update subpoena spreadsheet (.1). | 0.30 |
| 01/08/2020 | CTH | *Services*<br>Exchange emails with opposing counsel re: addresses for defendant witnesses/DPSC employees, voir dire, motion to transfer, Dr. Lartigue stipulation. | 0.30 |
| 01/08/2020 | CTH | *Services*<br>Confer with Dr. Lartigue re: suitable time to have him served with subpoena. Advise Katelyn Roy. | 0.20 |
| 01/08/2020 | CTH | *Services*<br>Email Graves Theus re: process server in Alexandria area. Call and follow up. | 0.20 |
| 01/09/2020 | CTH | *Services*<br>Send updated draft of jury instructions to opposing counsel. | 0.10 |
| 01/09/2020 | CTH | *Services*<br>Confer with Joe Long re: FRE 415 witnesses | 0.40 |
| 01/09/2020 | CTH | *Services*<br>Edit motion to transfer inmates and send back to Chris Walters. | 0.20 |
| 01/09/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding preparation of trial subpoena to Michael Vaughn at Hineston address (.2); revise trial subpoena to Hineston as to current address (.2); calculate mileage to/from trial and prepare witness check (.2); telephone conference with Missy at Gravel Investigations regarding service of trial subpoena and fee for same (.2); prepare email transmittal to Missy attaching copies of subpoena and checks (.1); prepare correspondence to Gravel Investigations enclosing subpoena, witness check and check in payment of service (.4). | 1.30 |
| 01/09/2020 | CHA | *Services*<br>Travel to/from U.S. District Court and for technology training in preparation for trial. | 1.10 |

| | | | |
|---|---|---|---|
| 01/09/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding preparation of witness list to include corresponding exhibits for each witness. | 0.40 |
| 01/09/2020 | CTH | *Services*<br>Finish jury instructions draft and circulate to counsel. | 2.30 |
| 01/09/2020 | CTH | *Services*<br>Work on finding process server; confer with Cheryl re: redoing subpoena and using Mark Gravel. Sign checks, subpoena. | 0.90 |
| 01/09/2020 | CTH | *Services*<br>Telephone conference with Courtney Joiner re: jury instruction filing deadline, settlement discussions. | 0.30 |
| 01/10/2020 | CTH | *Services*<br>Prepare revisions and responses to objections of defendants to proposed jury instructions; finalize and electronically file . Prepare and electronically file proposed jury verdict form and voir dire questions (refer to/incorporate those filed in February 2018). | 1.50 |
| 01/10/2020 | CTH | *Services*<br>Coordinate with staff (Britney/Denise) re: service of Michael Vaughn subpoena and getting checks/originals to Gravel Investigations. | 0.40 |
| 01/10/2020 | KM | *Services*<br>Receipt and review of electronic notice of filing received from Court regarding Proposed Voir Dire Questions by Tony Johnson | 0.10 |
| 01/10/2020 | KM | *Services*<br>Telephone call to Missy at Gravel Investigations to obtain mailing address | 0.10 |
| 01/10/2020 | KM | *Services*<br>Attention to drafting correspondence to Gravel Investigations regarding service of trial subpoena on Michael Vaughn and forwarding same | 0.10 |
| 01/11/2020 | CHA | *Services*<br>Receipt and review of Joint Jury Instructions and Defendants' Proposed Voir Dire Examination. | 0.20 |
| 01/13/2020 | CHA | *Services*<br>Receipt and review of Notice of Telephone Conference with Judge deGravelles (.1); calendar January 24 telephone conference (.2). | 0.30 |
| 01/14/2020 | CHA | *Services*<br>Receipt and review of notice converting telephone conference to oral argument set for January 24 as to Defendants' Motion in Limine (.1); update calendar entry regarding same (.1). | 0.20 |
| 01/14/2020 | CHA | *Services*<br>Prepare trial exhibit spreadsheet as to plaintiff's and defendants' for use at trial to track those exhibits offered/admitted into evidence. | 1.90 |
| 01/14/2020 | CHA | *Services*<br>Receipt and review of Motion to Enroll Evan Alvarez as Additional Counsel for Holliday. | 0.10 |

| | | | |
|---|---|---|---|
| 01/14/2020 | CHA | *Services*<br>Revise names of trial exhibits to match those listed on final exhibit list (.3); review of electronic bench book guidelines as to size of files and file types allowed to be uploaded (.4); review of video files to be used as exhibits and determine files must be converted and broken down to smaller intervals to be uploaded (.4); research potential programs to convert to file required by court (.5). | 1.60 |
| 01/14/2020 | CHA | *Services*<br>Update Trial Checklist as to final upcoming deadlines. | 0.30 |
| 01/14/2020 | CHA | *Services*<br>Begin work on Plaintiff's witness index as to order of witnesses and exhibits to be used for each. | 0.50 |
| 01/14/2020 | CTH | *Services*<br>Listening to audio recordings between Johnson and his family. Take notes from calls. | 1.80 |
| 01/15/2020 | CTH | *Services*<br>Confer with client re: trial date, prep meeting. Email status conf. minute entry. | 0.30 |
| 01/15/2020 | CTH | *Services*<br>Email opposing counsel re: joint exhibits, daily post rosters/photos. Send copy of proposed changes and request consent to same. | 0.30 |
| 01/15/2020 | CTH | *Services*<br>Receive response to request for joint exhibit changes; reply and advise re: plaintiff providing copies of joint exhibits in bench book. | 0.10 |
| 01/15/2020 | CTH | *Services*<br>Confer with Cheryl re: letter to Angola to set up witness visit. Confer with Joe Long re: same and to get date. | 0.20 |
| 01/15/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding upcoming hearing on motions in limine and documents needed, trial exhibits, video trial exhibits and breakdown of same into smaller files, timeline display board to be used at trial, witnesses and other trial matters. | 1.50 |
| 01/15/2020 | CHA | *Services*<br>Receipt and review of order granting motion to enroll Alvarez as additional counsel for Holliday. | 0.10 |
| 01/15/2020 | CHA | *Services*<br>Review of pleadings files as to motions in limine and oppositions to same (.5); organize same (.3); prepare index of Motions in Limine and binder cover for same for use at January 24 oral argument (.8). | 1.60 |
| 01/15/2020 | CTH | *Services*<br>Extensive review with Cheryl re: exhibits, videos, editing. Email Immense Networks re: editing videos, Signs In A Day re: calendar board demonstrative for trial. | 1.50 |
| 01/16/2020 | CTH | *Services*<br>Trial prep: review deadline re: Blalock objections (none filed); motions in limine arguments (organizing and assign between me and Joe). | 3.80 |

| | | | |
|---|---|---|---|
| 01/16/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding service of trial subpoena on Michaela McGee (.2); telephone call to West Feliciana Parish Sheriff's regarding service of subpoena (.1); telephone conference with Captain Michaela McGeel regarding service of subpoena for trial, address for service (.2); issue instructions to courier for service of trial subpoena (.1); receipt and review of Proof of Service of of subpoena on Ms. McGee (.1). | 0.70 |
| 01/16/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding visit to Angola to meet with witnesses and preparation of correspondence requesting same (.2); prepare correspondence to Warden's office requesting inmate visits with Eames, Graham, Higgins and Dunbar (.4). | 0.60 |
| 01/16/2020 | CHA | *Services*<br>Revise trial checklist to include specific items including witness meetings and preparation, trial notebook, etc. | 0.80 |
| 01/16/2020 | CHA | *Services*<br>Organize, rename and bates number joints exhibits 1 - 13 for use at trial and submission to court. | 0.90 |
| 01/16/2020 | CHA | *Services*<br>Receipt and review of two of defendants' demonstrative exhibits. | 0.20 |
| 01/16/2020 | CHA | *Services*<br>Revise defendants' and plaintiff's trial exhibit spreadsheet (.7); prepare spreadsheet of joint exhibits offered/admitted into evidence. (1.1). | 1.80 |
| 01/16/2020 | CHA | *Services*<br>Receipt and review of email correspondence from Gravel Investigations confirming service on Vaughn at 3:05 p.m. 1/16/20. | 0.10 |
| 01/16/2020 | CHA | *Services*<br>Review of Plaintiff's and Defendants' Final Will Call Witnesses Lists, witnesses which plaintiff issued trial subpoenas, and witnesses assigned to Plaintiff's attorneys (.7); prepare working chart of same (.6). | 1.30 |
| 01/16/2020 | CHA | *Services*<br>Receipt and review of Defendants' Exhibit List for Consolidated Motion in Limine. | 0.40 |
| 01/16/2020 | CHA | *Services*<br>Receipt and review of Defendants' Exhibit List Filed Under Seal to Consolidated Motion in Limine. | 0.20 |
| 01/16/2020 | CTH | *Services*<br>Confer with Cheryl re: Magee subpoena. | 0.10 |
| 01/16/2020 | CTH | *Services*<br>Begin markup of Coody depositions for trial examinations. | 0.30 |
| 01/16/2020 | CTH | *Services*<br>Exchange emails with Courtney re: demonstrative aid, Falcon dorm. Get pricing for 2 boards from Mike Flowers. Advise Courtney. | 0.50 |
| 01/16/2020 | CTH | *Services*<br>Receive and review documents filed by Defendants re: motions in limine. Confer with Cheryl re: hearing binder for oral argument. | 0.50 |

| | | | |
|---|---|---|---|
| 01/17/2020 | CTH | *Services*<br>Exchange emails with Chris Walters re: PREA Database screen shot for Dunbar. Review file and advise that I can't find the one for Dunbar (only have one for Johnson). | 0.20 |
| 01/17/2020 | CHA | *Services*<br>Receipt and review of Defendants' Opposition to Blalock Deposition Designation | 0.10 |
| 01/17/2020 | CHA | *Services*<br>Prepare initial draft of Plaintiff's Reply to Defendants' Opposition to Blalock Deposition Designation | 0.40 |
| 01/17/2020 | CHA | *Services*<br>Create ShareSpace for Plaintiff's Exhibits and separate ShareSpace for Joint Exhibits (.3); email link to reach to QLS for copying (.2). | 0.50 |
| 01/17/2020 | CHA | *Services*<br>Telephone call to Kristi Causey regarding scheduling a time to enter courtroom and play video exhibits as to view/volume | 0.10 |
| 01/17/2020 | CHA | *Services*<br>Trial Prep: Prepare index of Joint Exhibits and Joint Exhibit Bench Books for production to Court. | 1.80 |
| 01/17/2020 | CHA | *Services*<br>Trial Prep: Prepare Plaintiff's Exhibit Bench Books for production to Court. | 2.60 |
| 01/17/2020 | CHA | *Services*<br>Confer with Carmen Hebert to confirm service of trial subpoena on Michael Vaughn on January 16. | 0.10 |
| 01/17/2020 | CTH | *Services*<br>Work with Immense Networks on video conversion. Confer with Cheryl re: same. Upload converted files for distribution to counsel. | 1.10 |
| 01/17/2020 | CTH | *Services*<br>Confer with Cheryl re: follow up on service of subpoena on Michael Vaughn. Confirm service made and advise Joe. | 0.20 |
| 01/17/2020 | CTH | *Services*<br>Confer with Cheryl re: exhibits, bench books, courtroom technology. | 0.20 |
| 01/17/2020 | CTH | *Services*<br>Confer with Cheryl re: motions in limine and exhibits, binders for use at hearing for oral argument. | 0.20 |
| 01/17/2020 | CTH | *Services*<br>Send notice to counsel of FRE evidence for Tyrone Dunbar. Prepare legal authorities for expected objection and include with binder for hearings on oral argument. | 1.80 |
| 01/18/2020 | CHA | *Services*<br>Update Witness List to include subpoena service dates and attorney designations. | 0.50 |
| 01/18/2020 | CHA | *Services*<br>Create witness files in NetDocs for each witness; prepare and save to each witness file Points of Proof; prepare file labels for each witness hard file. | 1.60 |
| 01/19/2020 | CTH | *Services*<br>Drafting response to deposition objections. Responses to substantive objections to evidence. | 0.80 |

| | | | |
|---|---|---|---|
| 01/19/2020 | CTH | *Services*<br>Organizing documents and questions for Shirley Coody, Michael Vaughn; drafting examinations for these witnesses. | 1.80 |
| 01/19/2020 | CHA | *Services*<br>Download Plaintiff's Trial Exhibits 21-a_WFPSO Holliday Video, 21-b_WFPSO Holliday Video and 36_Video Holliday-Hooper from Holliday Polygraph, burn 2 DVDs of exhibits 21 and 36, and label for inclusion in Plaintiff's Bench Book (1.1); finalize/complete two bench books for hand delivery to the court and copy for counsel (.5). | 1.60 |
| 01/19/2020 | CHA | *Services*<br>Trial Prep: Witness evidence, folders, attorney trial binders. | 1.70 |
| 01/20/2020 | CHA | *Services*<br>Detailed review of plaintiff's opposition to defendants' motion for summary judgment as to witness evidence (2.4); add sites to specific witnesses' points of proof (1.3). | 3.70 |
| 01/20/2020 | CHA | *Services*<br>Review of Defendants' Consolidated Motion in Limine as compared to objections made to witnesses/exhibits in Amended Pretrial Order. | 1.30 |
| 01/20/2020 | CHA | *Services*<br>Calculate courier mileage for service of trial subpoenas to Eli Wilson, Michaela McGee, Dr. Lartigue and revise proofs of service to include same. | 0.70 |
| 01/20/2020 | CHA | *Services*<br>Review of trial exhibits with regard to witnesses testimony at trial. | 1.10 |
| 01/20/2020 | CTH | *Services*<br>Confer with Shania Long re: exhibit books, trial materials, scheduling meeting with Joe for trial prep, and creating online witness folders for sharing information. | 0.50 |
| 01/21/2020 | CHA | *Services*<br>Telephone call to Kristie Causey regarding bench books and upload of electronic evidence. | 0.10 |
| 01/21/2020 | CHA | *Services*<br>Telephone call to Judge deGravelles' office regarding hand delivery of bench books (.1); prepare correspondence to Judge deGravelles enclosing plaintiff's and joint bench books for trial (.4). | 0.50 |
| 01/22/2020 | CHA | *Services*<br>Review of depositions as to exhibits and move copies of same to trial witness files (.6); review of deposition prep notes and move copies of same to trial witness files (.5). | 1.10 |
| 01/22/2020 | CHA | *Services*<br>Receipt and review of Order ruling on defendants' memorandum in opposition to deposition designation. | 0.20 |
| 01/22/2020 | CHA | *Services*<br>Receipt and review of Exhibits to Combined Motion in Limine by Cain Dupont Holliday LeMartiniere. | 0.10 |
| 01/22/2020 | CTH | *Services*<br>Exchange emails with Chris Walters re: filing motion to transfer inmates | 0.20 |

| | | | |
|---|---|---|---|
| 01/22/2020 | KM | *Services*<br>Receipt and review of electronic notice of filing received from Court regarding Exhibits to Combined Motion in Limine by Burl Cain, Leslie Dupont, Tyler Holliday, Joseph LeMartiniere | 0.10 |
| 01/23/2020 | CHA | *Services*<br>Detailed review of initial pretrial order, amended pretrial order, defendants' motion in limine, and subsequent filings of exhibits to defendants' motion in limine (2.1); prepare spreadsheet to defendants objections contained in initial pretrial order, amended pretrial order, defendants' motion in limine, and documents produced/referenced in the subsequent filings of exhibits to defendants' motion in limine for use at the January 24 hearing (1.3); confer with Carmen Hebert regarding same (.3). | 3.70 |
| 01/23/2020 | CHA | *Services*<br>TRIAL PREP: Begin work on witness hard files and contents. | 1.10 |
| 01/24/2020 | CHA | *Services*<br>TRIAL Prep: Continue work on witness hard files and pulling documents for same. | 0.60 |
| 01/24/2020 | CHA | *Services*<br>Review of pleadings, orders and court minute entries to date regarding changes and/or amendments to court established deadlines. | 0.70 |
| 01/24/2020 | CHA | *Services*<br>Prepare for oral argument before Judge deGravelles as to motions in limine. | 0.80 |
| 01/24/2020 | CHA | *Services*<br>Travel to/from federal courthouse and attend hearing on motions in limine. | 3.50 |
| 01/24/2020 | CTH | *Services*<br>Prepare for oral argument on motions in liminie; pull additional citations re: FRE 415, comparison of pretrial order and motions in liminie/objections. | 4.30 |
| 01/24/2020 | CTH | *Services*<br>Trial prep: re-reading, notating depositions of DPSC employees Allen, Guileyardo, Wilson, Dodd. | 2.10 |
| 01/24/2020 | CTH | *Services*<br>Attend oral argument on motions in liminie with Judge deGravelles. Update client. | 3.50 |
| 01/25/2020 | CHA | *Services*<br>Review of notes taken during hearing on motions in limine and prepare list of actions items and to dos to be handled prior to trial (1.5); calendar Jan. 29 deadline to file pocket brief (.1); confer with CTH regarding same (.1). | 1.70 |
| 01/25/2020 | CHA | *Services*<br>Review of trial exhibits (.3); review court instructions regarding upload of evidence (.2); upload plaintiff's trial exhibits 1-41 to the JERS electronic evidence system and file with court (.8); upload joint trial exhibits 1-13 o the JERS electronic evidence system and file with court (.3). | 1.60 |
| 01/25/2020 | CHA | *Services*<br>Prepare correspondence to opposing counsel requesting copy of defendants' trial exhibits. | 0.10 |

| | | | |
|---|---|---|---|
| 01/25/2020 | CHA | *Services*<br>Prepare correspondence to Kristie Causey regarding upload of trial exhibits and will need to upload new versions once the judge issues his ruling which will contain redactions. | 0.10 |
| 01/25/2020 | CHA | *Services*<br>TRIAL PREP: Review of WFPSO videos and make notes as to discussion and times where specific discussions appear. | 1.40 |
| 01/25/2020 | CHA | *Services*<br>TRIAL PREP: Review of deposition video of William Blalock. | 0.50 |
| 01/25/2020 | CTH | *Services*<br>Trial prep (alone, then with Joe/Cheryl): witness breakdown, order, review of PTO and exhibits, arguments re: exhibit objections, testimony. [Was 15 hours; cut 1.5 for meal time] | 13.50 |
| 01/26/2020 | CTH | *Services*<br>Trial prep: edit videos, pull exhibits for particular witnesses, prepare for meeting with witnesses. Drafting examination questions. Meet with Joe re: witness prep and finish order of witnesses, begin in depth review of exhibits and tie to each witness/point of proof. Detailed email to opposing counsel re: pretrial issues that are outstanding. | 10.50 |
| 01/26/2020 | CHA | *Services*<br>TRIAL PREP: print various documents for witness folders, review of discovery to plaintiff and responses to same, add discovery to Johnson's witness folder, prepare hard folders for defendants' demonstrative evidence, | 5.40 |
| 01/26/2020 | CHA | *Services*<br>Prepare correspondence to Amy Stogner regarding any anticipated scheduling issues. | 0.10 |
| 01/26/2020 | CHA | *Services*<br>Receipt and review of correspondence from Courtney Joiner regarding defendants' trial exhibits. | 0.10 |
| 01/27/2020 | CHA | *Services*<br>Calculate courier mileage for service of trial subpoenas and fees and revise proofs of service to include same, save to hard file. | 1.10 |
| 01/27/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding the filing of the joint motion for issuance of writs of habeas corpus ad testificandum (.1); revise motion to remove certificate of service (.1); upload and file same through the CM/ECF filing system (.2). | 0.40 |
| 01/27/2020 | CHA | *Services*<br>TRIAL PREP: organize exhibits into witness folders as identified by CTH and JLL; confer with CTH regarding witnesses not listed on trial schedule; email witness exhibits, deposition transcripts and points of proof to JLL; receipt and review of email from Kristie Causey confirming Plaintiff will be uploading exhibits once redacted/edit. | 6.70 |
| 01/27/2020 | CTH | *Services*<br>Preparing redactions to exhibits in accordance with Judge's ruling; confer with opposing counsel re: various issues, stipulations, Dupont at trial, Higgins visit/depo. Preparing demonstrative aid, send copy to counsel. Drafting direct and cross examinations. Work on pocket brief, research re: punitive damages and criminal punishment. Review log books and other evidence re: dates of rapes. [6a-6p with 2 hours deducted for bathroom and food breaks] | 10.00 |

| | | | |
|---|---|---|---|
| 01/27/2020 | CTH | *Services*<br>Listening to audio recordings of client in 2014 (March-May, 23 calls); detailed notes. | 2.10 |
| 01/28/2020 | CTH | *Services*<br>Confer with Joe re: juror strikes, Rule 50 motion, phone recordings/prejudice when only a portion is played. Drafting pocket brief and Rule 50 motion, and pulling research re punitive damges and relevance of WFPSO and WF DA. Redacting Vaughn reports. | 3.20 |
| 01/28/2020 | CTH | *Services*<br>Exchange emails with counsel re: DNA stipulations, Dupont absence from trial, Lartigue stipulation sent yesterday, stipulation re: sex abuse definition, and deposition of Higgins. | 0.90 |
| 01/28/2020 | CHA | *Services*<br>Telephone conference with witness Michaela Magee (.3); confer with Carmen Hebert regarding same (.1); prepare correspondence to Ms. Magee confirming conversation and transmitting deposition transcript (.2). | 0.60 |
| 01/28/2020 | CHA | *Services*<br>TRIAL PREP: organize Defendants' trial exhibits, create index for same and prepare trial binder; begin listen to telephone records to Tony Johnson which may be used as impeachment evidence by Defendants at trial and prepare notes to same; prepare trial subpoena for Bruce Dodd, calculate mileage to from federal courthouse and prepare witness fee and mileage check; receipt and review of email from Courtney Joiner's office attaching link to defendants' trial exhibits (.1); download exhibits and save to file (.2); receipt and review of defendants' order of transcript from January 24, 2020 motion in limine hearing. | 9.30 |
| 01/28/2020 | CTH | *Services*<br>Listen to and annotate audio recordings of Johnson (7 hours worth of audio) | 4.10 |
| 01/29/2020 | CTH | *Services*<br>Listening to audio recordings of calls with Johnson's family. Notes re same. (approx. 4.25 hours of audio) | 2.90 |
| 01/29/2020 | CHA | *Services*<br>TRIAL PREP: update trial binders; organize deposition transcripts; review of Court Minutes from the January 24 hearing as to deadline for submission of pocket brief and items to be covered in same; confer with CTH regarding same | 9.50 |
| 01/29/2020 | CTH | *Services*<br>Receive and review motion to quash subpoena. Email counsel for Dr. Lartigue (Ellen Cronin Badeaux) that stipulation reached today. Confer with Courtney and Gary, who advised that they agreed but ORM had not approved. Email Ms. Badeaux again to advise that NO stipulation has been agreed to by ORM, only counsel. | 1.10 |
| 01/29/2020 | CTH | *Services*<br>Working lunch with Joe and prep for witness interviews. Got to Angola to meet with witnesses. Return to office. | 7.50 |
| 01/30/2020 | CTH | *Services*<br>Confer with Joe; draft proposed stipulations re: lab exhibits and Stacy Williams. Send to opposing counsel. | 1.40 |

| | | | |
|---|---|---|---|
| 01/30/2020 | CTH | *Services*<br>Drafting cross for Lamartiniere, Holliday issues re: inconsistent statements, Vaughn and Magee issues with no further investigations, Dunbar and Higgins. Notes for opening and closing statements, demonstrative aids. Preparing clean copies and marked copies of exhibits for examinations. | 5.50 |
| 01/30/2020 | CTH | *Services*<br>Reread/annotate depositions of Tanya Bruce, Tony Johnson, Randall Graham, Shirley Coody, Michael Vaughn. | 2.20 |
| 01/30/2020 | CHA | *Services*<br>TRIAL PREP: prepare Sharespace for Joint Exhibits, prepare correspondence to opposing counsel attaching link to same; work with CT regarding points of proof as to trial witnesses; prepare correspondence to Amy (Stogner) Morris regarding testifying on Tuesday morning. | 11.20 |
| 01/30/2020 | CTH | *Services*<br>Phone conference with opposing counsel re exhibits, stipulations. Exchange various emails with counsel. Memorialize issues outstanding as of this call. Review redacted materials and send to opposing counsel (Ex. 1, 5, 20). | 2.90 |
| 01/31/2020 | CHA | *Services*<br>TRIAL PREP: organize witness folders as identified by CTH and JLL; confer with CTH regarding witnesses; multiple emails regarding witnesses with JLL; multiple emails with Kristie Causey regarding trial exhibits; email to opposing counsel regarding joint exhibits; amend plaintiff's trial exhibits; bates label defendants' exhibit 22. | 13.10 |
| 01/31/2020 | CTH | *Services*<br>Trial prep. Editing exhibits, opposing Lartigue motion to quash, preparing arguments for issue of arrest and relevance to punitive damages, edit video of Holliday and his father, Magee, Hooper. Phone conference for court ruling on ARP issue and Lartigue subpoena. Additional edits to exhibits 5, 6, 7 and 15, 16, 17, delete others. Send complete list to opposing counsel and amend binder index and send. Exchange multiple emails, texts with opposing counsel re: exhibits, stipulations, etc. Adding text to demonstrative evidence, drafting cross examinations of witnesses. (530a-1030p minus 2 hours for bathroom, meals). | 15.00 |
| 02/01/2020 | CHA | *Services*<br>TRIAL PREP: final changes to plaintiff's trial exhibits and binders, final revisions to plaintiff's bench book and joint bench book, review of documents to witnesses, confirm various witnesses for day 1 of trial. | 16.60 |
| 02/01/2020 | CTH | *Services*<br>Trial prep: witness examinations, finalize exhibits. Confer multiple times with Joe Long, client. (7a-midnight minus 1 hour for bathroom breaks; ate at desk) | 16.00 |
| 02/02/2020 | CTH | *Services*<br>Final trial prep. | 12.50 |
| 02/02/2020 | CHA | *Services*<br>TRIAL PREP: final changes and updates to defendants' exhibit binder, final revisions and organization of witness binders for first day of trial. | 10.80 |
| 02/02/2020 | SJB | *Services*<br>Researched timing a moving for a Rule 50 at trial | 0.60 |

| | | | |
|---|---|---|---|
| 02/03/2020 | CHA | *Services*<br>Attend day 1 of trial, jury selection, working lunch, continue trial preparation for witnesses Dunbar, Higgins, and potentially Johnson. | 12.90 |
| 02/03/2020 | CTH | *Services*<br>Finish preparing opening statement, cross examination of Magee. Prepare jury box grid and note sheet. (415a-830a) | 4.30 |
| 02/03/2020 | CTH | *Services*<br>Go to federal courthouse for Day 1 of trial. Jury selection, working lunch, opening statements, Vaughan. Confer with Joe, Client and Cheryl after re: Day 2 strategy. | 10.50 |
| 02/04/2020 | CHA | *Services*<br>Attend day 2 of trial, working lunch, prepare for day 3 of trial, cross examination of Defendants' witnesses | 10.70 |
| 02/04/2020 | CTH | *Services*<br>Finish examinations and pull documents to prep for Tyrone Dunbar, Kealo Higgins, Tim Delaney, Joseph Lamartiniere, and Beverly Kelly. (430a-830a) | 4.00 |
| 02/04/2020 | CTH | *Services*<br>Go to federal courthouse for Day 2 of trial. Working lunch prep with Client for his direct examination. Confer after court with Joe Long and Cheryl Alexander re: Day 3 strategy. | 10.80 |
| 02/05/2020 | CHA | *Services*<br>Attend day 3 of trial, working lunch, prepare for day 4 of trial and cross examination of defendants' witnesses. | 10.50 |
| 02/05/2020 | CTH | *Services*<br>Prep for Lamartiniere cross, Rosso cross, and Eames cross. Review depositions of Coody and Odom. Preparing closing argument list of points. (355a-820a) | 4.50 |
| 02/05/2020 | CTH | *Services*<br>Attend Day 3 of trial. Working lunch for closing. Finish presentation of evidence and closing statement. Confer with co-counsel and client afterward. | 8.50 |
| 02/06/2020 | CHA | *Services*<br>Attend day 4 of trial, status conference as to jury charges, remain at courthouse during jury deliberation and final verdict as to defendants. | 6.50 |
| 02/06/2020 | CTH | *Services*<br>Attend Day 4 of trial, status conference re: jury charges. Stay at courthouse for jury deliberations and for $750,000 verdict against Holliday. | 6.50 |
| 02/07/2020 | CTH | *Services*<br>Start research re: indemnity and JNOV against Lamartiniere (1.2). Confer with Joe Long re: same (.3). | 1.50 |
| 02/10/2020 | CHA | *Services*<br>Receipt and review of minute entry from the Court as to filing of the redacted video and redacted transcript of William Blalock's deposition (.1); burn DVD of deposition video (.2); prepare correspondence to the clerk of court filing the DVD into the record (.4); upload transcript and exhibits and file via the ECF system (.2). | 0.90 |
| 02/10/2020 | CHA | *Services*<br>Telephone call to Kristie Causey regarding filing of redacted deposition transcript into ECF system. | 0.10 |

| | | | |
|---|---|---|---|
| 02/10/2020 | CTH | *Services*<br>Exchange emails with court reporter for Judge DeGravelles. Get cost estimate; approval from client. | 0.30 |
| 02/10/2020 | CTH | *Services*<br>Pulling sources for motion for attorney fees. Review FRCP and Local Rules re: same. | 1.80 |
| 02/11/2020 | CHA | *Services*<br>Receipt and review of the Court's Minute Entry regarding the parties' motions as to Judgment as to Rule 50 which were DENIED, the Final Jury Charge Conference, and Closing Arguments (.1); receipt and review of Minute Entry from the Court as to the final Verdict Form, Jury Deliberations, and Verdict (.1). | 0.20 |
| 02/11/2020 | CHA | *Services*<br>Review of Middle District Local Rules regarding award of attorney's fees. | 0.30 |
| 02/11/2020 | CHA | *Services*<br>Review of court minutes entered during trial and the jury verdict (.9); review of the Middle District Court Local Rules and Judge deGravelles' judgment instructions (.6); prepare initial draft of judgment (.9). | 2.40 |
| 02/11/2020 | KM | *Services*<br>Receipt and review of electronic notice received from Court regarding Jury Verdict Form | 0.10 |
| 02/12/2020 | CHA | *Services*<br>Revise initial draft of judgment in accordance with Judge deGravelles' instruction. | 0.80 |
| 02/12/2020 | CHA | *Services*<br>Multiple emails to/from Kristi Causey regarding items left in conference room at federal courthouse. | 0.20 |
| 02/12/2020 | CTH | *Services*<br>Drafting proposed judgment. Pull cases, other judgments from similar matters in MDLA and other jurisdictions. Review FRCP rules and local rules. Send to opposing counsel. | 5.20 |
| 02/13/2020 | CTH | *Services*<br>Exchange emails with Gina Delatte-Richard re: transcript request. Review rule re: time for Rule 50 motion. | 0.40 |
| 02/13/2020 | CHA | *Services*<br>Prepare hand delivery package to court reporter as to payment for trial transcript. | 0.20 |
| 02/14/2020 | CTH | *Services*<br>Draft email to Joe Long re: Rule 50 motion and qualified immunity versus liability. | 0.20 |
| 02/14/2020 | CTH | *Services*<br>Drafting memo re: attorney fees award, costs. | 2.20 |
| 02/17/2020 | CTH | *Services*<br>Pull sources re PRLA caps on attorney fees; cite relevant law, cases in memorandum. Drafting memorandum in support re: attorney fees. | 3.10 |
| 02/18/2020 | CTH | *Services*<br>Email counsel re: filing judgment today if no response. | 0.10 |

| | | | |
|---|---|---|---|
| 02/18/2020 | CTH | *Services*<br>Review local rules and minute entry re: filing judgment. No event on PACER to file proposed judgment and local rules say do not file. Minute entry says to file and send Word doc. email to judge. Called and spoke with Kristie Causey and she advised to email. Did so and copied all counsel. | 0.50 |
| 02/19/2020 | CTH | *Services*<br>Discuss with Joe Long issue of timing of suit being filed while incarcerated and being released subsequently. Pull additional cases and send to him. | 1.20 |
| 02/20/2020 | CHA | *Services*<br>Receipt and review of Judgment (.1); calculate and calendar deadline to file Memorandum of Costs (.2); calculate and calendar deadline for Defendants to object to Memorandum of Costs (.2). | 0.50 |
| 02/20/2020 | CHA | *Services*<br>Receipt and review of Order regarding placing sealed documents into public record after 30 days unless motion is filed (.1); calendar deadline to file motion as to sealed documents (.1). | 0.20 |
| 02/20/2020 | CTH | *Services*<br>Confer with Joe Long re: taxable costs; review article on same and cases cited. | 0.90 |
| 03/13/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding payments to various court reporters as to depositions (.1); review of payments to court reporters and redact bank account numbers from checks to be attached to motion for attorney fees (.6). | 0.70 |
| 03/19/2020 | CTH | *Services*<br>Drafting motion re attorney fees. Preparing exhibits, declaration for Joe and me to sign re: correctness of bills; cite additional law re: copies used for trial. | 2.50 |
| 03/19/2020 | CTH | *Services*<br>Receive and read motion for remittitur; confer with Cheryl re: deadline to respond (review Rule 50 for specific delay for responding, as with Rule 54 attorney fee/cost motion). | 0.50 |
| 03/23/2020 | CTH | *Services*<br>Finish motion re: attorney fees and costs, exhibits. Finalize and file electronically. | 7.80 |

## User Hours Summary

**Billing Period: 04/21/2015 - 03/23/2020**

**Matter: Johnson v. Holliday (9066-001)**

| User | Hours Billed |
|---|---:|
| Carmen T Hebert | 1,036.30 |
| Tiopol Guillory | 5.50 |
| Barb Pilat | 136.50 |
| Cheryl Alexander | 234.20 |
| Lisa M Bardwell | 67.20 |
| Sarah J Bradley | 0.60 |
| Kristin Maloz | 0.70 |

CARLETON HEBERT WITTENBRINK & SHOENFELT LLC
ATTORNEYS AT LAW

**Carleton Hebert Wittenbrink & Shoenfelt, LLC 400 Convention Street, Suite 550**
**Baton Rouge, LA 70802 Tax I.D. No. 27-3856497 Phone: (225) 282-0602**
**Fax: (877) 443-9889**

Invoice submitted to:

| | |
|---|---|
| Invoice # | **31349** |
| Invoice Date | **03/23/2020** |
| For Services Through | 03/23/2020 |
| Terms: | **10 Days after Receipt** |

Tony Johnson (9066-001)

In Reference To: **Johnson v. Holliday (9066-001) (Fees)**

| Date | By | Service Summary | Hours | |
|---|---|---|---|---|
| 04/21/2015 | TG | *Services*<br>Receive & Review Scheduling Conference date & Status Report; calender same. | 0.10 | |
| 05/08/2015 | TG | *Services*<br>Receive and review notice from the court regarding status conference, calendared the dates. | 0.40 | (.3) |
| 07/08/2015 | TG | *Services*<br>Telephone the Litigation Division (225) 326-6405, spk w/Mr. Davis in regards to the D/L for the Discovery Production, which will be due: 7/16/2015; Calendar same. | 0.40 | (.3) |
| 07/17/2015 | TG | *Services*<br>Review and make revisions to Plaintiff's list of witnesses with corrections. | 0.50 | (.5) |
| 12/07/2016 | CHA | *Services*<br>Receive and review notices from court regarding time change for telephone status conference set for 12/15/2016 (.1); update calendar entry regarding same (.1). | 0.20 | (.1) |
| 01/19/2017 | CHA | *Services*<br>Work with Carmen Hebert in preparation of exhibits to settlement position paper. | 0.80 | |
| 08/29/2017 | LMB | *Services*<br>Receipt and review of Re-Notice of Deposition of W. Lloyd Grafton, calendar same for new date of 9/8/2017. | 0.20 | |
| 09/27/2017 | CHA | *Services*<br>Receive, download and review Motion to Stay Trial and Related Pretrial Deadlines and Request for Expedited Consideration. | 0.10 | (.1) |
| 09/29/2017 | LMB | *Services*<br>Receipt and Review of Defendant's Mot for Leave to File Reply to Plaintiff's Opposition to Defs Motion to Stay Trial and related deadlines, review 3 attachments including their memo in support, review subsequent email from court setting hearing and coordinate same on all CLHW Atty calendars. | 0.70 | (.6) |
| 10/02/2017 | LMB | *Services*<br>Review Plaintiff's MIO to Defs MSJ. | 0.20 | (.2) |
| 10/05/2017 | LMB | *Services*<br>Review Plaintiff's MIO to MSJ for proof reading of Statement of Facts for CTH. | 0.50 | (.5) |
| 10/06/2017 | LMB | *Services*<br>Proof MIO to Defs MSJ for CTH and make necessary edits (emailing back and forth with CTH as well); pull exhibits to add to memo (exhibits are A-O extensive deposition excerpts); Review Defs PTO inserts given to us at the 11th hour!! | 6.90 | (5.9) |
| 10/09/2017 | LMB | *Services*<br>Review Final PTO draft as filed for any errors to advise CTH. Review of Under Seal Documents 150 & 4 sub parts RE: Dunbar investigation and written complaint of sexual assault. | 0.40 | (.4) |

APPENDIX B

**Exhibit B: Disputed Clerical Work**

| | | | | |
|---|---|---|---|---|
| 10/10/2017 | LMB | *Services*<br>Receipt and review of new PT Order and calendar all PT deadlines on all attys calendars. Receipt and Review of documents 153, 154 and 155 (17 sub parts) and saved all new filings to ECF Filing Folder. | 1.10 | (.9) |
| 10/30/2017 | LMB | *Services*<br>Receipt and Review of Defs' Mot for Leave to file Reply Memorandum, Order Granting Defs' Leave request and review of Defs' Memorandum in Reply to Plaintiff's Memorandum in Opposition to Defs' Motion for Summary Judgment and all attachments, organized all of these documents to the ECF Pleadings sub-folder. | 0.30 | (.2) |
| 12/22/2017 | LMB | *Services*<br>Review draft of Motions in Limine and email CTH regarding same from Shania Long. | 1.00 | (1) |
| 12/27/2017 | LMB | *Services*<br>Revise Motion in Limine as to excluding certain defense witnesses and memorandum in support thereof as received from Shania Long. | 0.30 | (.3) |
| 12/30/2017 | LMB | *Services*<br>Receipt, reviewed and saved to server Motion for Extension of Time to File Motion in Limine and proposed Order Granting same. | 0.10 | (.1) |
| 01/16/2018 | LMB | *Services*<br>Receipt and review of Defendants Motion in Limine & Memorandum in Support thereof. Also review and save to server our Motion in Limine to exclude defense witnesses and 14 exhibits including Memo in Support thereof. and Motion in Limine as to exclusion of sexual activities of sex assault victims and memo in support thereof. | 2.30 | (2.2) |
| 02/02/2018 | LMB | *Services*<br>Review JI, VF and email same to defense counsel as requested, saved new versions to file and responded to Mr. Walters email. | 0.30 | (.1) |
| 02/05/2018 | LMB | *Services*<br>Review multiple email corr from/to opp cnsl and save to server, review email corr with attached pleadings from ECF and save to server.<br>Review Pleadings folder (hard copy) to see what we need to print and have Ciara update for us. | 0.90 | |
| 02/07/2018 | LMB | *Services*<br>Assisted CTH to file ECF Doc. 179, receipt, review saved to server once filed, and reviewed entire pleading for content. Review sealed SJ Order with CTH (.30), meet with CTH regarding subpoenas needed for trial. (.1) | 1.20 | (.4) |
| 02/09/2018 | LMB | *Services*<br>Calendared post-trial deadlines for Motions needed to preserve Judgment as Matter of Law and Attys Fees. Finalized creation of all drafts trial subpoenas for wits 2, 3, 3b, 4, 5, 6, 8, 10, 12, 14, 18, 20. | 2.00 | (1.9) |
| 02/12/2018 | LMB | *Services*<br>Receipt review and save to server, ECF Docs 185-187. Receipt & review of email corr from defendants attorneys and response of P's counsel and save to server. | 0.30 | |
| 03/05/2018 | LMB | *Services*<br>Review 5ht Circuit ECF Filings, 5th Circuit Clerk's Appeal Flow Chart, and Appellate Rules of Procedure and Federal Appellate Rules of Procedure to verse myself with the Court's requirements for this appeal process. | 1.80 | (1.8) |
| 03/15/2018 | LMB | *Services*<br>Review USCA website and once actually logged in and updated Java was able to save Electronic Record on Appeal to Server for reference and use in filing briefs. | 1.90 | |
| 03/15/2018 | LMB | *Services*<br>Review CM/ECF Middle Dist and 5thUSCA Case Filings and saved to file. Review Briefing Schedule to calendar both appellant and appellee's brief due dates, review of USCA and Fed App. Rules to ensure I get these dates absolutely correct. | 0.80 | (.1) |
| 04/20/2018 | LMB | *Services*<br>Receipt review and organized to file multiple email correspondence communications between counsel yesterday. Receipt and review of the motions filed by Defs requesting to view sealed records and obtain an extension of time to file their initial brief. | 0.90 | (.5) |

**Exhibit B: Disputed Clerical Work**

| | | | | |
|---|---|---|---|---|
| 04/20/2018 | LMB | *Services*<br>Receipt and review of 5th USCA Clerk's Memo Order Granting Defendants' Motion for Extension of Time to File Initial Brief. | 0.10 | (.1) |
| 04/23/2018 | LMB | *Services*<br>Receipt and review of Memo from USCA 5th Circuit Clerk and Order of the Court Granting Defs Motion to View Sealed Portions of Record and saved all to server file. | 0.20 | (.1) |
| 04/27/2018 | LMB | *Services*<br>Prepared e-corr to defense attorney Chris Walters RE: outstanding invoice for Angela Ross deposition. | 0.10 | |
| 04/30/2018 | LMB | *Services*<br>Receipt and review of Court Notice Doc. 199 and saved to server. | 0.10 | (.1) |
| 05/15/2018 | LMB | *Services*<br>Review when Appeal briefs are due for both appellant and appellee and re-calendar due dates based on Court granting Appellant a 30 day extension. | 0.30 | |
| 05/16/2018 | LMB | *Services*<br>TC with Angela Ross RE: unpaid invoices for her depo, receipt and review of additional email from Ms. Ross attaching the invoice for her depo prep time and consultation time, forwarded to Shania and Carmen for direction on payment, prepared additional email to Delusia Womack RE: the AG's office paying their portion of the depo. | 0.70 | |
| 05/24/2018 | LMB | *Services*<br>Receipt and review of ECF Filings RE: Appellants Brief and Record Excerpts are insufficient and must be corrected to be deemed filed. Saved all to pleadings folder. | 0.80 | (.7) |
| 05/29/2018 | LMB | *Services*<br>Receipt and review and save to file Letter from Court and Order Granting Motion to File Record Excerpts Under Seal. | 0.20 | (.1) |
| 06/18/2018 | LMB | *Services*<br>Review disc of sealed documents to ensure saved to serer, briefly conferred with BP on where we stand on assisting CTH with brief deadline this week. | 0.20 | |
| 06/20/2018 | LMB | *Services*<br>Assisted CTH with ensuring laptop equipped with settings necessary for a smooth log-in to 5th Circuit Court Appeals Page to file Documents, namely our brief that is due tomorrow. | 0.30 | |
| 06/21/2018 | LMB | *Services*<br>Assisted with revisions to 5th Circuit Appellee Brief that is due today. Confer with BP on revisions and editing requirements. | 7.30 | (7.3) |
| 06/22/2018 | LMB | *Services*<br>Receipt and review of notice from 5th USCA Clerk on our brief deficiency. Confer with BP. | 0.30 | |
| 07/02/2018 | LMB | *Services*<br>Worked on revisions to Appellee's initial brief and TC to clerk 5th Circuit in connection therewith as their spelling of Def Warden's name is INCORRECT. | 0.30 | (.3) |
| 07/03/2018 | LMB | *Services*<br>TC to Delusia Womack regarding defendant warden LaMartiniere name spelling. | 0.10 | |
| 07/05/2018 | LMB | *Services*<br>TC from Delesia Womack with attorney general's office. She is no longer on the file. | 0.10 | |
| 07/05/2018 | LMB | *Services*<br>Receipt and review of notice from the 5th Circuit Clerk that our revised brief of Appellee is sufficient and our 7 paper copies are now due. Saved ECF Federal filing documents and researched if we have appropriate color paper. | 0.30 | (.2) |
| 07/05/2018 | LMB | *Services*<br>Review and saved ECF filed documents to server | 0.30 | (.2) |

**Exhibit B: Disputed Clerical Work**

| | | | | |
|---|---|---|---|---|
| 07/09/2018 | LMB | *Services*<br>Prepared 7 HARD paper copies (plus one for our files) of Appellee's Initial Brief for hand delivery to the Clerk of Court, 5th Circuit Court of Appeals. | 1.80 | |
| 07/18/2018 | LMB | *Services*<br>Research delivery of pkg sent to 5th Circuit Clerk Sabrina Short | 0.20 | |
| 07/19/2018 | LMB | *Services*<br>tracking of pkg to Sabrina Short and TC to clerk's office as well to ensure she received pkg directly. | 0.30 | |
| 07/24/2018 | LMB | *Services*<br>Receipt and review of email from Angela Ross regarding her unpaid deposition invoice and prepared email request to Shania Long to check on status and emailed Ms. Ross status update to work with Shania on this. | 0.20 | |
| 10/26/2018 | LMB | *Services*<br>Received and reviewed Angela Ross, DNA Expert outstanding consultation and deposition invoices, prepared response to Ms. Ross Regarding same. | 0.40 | |
| 12/31/2018 | LMB | *Services*<br>Receipt review and prepared reply email to expert witness Angela Ross, RE - her invoices for expert witness services and deposition taken back in August 2017 and which are still unpaid. | 0.50 | |
| 04/05/2019 | LMB | *Services*<br>Receipt and Review of Doc. 201 USCA Mandate Dismissing Appeal and Affirming lower court's Judgment. | 0.10 | (.1) |
| 04/08/2019 | LMB | *Services*<br>Receipt and review of Doc. 202 and saved to server file, created calendar entry for CTH of this newly set Status Conference in Judge's Chambers next Monday, April 15th. | 0.20 | (.1) |
| 04/15/2019 | LMB | *Services*<br>Receipt and review Federal Pleadings, R. Doc. 203 RE- Settlement Conference Order and calendared court mandated deadlines. | 0.70 | (.6) |
| 05/07/2019 | LMB | *Services*<br>Receipt and review and calendar of Court's Modified Scheduling Order. | 0.20 | |
| 07/16/2019 | KM | *Services*<br>Receipt and review of email from other counsel regarding confirmation of mediation on October 9, 2019 | 0.10 | |
| 09/27/2019 | CHA | *Services*<br>Review of Amended Scheduling Order (.3); prepare calendar entries for filing of motions in limine, responses to motions in limine, amended joint pretrial order, joint jury instructions, voir dire, submission of trial brief and issuing trial subpoenas (.4); prepare initial draft of amended joint pretrial order (.5); begin initial draft of trial checklist (.4). | 1.60 | (1.2) |
| 09/30/2019 | CHA | *Services*<br>Review of the Court's Settlement Conference Order dated July 19, 2019 (.2); prepare initial draft of correspondence to Judge Bourgeois regarding settlement correspondence exchange between the parties (.3). | 0.50 | (.5) |
| 10/01/2019 | CHA | *Services*<br>Receive and review Notice of Reset Trial and Related Deadlines (.1); update calendar entry for proposed pretrial order to November 28 (.2); revise amended pretrial order (.2). | 0.50 | (.3) |
| 10/04/2019 | CHA | *Services*<br>Confer with CTH regarding counsel settlement correspondence transmittal to judge (.1); revise fax transmittal and organize correspondence to Magistrate Judge Bourgeious (.3). | 0.40 | |
| 10/09/2019 | CHA | *Services*<br>Receive and review ORDER indicating parties were unable to reach settlement at conference held 10.09.19. | 0.10 | (.1) |

**Exhibit B: Disputed Clerical Work**

| | | | | |
|---|---|---|---|---|
| 10/22/2019 | CHA | *Services*<br>Confer with Carmen Hebert regarding discrepancy in date for filing of Amended Pretrial Order from Order (Doc. 207) to October 1, 2019 notice from the clerk (.1); telephone call with Judge deGravelles' office regarding same (.2); telephone call with Magistrate Judge Bourgeois' office regarding discrepancy (.1). | 0.40 | |
| 10/22/2019 | CHA | *Services*<br>Receive and review Order Lifting Stay. | 0.10 | (.1) |
| 10/22/2019 | CHA | *Services*<br>Review of upcoming deadlines (.2) and confer with Carmen Hebert regarding same (.1). | 0.30 | |
| 10/22/2019 | CHA | *Services*<br>Receive and review Notice of Status Conference scheduled for October 30 (.1); calendar same (.1). | 0.20 | (.2) |
| 10/30/2019 | CHA | *Services*<br>Receive and review Minute Entry regarding Status Conference held on 10.30.19 (.2); revise Trial Checklist as to schedule modifications (.2); update calendar entries regarding same (.2). | 0.60 | (.2) |
| 11/08/2019 | KM | *Services*<br>Attention to forwarding correspondence to Crystal Roberts with the Louisiana State Penitentiary Warden's Office regarding visits with Antonio Johns, Tyrone Dunbar, and Kealo Higgins | 0.10 | |
| 12/09/2019 | CHA | *Services*<br>Receipt and review of Order Granting Motion for Extension of Time to File Response to Motion in Limine to Exclude Evidence. | 0.10 | (.1) |
| 12/12/2019 | CHA | *Services*<br>Calendar February 5 trial date. | 0.10 | |
| 12/12/2019 | CHA | *Services*<br>Begin organization and bates numbering of Plaintiff's trial exhibits. | 0.50 | |
| 12/14/2019 | CHA | *Services*<br>Calendar call to Judge deGravelles' Courtroom Deputy, Kristie Causey to schedule training on court equipment (.1); review CTH calendar as to times she can attend court room technology training (.3). | 0.40 | |
| 12/16/2019 | CHA | *Services*<br>Receipt and review of Unopposed Motion to Schedule Telephone Status Conference filed by counsel for Holliday. | 0.10 | (.1) |
| 12/17/2019 | CHA | *Services*<br>Receipt and review Order setting telephone status conference for December 19 (.1); calendar same (.1). | 0.20 | (.2) |
| 12/17/2019 | CHA | *Services*<br>Telephone call to Judge deGravelles' Courtroom Deputy, Kristie Causey, to schedule training on courtroom equipment. | 0.10 | |
| 12/19/2019 | CHA | *Services*<br>Telephone to Kristie Causey to schedule training in the use of the courtroom equipment. | 0.10 | |
| 12/20/2019 | CHA | *Services*<br>Receipt and review of Court Minutes from Dec. pretrial conference as to amended deadlines (.3); update various calendar entries as revised (.5); update Trial Checklist (.3). | 1.10 | (.3) |
| 12/30/2019 | CHA | *Services*<br>Receipt and review of Minute Entry from 12.19.19 Telephone Conference. | 0.10 | (.1) |

| | | | | |
|---|---|---|---|---|
| 01/02/2020 | CHA | *Services*<br>Telephone conference with Kristie Causey, Courtroom Deputy, scheduling time to receive courtroom technology training (.2); calendar January 9 training sessions (.1). | 0.30 | |
| 01/07/2020 | CHA | *Services*<br>Receipt and review of Final Will Call Witness List filed by Defendants (.1) and Defendant's Consolidated Witness List for Trial (.1). | 0.20 | (.2) |
| 01/10/2020 | KM | *Services*<br>Receipt and review of electronic notice of filing received from Court regarding Proposed Voir Dire Questions by Tony Johnson | 0.10 | (.1) |
| 01/10/2020 | KM | *Services*<br>Telephone call to Missy at Gravel Investigations to obtain mailing address | 0.10 | |
| 01/10/2020 | KM | *Services*<br>Attention to drafting correspondence to Gravel Investigations regarding service of trial subpoena on Michael Vaughn and forwarding same | 0.10 | |
| 01/13/2020 | CHA | *Services*<br>Receipt and review of Notice of Telephone Conference with Judge deGravelles (.1); calendar January 24 telephone conference (.2). | 0.30 | (.1) |
| 01/14/2020 | CHA | *Services*<br>Receipt and review of notice converting telephone conference to oral argument set for January 24 as to Defendants' Motion in Limine (.1); update calendar entry regarding same (.1). | 0.20 | (.1) |
| 01/14/2020 | CHA | *Services*<br>Receipt and review of Motion to Enroll Evan Alvarez as Additional Counsel for Holliday. | 0.10 | (.1) |
| 01/15/2020 | CHA | *Services*<br>Receipt and review of order granting motion to enroll Alvarez as additional counsel for Holliday. | 0.10 | (.1) |
| 01/15/2020 | CHA | *Services*<br>Review of pleadings files as to motions in limine and oppositions to same (.5); organize same (.3); prepare index of Motions in Limine and binder cover for same for use at January 24 oral argument (.8). | 1.60 | (.5) |
| 01/16/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding visit to Angola to meet with witnesses and preparation of correspondence requesting same (.2); prepare correspondence to Warden's office requesting inmate visits with Eames, Graham, Higgins and Dunbar (.4). | 0.60 | |
| 01/16/2020 | CHA | *Services*<br>Receipt and review of email correspondence from Gravel Investigations confirming service on Vaughn at 3:05 p.m. 1/16/20. | 0.10 | (.1) |
| 01/16/2020 | CHA | *Services*<br>Receipt and review of Defendants' Exhibit List Filed Under Seal to Consolidated Motion in Limine. | 0.20 | (.2) |
| 01/17/2020 | CHA | *Services*<br>Receipt and review of Defendants' Opposition to Blalock Deposition Designation | 0.10 | (.1) |
| 01/17/2020 | CHA | *Services*<br>Prepare initial draft of Plaintiff's Reply to Defendants' Opposition to Blalock Deposition Designation | 0.40 | (.4) |
| 01/17/2020 | CHA | *Services*<br>Telephone call to Kristi Causey regarding scheduling a time to enter courtroom and play video exhibits as to view/volume | 0.10 | |
| 01/21/2020 | CHA | *Services*<br>Telephone call to Kristie Causey regarding bench books and upload of electronic evidence. | 0.10 | |
| 01/21/2020 | CHA | *Services*<br>Telephone call to Judge deGravelles' office regarding hand delivery of bench books (.1); prepare correspondence to Judge deGravelles enclosing plaintiff's and joint bench books for trial (.4). | 0.50 | (.4) |

| | | | | |
|---|---|---|---|---|
| 01/22/2020 | CHA | *Services*<br>Receipt and review of Order ruling on defendants' memorandum in opposition to deposition designation. | 0.20 | (.2) |
| 01/22/2020 | CHA | *Services*<br>Receipt and review of Exhibits to Combined Motion in Limine by Cain Dupont Holliday LeMartiniere. | 0.10 | (.1) |
| 01/22/2020 | KM | *Services*<br>Receipt and review of electronic notice of filing received from Court regarding Exhibits to Combined Motion in Limine by Burl Cain, Leslie Dupont, Tyler Holliday, Joseph LeMartiniere | 0.10 | (.1) |
| 01/24/2020 | CHA | *Services*<br>Review of pleadings, orders and court minute entries to date regarding changes and/or amendments to court established deadlines. | 0.70 | |
| 01/24/2020 | CHA | *Services*<br>Travel to/from federal courthouse and attend hearing on motions in limine. | 3.50 | (3.5) Defendant concedes that this time entry is legal but contests its reasonableness. (Doc. 303 at 8.) |
| 01/25/2020 | CHA | *Services*<br>Prepare correspondence to opposing counsel requesting copy of defendants' trial exhibits. | 0.10 | |
| 01/25/2020 | CHA | *Services*<br>Prepare correspondence to Kristie Causey regarding upload of trial exhibits and will need to upload new versions once the judge issues his ruling which will contain redactions. | 0.10 | |
| 01/26/2020 | CHA | *Services*<br>TRIAL PREP: print various documents for witness folders, review of discovery to plaintiff and responses to same, add discovery to Johnson's witness folder, prepare hard folders for defendants' demonstrative evidence, | 5.40 | |
| 01/28/2020 | CHA | *Services*<br>TRIAL PREP: organize Defendants' trial exhibits, create index for same and prepare trial binder; begin listen to telephone records to Tony Johnson which may be used as impeachment evidence by Defendants at trial and prepare notes to same; prepare trial subpoena for Bruce Dodd, calculate mileage to from federal courthouse and prepare witness fee and mileage check; receipt and review of email from Courtney Joiner's office attaching link to defendants' trial exhibits (.1); download exhibits and save to file (.2); receipt and review of defendants' order of transcript from January 24, 2020 motion in limine hearing. | 9.30 | (5) |
| 02/10/2020 | CHA | *Services*<br>Receipt and review of minute entry from the Court as to filing of the redacted video and redacted transcript of William Blalock's deposition (.1); burn DVD of deposition video (.2); prepare correspondence to the clerk of court filing the DVD into the record (.4); upload transcript and exhibits and file via the ECF system (.2). | 0.90 | |
| 02/10/2020 | CHA | *Services*<br>Telephone call to Kristie Causey regarding filing of redacted deposition transcript into ECF system. | 0.10 | |
| 02/11/2020 | CHA | *Services*<br>Receipt and review of the Court's Minute Entry regarding the parties' motions as to Judgment as to Rule 50 which were DENIED, the Final Jury Charge Conference, and Closing Arguments (.1); receipt and review of Minute Entry from the Court as to the final Verdict Form, Jury Deliberations, and Verdict (.1). | 0.20 | (.2) |
| 02/11/2020 | KM | *Services*<br>Receipt and review of electronic notice received from Court regarding Jury Verdict Form | 0.10 | (.1) |
| 02/12/2020 | CHA | *Services*<br>Multiple emails to/from Kristi Causey regarding items left in conference room at federal courthouse. | 0.20 | |
| 02/13/2020 | CHA | *Services*<br>Prepare hand delivery package to court reporter as to payment for trial transcript. | 0.20 | |

**Exhibit B: Disputed Clerical Work**

| | | | | |
|---|---|---|---|---|
| 02/20/2020 | CHA | *Services*<br>Receipt and review of Judgment (.1); calculate and calendar deadline to file Memorandum of Costs (.2); calculate and calendar deadline for Defendants to object to Memorandum of Costs (.2). | 0.50 | (.1) |
| 02/20/2020 | CHA | *Services*<br>Receipt and review of Order regarding placing sealed documents into public record after 30 days unless motion is filed (.1); calendar deadline to file motion as to sealed documents (.1). | 0.20 | (.1) |
| 03/13/2020 | CHA | *Services*<br>Confer with Carmen Hebert regarding payments to various court reporters as to depositions (.1); review of payments to court reporters and redact bank account numbers from checks to be attached to motion for attorney fees (.6). | 0.70 | |
| | | | Total: 78.4 | Total: 43.5 |

**User Hours Summary**

**Billing Period: 04/21/2015 - 03/23/2020**

**Matter: Johnson v. Holliday (9066-001)**

| **User** | **Hours Billed** |
|---|---|

**Exhibit B: Disputed Clerical Work**